1          The Honorable R. Martinez

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          WESTERN DISTRICT OF WASHINGTON

10          AT SEATTLE

11

12  AMAZON.COM, INC., and
    A9.COM, INC.,                           Case No.  05-01137 (RSM)

13                                          **PLAINTIFFS AMAZON.COM, INC.**
                          Plaintiffs,       **AND A9.COM, INC.'S OPPOSITION TO**
14                                          **DEFENDANTS' MOTION TO TRANSFER**
                                            **VENUE PURSUANT TO 28 U.S.C.**
15          v.                              **§ 1404(a), OR, IN THE ALTERNATIVE,**
                                            **TO DISMISS, STAY, OR TRANSFER THE**
16  CENDANT CORPORATION,                    **ACTION PURSUANT TO THE FIRST-**
    TRILEGIANT CORPORATION,                 **TO-FILE RULE**
    ORBITZ, LLC, ORBITZ, INC., BUDGET
17  RENT A CAR SYSTEM, INC., and AVIS
    RENT A CAR SYSTEM, INC.,                Noted for consideration September 16, 2005
18
                          Defendants.
19

20

21

22

23

24

25

26

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................................................. 1

STATEMENT OF FACTS ................................................................................................... 1

I.    THIS ACTION SHOULD REMAIN IN THIS
      DISTRICT PURSUANT TO 28 U.S.C. § 1404(a) ............................................. 3

      A.    Plaintiffs' Chosen Forum Should Be Afforded Substantial Deference ................. 3

      B.    Considerations of Convenience and Other
            Interests Do Not Favor Transfer to the District of Delaware ................................ 5

            1.    Transfer Would Not Promote the
                  Convenience of the Parties and Witnesses ................................................. 5

            2.    Key Non-Party Witnesses Could Not
                  Be Compelled to Testify at Trial in Delaware ........................................... 7

            3.    Transfer Will Not Promote Access to
                  Relevant Documents or Other Evidence ..................................................... 7

            4.    This Action and the Delaware
                  Action Could Not Be Feasibly Consolidated .............................................. 8

            5.    The Remaining Factors Do Not Support Transfer .................................... 10

II.   THE FIRST-TO-FILE RULE DOES NOT APPLY ....................................................... 11

CONCLUSION ..................................................................................................................... 12

OPPOSITION TO MOTION TO TRANSFER VENUE                    -i-
CASE NO. 05-01137 (RSM)

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alltrade, Inc. v. Uniweld Products, Inc.*,
  946 F.2d 622 (9th Cir. 1991), *as amended*,
  20 U.S.P.Q.2d 1698 (9th Cir. June 5, 1991) ...................................................... 12

*Asymetrix Corp. v. Lex Computer and Management Corp.*,
  1995 U.S. Dist. LEXIS 20388 (W.D. Wash. Jan. 25, 1995)...................................... 8

*Brayton Purcell, LLP v. Recordon & Recordon*,
  361 F. Supp. 2d 1135 (N.D. Cal. 2005) ............................................................ 3

*Cedars-Sinai Medical Ctr. v. Shalala*,
  125 F.3d 765 (9th Cir. 1997)........................................................................ 11

*Chrysler Capital Corp. v. Woehling*,
  663 F. Supp. 478 (D. Del. 1987).................................................................... 8

*Church of Scientology v. United States Dep't of the Army*,
   611 F.2d 738 (9th Cir. 1979)....................................................................... 11

*Decker Coal Co. v. Commonwealth Edison Co.*,
  805 F.2d 834 (9th Cir. 1986)................................................................... 4, 5, 7

*Dwyer v. General Motors Corp.*,
  853 F. Supp. 690 (S.D.N.Y. 1994) ................................................................. 6

*FUL, Inc. v. Unified Sch. Dist. Number 204*,
  839 F. Supp. 1307 (N.D. Ill. 1993) ................................................................. 7

*Google, Inc. v. American Blind & Wallpaper Factory,* Inc.,
  2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004) .................................... 12

*Gulf Oil Corp. v. Gilbert*,
  330 U.S. 501 (1947)................................................................................. 3, 7

*Hyundai Space & Aircraft Co v. The Boeing Co.*,
  1999 U.S. Dist. LEXIS 16025 (N.D. Cal. Oct. 12, 1999)...................................... 4

*In re Nat'l Presto Indus.*,
  347 F.3d 662 (7th Cir. 2003)........................................................................ 5

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000)........................................................................ 5

OPPOSITION TO MOTION TO TRANSFER VENUE       -ii-
CASE NO. 05-01137 (RSM)

