1

2

3 The Honorable R. Martinez

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. and A9.COM, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CENDANT CORPORATION; TRILEGIANT CORPORATION; ORBITZ, LLC; ORBITZ, INC.; BUDGET RENT A CAR SYSTEM, INC.; AND AVIS RENT A CAR SYSTEM, INC., <br><br> Defendants. | CASE NO. CV-05-1137 (RSM) <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a) OR, IN THE ALTERNATIVE, TO DISMISS, STAY OR TRANSFER THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE** <br><br> **[ORAL ARGUMENT REQUESTED]** <br><br> NOTE ON MOTION CALENDAR: <br><br> September 16, 2005 |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1

**TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION ..................................................................................................... 1

4   II.   THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
          DELAWARE UNDER 28 U.S.C. § 1404(A) ......................................................... 1

5         A.    Transfer of This Related Action To The District of Delaware Would
                Promote Judicial Economy ......................................................................... 1

6         B.    The Private and Public Interest Factors Strongly Weigh In Favor of
7               Transfer ....................................................................................................... 3

          C.    The Public Interest Factors And Other Considerations Also Favor Transfer
8               to Delaware ................................................................................................. 5

9   III.  THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO
          THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE ..................... 6

10  IV.   CONCLUSION ......................................................................................................... 6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -i-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

## TABLE OF AUTHORITIES

**Page**

### CASES

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622, 628 (9th Cir. 1991)..................................................................................4

*AMP Inc. v. Burndy of Midwest, Inc.*,
    340 F. Supp. 21, 25 (N.D.Ill. 1971) ...............................................................................4

*AT&T Co. v. MCI Communications Corp.*,
    736 F. Supp. 1294, 1307 (D.N.J. 1990) .....................................................................2, 3

*Ballard Medical Prod. v. Concord Labs.*,
    700 F. Supp. 796, 801 (D.Del. 1988) .............................................................................2

*Capitol Records, Inc. v. Optical Recording Corp.*,
    810 F. Supp. 1350, 1354 (S.D.N.Y. 1992).....................................................................5

*Datex-Ohmeda, Inc. v. Hill-Rom Services, Inc.*,
    185 F. Supp.2d 407, 412 (D.Del. 2002).........................................................................5

*E.I. du Pont de Nemours Co. v. Diamond Shamrock Corp.*,
    522 F. Supp. 588, 591 (D.Del. 1981).............................................................................4

*Google, Inc. v. Am. Blind & Wallpaper Factory, Inc.*,
    2004 U.S.Dist. LEXIS 27601, at *12 (N.D.Cal. Apr. 8, 2004) .....................................6

*Italian Colors Restaurant, et al. v. American Express Co.*,
    2003 U.S.Dist. LEXIS 20338, at *11 (N.D.Cal. Nov. 10, 2003)...................................4

*Laitram Corp. v. Morehouse*,
    31 U.S.P.Q.2d 1697, 1700 (E.D.La. 1994) ...................................................................4

*Mastercard Int'l. Inc. v. Lexcel Solutions, Inc.*,
    2004 U.S.Dist. LEXIS 10906, at *24 (S.D.N.Y. Jun. 18, 2004)....................................6

*Medi USA, L.P. v. Jobst Institute, Inc.*,
    791 F. Supp. 208, 210 (N.D.Ill. 1992) ...........................................................................4

*NCUBE v. Seachange Int'l, Inc.*,
    313 F. Supp. 2d 361 (D.Del. 2004) ................................................................................5

*Phillips v. AWH Corp.*,
    415 F.3d 1303 (Fed.Cir. 2005).......................................................................................5

*Pinpoint, Inc. v. Amazon.com*,
    2003 WL 22175514, at *3 (N.D. Ill. Sep. 19, 2003)......................................................4

*Quantel Ltd. v. Adobe Systems Inc.*,
    1996 U.S.Dist. LEXIS 21651, at *4-5 (D.Del. Dec. 12, 1996)......................................5

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page**

3

*Regents of the Univ. of Calif. v. Eli Lilly & Co.,*

4

    119 F.3d 1559, 1565 (Fed.Cir. 1997)............................................................................. 3

*Ricoh Co., Ltd. v. Honeywell, Inc.,*

5

    817 F. Supp. 473, 481 (D.N.J. 1993) ......................................................................... 5

6

*Syngenta Seeds, Inc. v. Monsanto Co.,*

7

    2005 WL 678855, at *3 (D.Del. Mar. 24, 2005).......................................................... 3

8

## STATUTES

9

28 U.S.C. § 1404(a) ......................................................................................................1, 4, 6, 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137
SAN/121532.3

-iii-

**PAUL, HASTINGS, JANOFSKY & WALKER**
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1   **I.    INTRODUCTION**

2        Throughout their opposition, plaintiffs discount the related litigation involving

3   "substantially the same parties" and related technology pending in the District of Delaware.