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1

2

**TABLE OF AUTHORITIES**
(continued)

Page(s)

3    *Kleinerman v. Luxtron Corp.*,
4        107 F. Supp. 2d 122 (D. Mass. 2000) ...................................................................... 4

*Knits 'N' Tweeds, Inc v. Jones New York*,
5        1979 U.S. Dist. LEXIS 14868 (E.D.N.Y. Jan. 25, 1979) ...................................... 11

6    *MasterCard Int'l, Inc. v. Lexcel Solutions, Inc.*,
7        2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. June 18, 2004)..................................... 12

*Medi USA v. Jobst Inst., Inc.*,
8        791 F. Supp. 208 (N.D. Ill. 1992) ........................................................................... 7

9    *Pacesetter Systems, Inc. v. Medtronic, Inc.*,
10       678 F.2d 93 (9th Cir. 1982) ................................................................................... 11

*Pacific Car & Foundry Co. v. Pence*,
11       403 F.2d 949 (9th Cir. 1968)................................................................................... 4

12   *Piper Aircraft Co. v. Reyno*,
13       454 U.S. 235 (1981) ................................................................................................ 4

*Recoton Corp. v. Allsop, Inc.*,
14       999 F. Supp. 574 (S.D.N.Y. 1998) ....................................................................... 10

15   *Robinson Corp. v. Auto-Owners Ins. Co.*,
16       304 F. Supp. 2d 1232 (D. Haw. 2003) ............................................................ 6, 10

*Royal Queentex, Enters. v. Sara Lee Corp.*,
17       2000 U.S. Dist. LEXIS 10139 (N.D. Cal., Mar. 1, 2000) .................................. 6, 8

18   *Schnabel v. Ramsey Quantitative Systems, Inc.*,
19       322 F. Supp. 2d 505 (S.D.N.Y. 2004).................................................................... 8

*Smith v. S.E.C.*,
20       129 F.3d 356 (6th Cir. 1997)................................................................................. 11

21   *Steelcase, Inc. v. Haworth, Inc.*,
22       1996 U.S. Dist. LEXIS 20674 (C.D. Cal. May 15, 1996) ....................................... 8

*Symbol Techs., Inc. v. Intermec Techs. Corp.*,
23       2005 U.S. Dist. LEXIS 14415 (W.D. Wis., July 14, 2005) ................................. 4, 9

24   *Teknekron Software Systems, Inc. v. Cornell University*,
25       1993 U.S. Dist. LEXIS 21337 (N.D. Cal. June 14, 1993) ...................................... 8

*Van Dusen v. Barrack*,
26       376 U.S. 612 (1964).............................................................................................. 3

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Waste Distillation Tech., Inc. v. Toman,*
   775 F. Supp. 759 (D. Del. 1991) ............................................................................... 7

**STATUTES**

28 U.S.C. § 1404(a) .................................................................................................... 3

OPPOSITION TO MOTION TO TRANSFER VENUE
CASE NO. 05-01137 (RSM)

-iv-

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

**INTRODUCTION**

Defendants ask to transfer this action from this District, in which plaintiff Amazon.com, its employees, key non-party witnesses and relevant evidence are located, to the District of Delaware, a district with *no parties, no witnesses* and *no evidence* relevant to the action. The great deference that must be afforded plaintiffs' choice of forum cannot be overcome by defendants' purported desire to avoid the inconvenience of defending the action in this District, particularly where the proposed transfer would not alleviate any inconvenience but, at best, would have the effect of merely shifting it from defendants to plaintiffs.

In the alternative, defendants contend that the "first-to-file" rule justifies the dismissal or stay of this action, or its transfer to the District of Delaware, where Cendant Publishing, Inc., who is *not* a party to this action, has filed a lawsuit against Amazon.com. The first-to-file rule simply does not apply here. This action and Cendant Publishing's Delaware action are entirely different, with different parties, different witnesses, different patents, and different issues.

This action should remain in this District.

**STATEMENT OF FACTS**

On June 22, 2005, Amazon.com, Inc. ("Amazon.com") and its wholly-owned subsidiary A9.com, Inc. ("A9.com") filed this action for patent infringement against six defendants: Cendant Corporation, Trilegiant Corporation, Orbitz, LLC, Orbitz, Inc., Budget Rent A Car System, Inc., and Avis Rent A Car System, Inc. The action seeks injunctive relief and damages for defendants' infringement of four patents: U.S. Patent Nos. 5,715,399 ("the '399 patent"), 6,029,141 ("the '141 patent"), 6,629,079 ("the '079 patent"), and 6,625,609 ("the '609 patent"). Amazon.com owns the '399 patent, the '141 patent, and the '079 patent. Compl. ¶ 2. A9.com owns the '609 patent. *Id.* ¶ 3. Plaintiffs allege that each of these patents is infringed by certain of defendants' web sites and conduct relating to those web sites. Compl. ¶¶ 14, 20, 25, and 30.