4   Declaration of James V. Fazio ("Fazio Decl."), Ex. C. Plaintiffs claim that the similarities are

5   "meaningless," but that is wishful thinking on their part. Both actions involve similar claims for

6   the infringement of patents related to transacting electronic commerce over the Internet and

7   bringing Internet shoppers closer to products they might be interested in buying. Because related

8   litigation involving related technology is pending in Delaware, this action should be transferred to

9   Delaware in the interests of judicial economy.

10       Plaintiffs argue that transfer to Delaware would be inconvenient for some non-party

11  witnesses. But most of those witnesses are inventors of Amazon's patents, and plaintiffs have

12  made no showing that they would be unwilling to testify voluntarily. Regardless, the fact remains

13  that the District of Delaware is far more convenient than this District for all six defendants (who

14  outnumber plaintiffs six to two).

15       Plaintiffs claim that filing suit in their home state can hardly be called forum shopping,

16  but when plaintiffs have admitted that this related action was filed in "direct response" to the

17  first-filed Delaware lawsuit, that is forum shopping. At bottom, no amount of legal legerdemain

18  can alter the conclusion that this action should be transferred to the District of Delaware where

19  related litigation involving related technology is already pending.

20  **II.   THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF
         DELAWARE UNDER 28 U.S.C. § 1404(a)**
21
         **A.    Transfer of This Related Action To The District of Delaware Would Promote
22              Judicial Economy**

23       Amazon admitted to the public that this action is "purely a defensive measure" that was

24  "filed in direct response to Cendant's refiling of their patent infringement suit" in Delaware.

25  Fazio Decl., Ex. C. Plaintiffs also confess that the Delaware action and this action involve

26  "substantially the same parties." Fazio Decl., Ex. B. To conserve judicial resources and to

27  promote the efficient resolution of this dispute, this retaliatory and related action should be

28  transferred to the District of Delaware where it belongs. *Ballard Medical Prod. v. Concord*

REPLY I/S/O DEFENDANTS' MOTION TO                          PAUL, HASTINGS, JANOFSKY & WALKER
TRANSFER VENUE - Case No. CV-05-1137          -1-                3579 VALLEY CENTER DRIVE
SAN/121532.3                                                      SAN DIEGO, CA 92130

1   *Labs.*, 700 F. Supp. 796, 801 (D.Del. 1988) (transferring case to district where related action was

2   pending); *AT&T Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1307 (D.N.J. 1990)

3   (same).

4           Plaintiffs contend that the similarity between the two actions is "meaningless," but that is

5   inaccurate.  Both actions involve claims for patent infringement arising out of the operation of

6   online marketplaces, and both actions involve requests for damages and injunctive relief.  *See*

7   *AT&T*, 736 F. Supp. at 1307 (noting that the action to be transferred involved similar claims and

8   requested remedies as the first-filed action).  Further, both actions involve related technologies.

9   The '141 Patent (at issue in this case) discloses methods for merchants to "efficiently market and

10  sell goods "using the websites of others to "disseminate . . . **recommendations** on specific

11  products."  Complaint, Ex. 2 at 1:50-61 (emphasis added).  The customer can then use a "product-

12  specific hyperlink" to purchase that **recommended** product.  *Id.* at 1:62-66 (emphasis added).