Although Amazon.com is incorporated in Delaware, its headquarters are in Seattle, Washington. Declaration of Kathryn Sheehan ("Sheehan Decl."), ¶ 2. All of Amazon.com's

1  current employees with knowledge relevant to this action work at Amazon.com's offices in

2  Seattle.  These employees include Jeff Bezos, Ellen Ratajak, Robert McDade and Anne Krook,

3  each of whom is an inventor for one or more of the patents in suit, and each of whom has

4  knowledge regarding, among other things, the subject matter, conception and reduction to

5  practice of the claimed inventions.  *Id.* ¶ 5.  In addition, Amazon.com employees with

6  information relating to damages issues, including Amazon.com's financial data and sales and

7  marketing information, all work at Amazon.com's offices in Seattle.  *Id.* ¶ 3.  All of the

8  documents that may be relevant to this action, including documents concerning the development

9  of the patented inventions, financial documents, and documents relating to sales and marketing,

10  are located in Seattle.  *Id.*

11      Several of the inventors for the patents in suit are no longer employed by Amazon.com

12  but are very likely to have information relevant to this action, including knowledge of the

13  conception and reduction to practice of the claimed inventions.  These former employees include

14  Sheldon Kaphan, Thomas Schonhoff, Joel Spiegel, Maryam Mohit, and Bonnie Bouman.  *Id.* ¶ 6.

15  All of these likely non-party witnesses reside in or near Seattle.  In addition, the patent attorneys

16  who prosecuted the patents in suit, Steven Lawrenz, Maurice Pirio, and Ronald Anderson, have

17  knowledge relevant to the prosecution of the patents.  These non-party witnesses also reside in or

18  near Seattle.  *Id.* ¶ 8.

19      Like Amazon.com, plaintiff A9.com is incorporated in Delaware, but its headquarters are

20  in Palo Alto, California.  *Id.* ¶ 4.  Amazon.com assigned the '609 patent to A9.com after the

21  patent was issued.  *Id.*  For this reason, all witnesses with material information, including

22  inventors, and all documents likely to be relevant to the part of the dispute that concerns the '609

23  patent are located in Seattle.

24      Defendants propose to transfer this action to the District of Delaware.  However, none of

25  the defendants has offices in Delaware, no witnesses with relevant knowledge reside in Delaware,

26  and no documents relevant to this action are located in Delaware.  *See* Declaration of Eric J. Bock

1   Decl. ("Bock Decl."), ¶¶ 8-11.  As a justification for transfer, defendants repeatedly reference an

2   action filed by non-party Cendant Publishing, Inc. against Amazon.com in the District of

3   Delaware asserting infringement of U.S. Patent No. 6,782,370 ("the '370 patent").  Defs. Motion

4   at 1, 3, 9, 11-12; Declaration of James V. Fazio ("Fazio Decl."), Ex. A.  This Delaware action

5   names Amazon.com as the sole defendant.  Fazio Decl. ¶ 2, Ex. A.  Cendant Publishing does not

6   assert any claim against A9.com, and none of the defendants named by Amazon.com and A9.com

7   in this action is involved in the Delaware action.  Fazio Decl., Ex. A at ¶ 12; Compl. ¶¶ 4-8.  The

8   four patents at issue in this action are not part of the dispute in the Delaware action, and the single

9   patent asserted in the Delaware action is not at issue in this action.  Fazio Decl., Ex. A at ¶ 7;

10  Compl. ¶¶ 1-3.[1]

11  **I.      THIS ACTION SHOULD REMAIN IN THIS DISTRICT
            PURSUANT TO 28 U.S.C. § 1404(a)**

12

13          **A.      Plaintiffs' Chosen Forum Should Be Afforded Substantial Deference**

14          A plaintiff's choice of forum should rarely be disturbed.  *Brayton Purcell, LLP v.*

15  *Recordon & Recordon*, 361 F. Supp. 2d 1135, 1143 (N.D. Cal. 2005) (quoting *Gulf Oil Corp. v.*

16  *Gilbert*, 330 U.S. 501, 508 (1947)).  Transfer under 28 U.S.C. § 1404(a) is justified only where

17  the movant makes a clear showing that the inconvenience, burden and expense of litigating in the

18  plaintiff's chosen forum are so great that the interests of justice warrant moving the action to a

19  different forum.  28 U.S.C. § 1404(a); *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (purpose

20  of transfer is to "prevent the waste of time, energy, and money and to protect litigants, witnesses,

21  and the public against unnecessary inconvenience and expense").