13  Likewise, the '370 Patent (at issue in Delaware) discloses a method for on-line merchants to

14  market goods and services on the Internet by supplying "**recommendations** . . . to the user in the

15  form of a hypertext [link]," allowing customers to purchase that **recommended** product.  Fazio

16  Decl., Ex. D at 3:24-28 (emphasis added).

17          The '370 Patent is also related to the '609 Patent in that both patents disclose methods for

18  bringing Internet customers closer to products they may be interested in purchasing.  The '609

19  Patent enables a customer with a "special interest in a particular kind of data" to use a "browse

20  graph that features that data [e.g., product information] more prominently."  Complaint, Ex. 4 at

21  2:46-49.  This feature is provided by creating browse graphs "associated . . . with groups of users

22  having particular . . . **buying patterns**."  *Id.* at 5:9-13 (emphasis added).  Along the same lines,

23  the '370 Patent discloses a method of recommending goods and/or services to potential customers

24  "based on a particular good or service selected by the user and previous customer **buying**

25  **history**."  Fazio Decl., Ex. D at 1:47-48 (emphasis added).[1]

---

26  [1] The claim language in plaintiffs and defendants' patents is also related:  (1) "computer readable medium" ('370 Patent, claim 16 and '609 Patent, claim 18); (2) "customer buying history ('370
27  Patent, claim 1) and "buying preferences" and "buying patterns" ('609 Patent, claims 24 & 29); and (3) "recommendation of goods and/or services to potential customers . . . based on customer
28  buying history" ('370 Patent, claim 1) and "presenting to the user a recommendation for items

REPLY I/S/O DEFENDANTS' MOTION TO                          PAUL, HASTINGS, JANOFSKY & WALKER
TRANSFER VENUE - Case No. CV-05-1137        -2-            3579 VALLEY CENTER DRIVE
SAN/121532.3                                               SAN DIEGO, CA 92130

1           Plaintiffs next claim that the two actions are not sufficiently similar to warrant

2    consolidating them, but plaintiffs are wrong. To conserve judicial resources, courts have

3    consolidated actions sharing far fewer similarities than are presented here. *See Syngenta Seeds,*

4    *Inc. v. Monsanto Co.,* 2005 WL 678855, at *3 (D.Del. Mar. 24, 2005) (consolidating plaintiff's

5    antitrust lawsuit with defendant's first-filed patent infringement case despite "minimal factual

6    overlap").[2] If courts have consolidated cases sharing so few similarities, certainly this Court can

7    take the lesser step of simply transferring this action to Delaware.

8           In short, even if the balance of convenience and other factors are "near equipoise," the fact

9    that the two actions involve related technologies is alone sufficient to warrant transfer of this

10   action to Delaware. *AT&T*, 736 F. Supp. at 1307 (D.N.J. 1990). *See also Regents of the Univ. of*

11   *Calif. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir. 1997) ("Consideration of the interests of

12   justice, which includes judicial economy may be determinative to a particular transfer motion,

13   even if the convenience of the parties and witnesses might call for a different result") (internal

14   quotations and citation omitted).

15       **B.**    **The Private and Public Interest Factors Strongly Weigh In Favor of Transfer**

16          Plaintiffs argue that this action should not be transferred to Delaware because it will not

17   eliminate any inconvenience, but only shift the inconvenience from defendants to plaintiffs.

18   Plaintiffs miss the point. While plaintiffs' employees may primarily be located in this District,

19   the fact remains that Delaware is a more convenient forum than this District for all six defendants

20   (who outnumber plaintiffs six to two). Thus, transfer to Delaware would be more convenient for

21   most of the parties and their witnesses.

22          Plaintiffs next argue that transfer to Delaware would be inconvenient for some non-party

23   witnesses, but most of those supposedly "unavailable" witnesses are former employees and the

24   inventors of Amazon's patents. Plaintiffs make no showing that they would not be willing to

25   testify voluntarily. Further, the facts to which these inventors would testify would be largely

26   cumulative of testimony that could be offered by the inventors who are still employed by

27   _____

based on items previously selected" ('079 Patent, claim 9).

28   [2] For the Court's convenience, copies of cases published in unofficial reporters and not previously submitted are attached to the Reply Declaration of James V. Fazio filed concurrently herewith.

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137      -3-
SAN/121532.3

**PAUL, HASTINGS, JANOFSKY & WALKER**
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1 Amazon.[3] Under such circumstances, the alleged "unavailability" of these non-party witnesses is

2 not problematic. *See Pinpoint, Inc. v. Amazon.com*, 2003 WL 22175514, at *3 (N.D. Ill. Sep. 19,

3 2003) (observing that Amazon failed to provide evidence that former employees' testimony was

4 not cumulative and would not be provided voluntarily), *vacated on other grounds*, 347 F. Supp.