22          Defendants contend that plaintiffs are not entitled to a presumption in favor of their

23  chosen forum because they have engaged in "forum shopping."  Defs. Motion at 8.  Defendants

24  fail to explain how choosing to litigate in Amazon.com's home district – a district in which

---

[1]     Defendants refer to discussions that took place between the parties before the filing of this action.  Defs. Motion
25  at 3.  Defendants' characterizations of these discussions are grossly inaccurate and violate the parties' agreement that
    the discussions would be kept confidential and not used in litigation.  In view of the parties' agreement, and the fact
26  that these discussions are irrelevant to defendants' motion, Amazon.com and A9.com decline to comment on the
    content of these discussions.

1   plaintiffs' employees with relevant knowledge and all material non-party witnesses reside – can

2   possibly constitute forum shopping or be otherwise improper.  To the contrary, the deference

3   afforded a plaintiff's choice of forum is particularly great where the plaintiff chooses its home

4   forum.  *Kleinerman v. Luxtron Corp.*, 107 F. Supp. 2d 122, 125 (D. Mass. 2000) (citing *Piper*

5   *Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981)).

6          Defendants also contend that because the majority of their infringing activities occurred

7   "in the Northeast" plaintiffs' choice of forum should be given no deference.  Defs. Motion at 8.

8   This is not the law, and none of the cases cited by defendants support this proposition.  For

9   example, in *Pacific Car & Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968), the Ninth Circuit

10  reversed the district court's denial of transfer where neither plaintiff nor defendant had

11  substantive contacts with the forum selected, stating: "If the operative facts have not occurred

12  within the forum of original selection and that forum has no particular interest in the parties or the

13  subject matter, the plaintiff's choice is entitled only to minimal consideration."  *Id.* at 954.  The

14  Court did *not* hold, as defendants claim, that if the infringing activity occurred outside of the

15  district, plaintiffs' choice of forum should be disregarded.[2]  Here, many of the events relevant to

16  this action, including conception, reduction to practice, and development of the patented

17  inventions, occurred in Washington, and this District clearly has an interest in the plaintiffs and

18  the subject matter of the dispute.

19         To overcome the presumption in favor of Amazon.com and A9.com's choice of this

20  District, defendants must show that the balance of conveniences and other considerations strongly

21  favors transfer to the District of Delaware.  *See Piper Aircraft*, 454 U.S. at 255-56; *Decker Coal*

22  *Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  The factors that are

23  _____

24  [2]   Defendants also mischaracterize *Symbol Techs., Inc. v. Intermec Techs. Corp.*, 2005 U.S. Dist. LEXIS 14415
    (W.D. Wis., July 14, 2005) and *Hyundai Space & Aircraft Co v. The Boeing Co.*, 1999 U.S. Dist. LEXIS 16025 (N.D.
    Cal., Oct. 12, 1999).  In both cases, the plaintiff, unlike Amazon.com, had no significant connection with the forum it

25  had selected.  Even so, neither court held that the plaintiff's choice of forum should be entirely disregarded.  Instead,
    *Symbol Technologies* gave nearly dispositive weight to a contractual forum selection clause which specified the
    transferee district, and *Hyundai Space & Aircraft* found that other considerations of convenience weighed heavily in

26  favor of transfer.

1    typically weighed against the plaintiff's choice of forum are:  (1) the convenience of the parties

2    and witnesses; (2) the availability of compulsory process for the attendance of non-party

3    witnesses; (3) the ease of access to documentary and other evidence; (4) the feasibility of

4    consolidation with other claims; (5) local interest in the controversy; (6) the familiarity of each

5    forum with the applicable law; and (7) the relative court congestion and time to trial in each

6    forum.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000); *Decker Coal*, 805

7    F.2d at 843.  None of these factors favors transfer to the District of Delaware.

8        **B.    Considerations of Convenience and Other**
            **Interests Do Not Favor Transfer to the District of Delaware**
9

            **1.    Transfer Would Not Promote the**
10                 **Convenience of the Parties and Witnesses**

11        When plaintiffs and defendants are in different states, there is no choice of forum that will

12    entirely avoid imposing inconvenience.  *In re Nat'l Presto Indus.*, 347 F.3d 662, 665 (7th Cir.