5 2d 579 (N.D.Ill. 2004).

6        Plaintiffs also contend that their choice of forum should not be disturbed, particularly

7 when they have chosen their home state in which to litigate. But the preference for honoring a

8 plaintiff's choice of forum is just that—a preference; it is not a right. *E.I. du Pont de Nemours*

9 *Co. v. Diamond Shamrock Corp.*, 522 F. Supp. 588, 591 (D.Del. 1981) (declining to honor

10 plaintiff's choice of forum because to do so would "needlessly engage two courts in the

11 simultaneous management" of similar issues). *See also Medi USA, L.P. v. Jobst Institute, Inc.*,

12 791 F. Supp. 208, 210 (N.D.Ill. 1992) (recognizing that a plaintiff's choice of forum is not usually

13 a dominant factor and has diminished in significance since the enactment of § 1404(a)). Further,

14 when the plaintiff's choice of forum is the result of forum-shopping, it is entitled to little, if any,

15 weight. *Italian Colors Restaurant, et al. v. American Express Co.*, 2003 U.S.Dist. LEXIS 20338,

16 at *11 (N.D.Cal. Nov. 10, 2003) (citing *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622,

17 628 (9th Cir. 1991)). Plaintiffs claim that filing suit in their home state can hardly be called

18 forum shopping, but when plaintiffs have admitted that this related action was filed in "direct

19 response" to the first-filed Delaware lawsuit, that is forum shopping.

20        Plaintiffs also argue that defendants mistakenly focus on where the infringing acts took

21 place, when the conception of the inventions and their reduction to practice all took place in this

22 District. But plaintiffs make too much of their home cooking. The "preferred forum" in patent

23 infringement cases is where the "center of gravity of the accused activity" is located. *Laitram*

24 *Corp. v. Morehouse*, 31 U.S.P.Q.2d 1697, 1700 (E.D.La. 1994). *See also AMP Inc. v. Burndy of*

25 *Midwest, Inc.*, 340 F. Supp. 21, 25 (N.D.Ill. 1971) ("[t]he trier of fact ought to be as close as

26 

27 [3] For example, Jeffrey Bezos and Ellen Ratajak can testify regarding the '141 patent even though inventors Sheldon Kaphan and Thomas Schonhoff are no longer employed by Amazon.

28 Likewise, inventors Robert McDade and Anne Krook can testify regarding that the '609 patent even though Bonnie Bouman is no longer employed by Amazon.

REPLY I/S/O DEFENDANTS' MOTION TO TRANSFER VENUE - Case No. CV-05-1137    -4-    SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER 3579 VALLEY CENTER DRIVE SAN DIEGO, CA 92130

1    possible to the milieu of the infringing device and the hub of activity centered around its

2    production"). Indeed, a plaintiff's choice of forum may be disregarded when the "central facts"

3    occurred outside that forum. *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 (D.N.J.

4    1993). Because most of the accused websites are operated in the Northeast, the "center of

5    gravity" in this case is much closer to Delaware than this District.

6        Accordingly, the convenience and other private interest factors favor transfer to Delaware.

7    **C.    The Public Interest Factors And Other Considerations Also Favor Transfer
            to Delaware**
8

9        All parties to this action are Delaware corporations, and the District of Delaware has a

10   compelling interest in resolving disputes between Delaware corporations. *Datex-Ohmeda, Inc. v.*

11   *Hill-Rom Services, Inc.*, 185 F. Supp.2d 407, 412 (D.Del. 2002). Plaintiffs claim that all federal

12   courts are presumed to be equally familiar with applicable law. While defendants do not imply

13   that this District is unfamiliar with patent law, the fact remains that Delaware has "considerable

14   experience with patent cases." *Quantel Ltd. v. Adobe Systems Inc.*, 1996 U.S.Dist. LEXIS 21651,

15   at *4-5 (D.Del. Dec. 12, 1996). Indeed, Judge Joseph Farnan, Jr. (who is assigned to the

16   Delaware action) has handled countless patent cases and recently presided over a complex patent

17   infringement trial. *See NCUBE v. Seachange Int'l, Inc.*, 313 F. Supp. 2d 361 (D.Del. 2004).