13    2003).  As defendants acknowledge, all of Amazon.com's employee witnesses and key non-party

14    witnesses are located in the Western District of Washington.  Defs. Motion at 6, 8.  Nevertheless,

15    they urge the Court to find that because all of the defendants are headquartered "in the

16    Northeast"[3] transfer to the District of Delaware would be the most convenient forum for "the

17    parties."  Defs. Motion at 6.

18        Given Amazon.com's location in the District and A9.com's location in California, the

19    transfer defendants propose would only switch the supposed inconvenience from defendants to

20    plaintiffs.  When the inconveniences of alternative venues are comparable, or where transfer

21    would merely shift the inconvenience from one party to another, the plaintiff's choice of forum

22    should not be disrupted.  *Decker Coal*, 805 F.2d at 843 (rejecting transfer that would "shift rather

23    than eliminate the inconvenience"); *In re Nat'l Presto Indus.*, 347 F.3d at 665 ("the tie is awarded

24    to the plaintiff"; affirming denial of transfer even where the balance of convenience somewhat

25

26    _____
      [3]    Defendants insist that the two defendants headquartered in Chicago – Orbitz, LLC and Orbitz, Inc. – are also
      located "in the Northeast."

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1   favored the movant).

2       In any event, defendants exaggerate the anticipated inconvenience of travel between their

3   headquarters and Seattle, Washington.  With the exception of attendance at trial, none of

4   defendants' witnesses will be required to travel to Seattle during the course of this proceeding.

5   Unless other arrangements are made, defendants' witnesses will be deposed in the districts in

6   which they reside, and the production of any evidence in these witnesses' possession can be

7   handled without the need for cross-country travel.  As for attendance at trial in Washington, the

8   convenience of the parties does not weigh in favor of transfer when the movant will be required to

9   travel whether the action is transferred or not.  *See Dwyer v. General Motors Corp.*, 853 F. Supp.

10  690, 693 (S.D.N.Y. 1994).  As no parties, witnesses, or evidence are located in Delaware,

11  defendants and their witnesses will need to travel whether the action proceeds in this District or in

12  Delaware.  *Id.*; *see also Royal Queentex*, *Enters. v. Sara Lee Corp.,* 2000 U.S. Dist. LEXIS

13  10139, *20-21 (N.D. Cal., Mar. 1, 2000) (denying transfer where witnesses located in New York,

14  Connecticut, Chicago, and Georgia would be inconvenienced whether they traveled to California

15  or the transferee district, North Carolina).

16      While the convenience of party witnesses is an important consideration, the convenience

17  of non-party witnesses is much more significant.  *Robinson Corp. v. Auto-Owners Ins. Co.*, 304

18  F. Supp. 2d 1232, 1243 (D. Haw. 2003) (convenience of non-party witnesses is of "paramount

19  importance"); *Royal Queentex*, 2000 U.S. Dist. LEXIS at *18-19 ("In balancing the convenience

20  of the witnesses, primary consideration is given to third-party, as opposed to employee

21  witnesses.").  Defendants have not identified a single non-party witness with relevant information

22  for whom this District is inconvenient.  On the other hand, plaintiffs have identified seven non-

23  party witnesses – inventors and the attorneys who prosecuted the patents in suit – who are located

24  in or near Seattle, Washington and for whom this District is substantially more convenient than

25  the District of Delaware.

26      The convenience of party and non-party witnesses clearly favors this District.

OPPOSITION TO MOTION TO TRANSFER VENUE     -6-
CASE NO. 05-01137 (RSM)

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**2.      Key Non-Party Witnesses Could Not
Be Compelled to Testify at Trial in Delaware**

Defendants admit that no witnesses, party or non-party, reside in Delaware.  If this action

were transferred to the District of Delaware, plaintiffs would lose the ability to compel the

attendance of potentially critical non-party witnesses, including former employees who currently

reside in Washington.  As live testimony at trial is preferred, the availability of compulsory

process in this District weighs heavily in favor of keeping the action here.  *See Gulf Oil*, 330 U.S.

at 511 ("[c]ertainly to fix the place of trial at a point where litigants cannot compel personal

attendance and may be forced to try their cases on deposition, is to create a condition not

satisfactory to court, jury or most litigants"); *FUL, Inc. v. Unified Sch. Dist. Number 204*, 839 F.

Supp. 1307, 1312 (N.D. Ill. 1993).