18       Transferring this action to the District of Delaware would also conserve judicial resources

19   because then only one judge would have to "be educated on the technology in general and the

20   particular patents-in-suit." *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350,

21   1354 (S.D.N.Y. 1992). This conservation of judicial resources is particularly significant in light

22   of the Federal Circuit's recent opinion in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed.Cir. 2005).

23   There, the Court disapproved of the more straightforward dictionary approach to claim

24   construction in favor of an unrestrained approach in which the court is not barred from

25   considering any particular sources in interpreting patent claims, as long as they are not used to

26   contradict unambiguous claim language. *Id.* at 1324. Now that courts are encouraged to follow a

27   more liberal approach to claim construction, it makes sense for only one judge to construe the

28   parties' patent claims so that there is no risk of any inconsistent interpretations by another court.

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137          -5-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

1    Finally, because the claims and parties in both actions are substantially similar, this action

2    is more likely to settle as part of a global settlement with the Delaware action. That prospect

3    would presumably be enhanced by the transfer of this action to the District of Delaware. Indeed,

4    Delaware has a magistrate judge charged with facilitating the settlement of cases. If both cases

5    and all patents are considered for settlement purposes at the same time by the same magistrate

6    judge, and if both cases share a coordinated discovery and trial schedule, settlement discussions

7    in both actions can be facilitated.

8    For all of these reasons, this case should be transferred to the District of Delaware.

9    **III.    THIS ACTION SHOULD BE DISMISSED, STAYED OR TRANSFERRED TO**
10    **THE DISTRICT OF DELAWARE UNDER THE FIRST-TO-FILE RULE**

11    Plaintiffs argue that the first-to-file rule only applies where "one action is the mirror

12    image of the other," but that is simply false. It is well established that neither the parties nor the

13    issues in the two actions need to be identical in order to invoke the first-to-file rule as long as the

14    two actions share "overlapping factual and legal issues." *Mastercard Int'l. Inc. v. Lexcel*

15    *Solutions, Inc.*, 2004 U.S.Dist. LEXIS 10906, at *24 (S.D.N.Y. Jun. 18, 2004); *Google, Inc. v.*

16    *Am. Blind & Wallpaper Factory, Inc.*, 2004 U.S.Dist. LEXIS 27601, at *12 (N.D.Cal. Apr. 8,

17    2004). Accordingly, if this Court does not transfer this action under § 1404(a), this action should

18    be dismissed, stayed or transferred to Delaware under the first-to-file rule.

19    **IV.    CONCLUSION**

20    For the foregoing reasons, defendants respectfully request that this Court either

21    (1) transfer this action to the District of Delaware pursuant to 28 U.S.C. § 1404(a); or (2) dismiss,

22    stay, or transfer this action to the District of Delaware pursuant to the first-to-file rule.

23

24

25

26

27

28

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137         -6-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130

DATED:  September 16, 2005       By: _____
                                      DOUGLAS E. OLSON
                                      STEPHEN S. KORNICZKY
                                      JAMES V. FAZIO, III
                                      PAUL HASTINGS JANOFSKY & WALKER LLP

                                      Attorneys for Defendants
                                      CENDANT CORPORATION; TRILEGIANT
                                      CORPORATION; ORBITZ, LLC; ORBITZ, INC.;
                                      BUDGET RENT A CAR SYSTEM, INC.; AND AVIS
                                      RENT A CAR SYSTEM, INC.
                                      *Admitted Pro Hac Vice*

                                      And

                                      K. Michael Fandel
                                      WSBA# 16281
                                      Graham & Dunn PC
                                      2801 Alaskan Way, Suite 300
                                      Seattle, WA 98121
                                      Email: mfandel@grahamdunn.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2005, I presented the foregoing to the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the following:

David T. McDonald
davidm@prestongates.com

Attorneys for Plaintiffs

                                      /s/ K. Michael Fandel
                                      K. Michael Fandel

REPLY I/S/O DEFENDANTS' MOTION TO
TRANSFER VENUE - Case No. CV-05-1137                    -7-
SAN/121532.3

PAUL, HASTINGS, JANOFSKY & WALKER
3579 VALLEY CENTER DRIVE
SAN DIEGO, CA 92130