**3.      Transfer Will Not Promote Access to
Relevant Documents or Other Evidence**

Defendants argue that this case should be tried at its "center of gravity," which they

contend is where infringement occurred – *i.e.*, "in the Northeast."  This argument contributes

nothing to the transfer analysis.  It merely repackages defendants' prior argument that their party

witnesses are closer to Delaware than to Washington.  Defendants point to no documents or other

evidence located outside of Washington that could not be made available for use at trial in this

District.

To the extent patent infringement cases can be said to have a "center of gravity,"[4]

consideration of the sources of evidence must include not only infringing conduct, but also claim

construction, validity, enforceability, and damages.  *See Decker Coal*, 805 F.2d at 843

(considering location of evidence regarding both liability and damages); *Asymetrix Corp. v. Lex*

---

[4]      Courts have questioned whether the "center of gravity" concept is useful in patent infringement cases.  *See Medi USA v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992) (finding that "the material events of a patent infringement case do not revolve around any particular situs.").  Patent infringement is determined by comparing the accused device or process with the claims and "[t]his determination does not particularly involve any significant location."  *Id.*; *see also Waste Distillation Tech., Inc. v. Toman*, 775 F. Supp. 759, 766-67 (D. Del. 1991) (finding no center of gravity where relevant acts did not occur solely in one place, and witnesses and documents are located in different states).

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1  *Computer and Management Corp.*, 1995 U.S. Dist. LEXIS 20388, *11-12 (W.D. Wash. Jan. 25,

2  1995) (considering the location of the inventors as well as alleged infringing conduct). Some of

3  the documents and things relevant to this action are physically located in Washington and

4  California; others are located in the various states where defendants are headquartered.[5]

5      The two unpublished cases on which defendants rely for their "center of gravity" thesis,

6  *Teknekron Software Systems, Inc. v. Cornell University*, 1993 U.S. Dist. LEXIS 21337 (N.D. Cal.

7  June 14, 1993), and *Steelcase, Inc. v. Haworth, Inc.,* 1996 U.S. Dist. LEXIS 20674 (C.D. Cal.

8  May 15, 1996), do not support transfer here. In *Teknekron*, many factors apart from the location

9  of the infringing conduct led the court to conclude transfer was appropriate, including the location

10  of non-party witnesses in the transferee district. In *Steelcase*, the court found transfer warranted

11  because *all* operative events, including development of the claimed invention, occurred in the

12  transferee district and both parties were headquartered there.

13      In any event, the fact that defendants' infringing activity took place outside this District

14  hardly supports a transfer to *Delaware*, where none of the infringing websites were designed,

15  developed, operated, or managed, and where no relevant documents or other evidence can be

16  found. Bock Decl., ¶¶ 5-11. This factor does not support transfer.

17              **4.    This Action and the Delaware Action Could Not Be Feasibly Consolidated**

18      If judicial economy will be promoted by consolidation of an action with a related action

19  pending in the proposed transferee district, a court may consider the feasibility of consolidation as

20  part of its transfer analysis. *Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478, 483 (D. Del.

21  1987). Although defendants do not argue for consolidation, they contend that Cendant

22  Publishing's action against Amazon.com in the District of Delaware is so similar to this action that

23  transfer is justified. Defs. Motion at 8-10. In fact, the only relationship between this action and

24  _____

25  [5]    Given modern communication and duplication technology, the location of relevant documents and things should be given little weight. *Schnabel v. Ramsey Quantitative Systems, Inc.*, 322 F. Supp. 2d 505, 518 (S.D.N.Y. 2004). "Absent other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion to transfer." *Royal Queentex*, 200 U.S. Dist LEXIS 10139 at *21-22 (citations omitted) (noting that

26  transfer would simply shift the inconvenience of shipping documents).

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1   the Delaware action is that Amazon.com is a party in both cases.  The two cases involve different

2   patents, different witnesses, different documents, different technologies, and different issues.

3          Amazon.com's '339 patent discloses a means of communicating credit card numbers over

4   a non-secure network.  Its '141 patent claims a customer referral system that includes a means for

5   paying commissions on referred transactions.  Its '079 patent discloses a system for conducting

6   electronic commerce using multiple electronic shopping carts.  A9.com's '609 patent discloses a

7   system for navigating within a body of data that allows users to browse different subsets of the

8   data.  On the other hand, Cendant Publishing's '370 patent discloses a method of recommending

9   goods or services to potential customers based on the purchasing histories of other customers.

10  Plaintiffs' patents have nothing to do with purchasing recommendations, and Cendant

11  Publishing's patent has nothing to do with credit card information, customer referrals and

12  commissions, electronic shopping carts, or navigation among sets of data.

13         Defendants have identified no overlap between the two actions in the areas of claim

14  construction, validity, enforceability, infringement, remedies, or any other substantive issues.

15  Defendants point to no documents that will be relevant in both actions.  Cendant Publishing is not

16  a party to this action, and none of the defendants in this case is involved in the Delaware action.

17  Any overlap in witnesses will be limited, at most, to Amazon.com witnesses with sales or

18  financial information relevant to both actions.  Defendants' conclusory assertions

19  notwithstanding,[6] there is no reason to believe that any of defendants' fact witnesses in this action

20  will have information relevant to Cendant Publishing's action in Delaware.

21         Defendants argue that the patent at issue in the Delaware action is "similar" to the patents

22  at issue here because they all involve "transacting electronic commerce over the Internet."  Defs.

23  Motion at 12; *see also id.* at 9.  This degree of similarity is meaningless.  *Cf. Symbol Technologies,*

24  *Inc. v. Intermec Technologies Corp.*, 2005 U.S. Dist. LEXIS 14415 at *3-4 (S.D. Wis. July 14,

---

[6]    Defendants claim, without any support or explanation, that "the same witnesses" will testify in this action and in
the Delaware action regarding issues of validity and infringement.  Defs. Motion at 9:21-25.  This is highly unlikely,
as the two actions involve different parties, different patents, different inventors and different activities that are
alleged to infringe.

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1    2005) (observing that "a car radio's technology is wholly different from a car engine's technology,

2    notwithstanding the fact that they are both used in a car").[7]

3         Given the dissimilarity between the cases, no judicial efficiencies would be achieved by

4    consolidating this action and Cendant Publishing's Delaware action or by transferring this action

5    to Delaware.

6              **5.      The Remaining Factors Do Not Support Transfer**

7         Defendants give only abbreviated consideration to the remaining factors in the transfer

8    analysis. They claim that Delaware's interest in this action is "compelling" because all parties are

9    incorporated there; they claim that the District of Delaware has "considerable experience" in

10   patent cases, implying that this District does not; and they claim that the District of Delaware is

11   "less congested" than this District. Defs. Motion at 10.

12        There is no support for defendants' position. Delaware does not have a greater interest in

13   this case simply because the parties are Delaware corporations. *See Robinson Corp.*, 304 F.

14   Supp. 2d at 1244 (transfer not favored where communities had comparable interests and claims

15   were not local in nature). In addition, all federal district courts are assumed to be equally familiar

16   with patent law, *Recoton Corp. v. Allsop, Inc.*, 999 F. Supp. 574, 578 (S.D.N.Y. 1998), and

17   defendants cite nothing to support what they imply is Delaware's superior expertise. Finally, the

18   data available from the Administrative Office of the United States Courts shows that the median

19   time to trial in this District is actually *less* than in the District of Delaware, a statistic that supports

20   keeping the action here. Declaration of Wendy Bjerknes ¶ 2, Ex. A.

21        Defendants argue that "equitable considerations" support transfer because Amazon.com

22   filed this action "in direct response to" Cendant Publishing's Delaware action "as a purely

23   defensive measure." Defs. Motion at 10. Defendants do not explain what "equitable

24   considerations" are relevant to the transfer analysis, nor do they explain how Amazon.com's

---

[7]    The cases defendants cite are distinguishable. *Advanced Semiconductor* involved two cases that arose out of the
25   same development program; *Baird* involved two cases with "verbatim" claims; *MasterCard* involved a patent
     infringement case and a declaratory judgment action based on "nearly identical" facts; and *IBM Credit Corp.* involved
26   two cases that arose from the same agreements between the same parties.

PRESTON GATES & ELLIS, LLP
925 FOURTH AVE., SUITE 2900
SEATTLE, WASHINGTON 98104-1158
Ph: 206.623.7580; Fax: 206.623.7022

1   timing or the "defensive" nature of its strategy has produced any inequities. The only support

2   defendants cite for their "equitable considerations" position is *Knits 'N' Tweeds, Inc v. Jones New*

3   *York*, 1979 U.S. Dist. LEXIS 14868 (E.D.N.Y. Jan. 25, 1979), a decision that has nothing to do

4   with the circumstances of this case. In *Knits 'N' Tweeds*, the district court considered two cases

5   that were based on the same set of facts and involved the same parties. The court found that the

6   plaintiff in the first filed action had improperly "anticipated" the second filed action – *i.e.*, the

7   plaintiff had filed first in effort to preempt a suit it knew the defendant was prepared to file on the

8   same facts in a different forum. In these circumstances, the district court found transfer of the first

9   filed action appropriate to avoid unfairly prejudicing the defendant. *Id.* at *2-3.

10      Here, Amazon.com and A9.com have "anticipated" nothing. This action was filed *after*

11  Cendant Publishing's Delaware action and asserts entirely different claims against entirely

12  different parties. There are no "equitable considerations" to support transfer to Delaware.

13  **II.    THE FIRST-TO-FILE RULE DOES NOT APPLY**

14      When duplicative lawsuits are pending in separate courts, the "first-to-file" rule provides

15  that the entire dispute may be decided by the court in which an action was first filed. *See*

16  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95-96 (9th Cir. 1982); *Smith v. S.E.C.*,

17  129 F.3d 356, 361 (6th Cir. 1997). Duplicative lawsuits are those in which the parties and issues

18  are so similar that a determination in one action would leave little or nothing to be determined in

19  the other. *Smith*, 129 F.3d at 361; *Cedars-Sinai Medical Ctr. v. Shalala*, 125 F.3d 765, 769 (9th

20  Cir. 1997); *Church of Scientology v. United States Dep't of the Army,* 611 F.2d 738, 750 (9th Cir.

21  1979). Typically, the first-to-file rule applies where one action is the mirror image of the other –

22  for example, where one party sues for infringement of a patent and the other party sues for a

23  declaration of invalidity and non-infringement of the same patent. *See, e.g., Pacesetter Systems,*

24  678 F.2d at 95-96; *see also Church of Scientology*, 611 F.2d at 750 (rule promotes efficiency).

25      Defendants argue that this action should be dismissed, stayed or transferred because

26  Cendant Publishing filed a "similar" action in Delaware two days before Amazon.com and

1   A9.com filed this action here.  Defs. Motion at 11-12.  However, as demonstrated above, there is

2   nothing "similar" about these two actions.  A determination of the merits in one action would

3   have absolutely no bearing on a determination of the merits in the other action.  The first-to-file

4   rule simply does not apply here.  *See Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625

5   n.13 (9th Cir. 1991) ("[I]f the issues or parties involved in the two suits were not the same,

6   adherence to the first-to-file rule *would* be reversible error for it would constitute a misapplication

7   of the law."), *as amended,* 20 U.S.P.Q.2d 1698 (9th Cir. June 5, 1991).[8]

8                                              **CONCLUSION**

9           For the foregoing reasons, the Court should deny defendants' motion to transfer based on

10  convenience and motion to dismiss, stay, or transfer this action pursuant to the first-to-file rule.

11

12  Dated:  September 12, 2005

13                                              s/David T. McDonald_____
                                                David T. McDonald, WSBA # 5260
14                                              PRESTON GATES & ELLIS, LLP
                                                925 Fourth Avenue, Suite 2900
15                                              Seattle, WA  98104
                                                Ph: (206) 623-7580; Fax: (206) 623-7022
16
                                                Lynn H. Pasahow (appearing *pro hac vice*)
17                                              J. David Hadden (appearing *pro hac vice*)
                                                FENWICK & WEST LLP
18                                              801 California Street,
                                                Mountain View, CA  94041
19                                              Ph: (650) 988-8500; Fax: (650) 938-5200

20                                              Attorneys for Plaintiffs
                                                AMAZON.COM, INC. and A9.COM, INC.
21

22  _____
    [8]     The two unpublished decisions defendants cite do not support a contrary result.  In *Google, Inc. v. American
23  Blind & Wallpaper Factory,* Inc., 2004 U.S. Dist. LEXIS 27601 (N.D. Cal. April 8, 2004), Google filed first seeking a
    declaratory judgment that its advertising program did not constitute trademark infringement.  A few months later, the
24  defendant in the first action sued Google and five Internet Service Providers that used Google's search engine and
    advertising program at issue.  The district court found that the liability of the additional parties *depended entirely* on
    whether Google's advertising program infringed the original defendant's trademarks and held that the first-to-file rule
25  could apply to bar the second action from proceeding.  *Id.* at *12-13.  In *MasterCard Int'l, Inc. v. Lexcel Solutions,*
    *Inc.*, 2004 U.S. Dist. LEXIS 10906 (S.D.N.Y. June 18, 2004), the district court found that, although the causes of
26  action asserted in the first and second actions were different, because both cases involved *identical* parties, *identical*
    technology, and *identical* facts, the first-to-file rule could apply.  *Id.* at *24-25.