The Honorable R. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC. and A9.COM, INC., | CASE NO. CV-05-1137 (RSM) |
| Plaintiffs, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' (1) MOTION TO DISMISS ALL CLAIMS AGAINST CENDANT CORPORATION; (2) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT; AND (3) MOTION TO STAY ALL DISCOVERY** |
| vs. | |
| CENDANT CORPORATION; TRILEGIANT CORPORATION; ORBITZ, LLC; ORBITZ, INC.; BUDGET RENT A CAR SYSTEM, INC.; AND AVIS RENT A CAR SYSTEM, INC., | |
| Defendants. | **[ORAL ARGUMENT REQUESTED]** |
| | NOTE ON MOTION CALENDAR: |
| | September 16, 2005 |

DEFENDANTS' REPLY MEMO I/S/O
MOTION TO DISMISS
Case No. CV-05-1137
SAN/121372.3

PAUL HASTINGS JANOFSKY & WALKER LLP
3579 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION .......................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

   A.   All Claims Against Cendant Corporation Should Be Dismissed ............................ 2

   B.   This Court Should Dismiss The Complaint For Failure To State A Claim ............ 5

      1.   Plaintiffs Lack Standing To Allege Direct, Contributory and
           Inducement of Infringement With Respect To the Same Conduct ............. 5

      2.   Plaintiffs' Claims For Direct, Contributory and Inducement of
           Infringement Should Be Dismissed for Failure to State A Claim................ 6

   C.   Plaintiffs Should Be Ordered to Provide a More Definite Statement of
        Their Claims........................................................................................................ 8

   D.   All Discovery Should Be Stayed.......................................................................... 10

III. CONCLUSION ............................................................................................................ 11

DEFENDANTS' REPLY MEMO I/S/O
MOTION TO DISMISS
CASE NO. CV-05-1137

-i-

PAUL HASTINGS JANOFSKY & WALKER LLP
3579 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

SAN/121372.3

1

## **TABLE OF AUTHORITIES**

2

**Page**

3

### CASES

4   *A. Stucki Company v. Worthington Inds., Inc.*, 849 F.2d 593, 596 (Fed.Cir. 1988) ...................... 3

5   *Agilent Technologies, Inc. v. Micromuse Inc.*, 2004 WL 2346152, at *6 (S.D.N.Y.
    Oct. 19, 2004)......................................................................................................................... 9

6   *Asip v. Nielsen Media Research, Inc.*, 2004 WL 315269 (S.D.N.Y. Feb. 18, 2004) ................. 4

7   *Beery v. Hitachi Home Elecs.*, 157 F.R.D. 477 (C.D.Cal. 1993)............................................. 10

    *Cf. Ondeo Nalco Co. v. Eka Chemicals, Inc.*, 2002 WL 1458853, at *1 (D.Del.
8   Jun. 10, 2002).......................................................................................................................... 9

9   *Colida v. Sony Corp. of America*, 2004 WL 1737835, at *1-2 (S.D.N.Y. Aug. 2,
    2004) ......................................................................................................................................... 3

10  *Cunningham v. Rothery*, 143 F.3d 546, 549-50 (9th Cir. 1998) .............................................. 4

11  *Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D.Cal. 1988)................................................... 6

    *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D.Cal. 1996)...................... 6
12
    *Glamorgan Coal Corp. v. Ratner Group, PLC*, 854 F. Supp. 436, 437 (W.D.Va.
13  1993) ....................................................................................................................................... 11

    *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528........................................................... 2, 3
14
    *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464 (Fed.Cir. 1990)......................... 8
15
    *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S.Dist. LEXIS 26092, at *6
16  (N.D.Cal. Sep. 6, 2003).......................................................................................................... 10

    *Intel v. Hyundai Elecs. Am., Inc.*, 1987 U.S Dist. LEXIS 14727, at *4 & n.1
17  (N.D.Cal. Nov. 23, 1987)......................................................................................................... 7

18  *Jervis B. Webb Co. v. Southern Sys., Inc.*, 495 F. Supp. 145, 147 (E.D.Mich. 1980) ................... 6

    *Johnson Products Co. v. Pro-Line Corp.*, 1998 WL 699024, at *15 (N.D.Ill. Oct.
19  5, 1998) ..................................................................................................................................... 5

20  *Lear Corp. v. Bertrand and Faure Technical Center*, 2000 U.S.Dist. LEXIS
    22525, at *7 (E.D.Mich. Oct. 10, 2000).................................................................................. 9

21  *Oki Elec. Industry Co., Ltd. v. LG Semicon Co., Ltd.*, 1998 U.S.Dist. LEXIS
    22507, at *8 (N.D.Cal. Feb. 25, 1998)..................................................................................... 7

22  *Papst Licensing GmbH Patent Litig.*, 2001 WL 179926, at *2 (E.D.La. Feb. 22,
    2001) ......................................................................................................................................... 9
23
    *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-86 & n.5 (3rd Cir. 2001) ...................... 4
24
    *Picker Int'l. Inc. v. Varian Assocs., Inc.*, 661 F. Supp. 347, 350 (N.D.Ohio 1987)................... 5, 6
25
    *Pickholtz v. Rainbow Technologies, Inc.*, 260 F. Supp. 2d 980 (N.D.Cal. 2003)......................... 5

26  *R2 Technology, Inc. v. Intelligent Sys. Software, Inc.*, 2002 U.S.Dist. LEXIS
    19110, at *5 (D.Del. Oct. 9, 2002)......................................................................................... 7

27  *Ristevdt-Johnson, Inc. v. Peltz*, 1991 WL 255691, at *4 (N.D.Ill. Nov. 18, 1991) ...................... 8

    Rule 12(b)(6).............................................................................................................................. 6
28

DEFENDANTS' REPLY MEMO I/S/O                    PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS                                         3579 VALLEY CENTRE DRIVE
CASE NO. CV-05-1137          -ii-                        SAN DIEGO, CA 92130

SAN/121372.3

**TABLE OF AUTHORITIES**
(continued)

**Page**

Rule 12(e) .................................................................................................................. 8, 10

*San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) ................................................................................................................... 4

*Seiko Epson Corp. v. Print-Rite Holdings, Ltd.*, 2002 U.S.Dist. LEXIS 27427, at *71 (D.Or. Apr. 30, 2002) ........................................................................... 4

*Shearing v. Optical Radiation Corp.*, 1994 WL 382444, at *2 (D.Nev. Mar. 25, 1994) .............................................................................................................. 8, 10

*Snap-On Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965, 970 (E.D.Wis. 1998) .................. 8

*Suresafe Inds., Inc. v. C&R Pier Mfg.*, 850 F. Supp. 869, 873 (S.D.Cal. 1993) ............................ 6

*Takeda Chemical Inds., Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp. 2d 394, 399-400 (S.D.N.Y. 2004) ............................................................................. 7

*TI Group Automotive Sys., Inc. v. Vdo North America*, 2002 WL 484838, at *2-4 (D.Del. Mar. 7, 2002) ................................................................................... 3

*United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ........................................................................ 3

*Upjohn Co. v. Syntro Corp.*, 14 U.S.P.Q.2d 1469, 1472 (D.Del. 1990) ........................................ 4

*Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277 (E.D.Wis. 1975) ................................ 6

*Wood v. McEwen*, 644 F.2d 797, 901 (9th Cir. 1981) .................................................................. 11

**RULES**

Federal Rules of Civil Procedure

Rule 12(b)(6) ........................................................................................................................ 6

Rule 12(e) .................................................................................................................... 8, 10

DEFENDANTS' REPLY MEMO I/S/O
MOTION TO DISMISS
CASE NO. CV-05-1137
SAN/121372.3                            -iii-

PAUL HASTINGS JANOFSKY & WALKER LLP
3579 VALLEY CENTRE DRIVE
SAN DIEGO, CA 92130

I.    **INTRODUCTION**

Plaintiffs' opposition completely ignores the admitted and obvious similarity between the patent infringement case filed against Amazon in Delaware and this action—an action that Amazon has publicly confessed is "purely a defensive measure" that was filed in "direct response" to the Delaware lawsuit. Instead, plaintiffs' opposition jumps haphazardly from point to point, defiantly failing to follow the straightforward format of defendants' moving papers. In this manner, plaintiffs' opposition is ironically much like its complaint--disorganized and convoluted.

Once plaintiffs' arguments are distilled, three central conclusions remain inescapable: (1) Cendant should be dismissed from this lawsuit because it does not own or operate any allegedly infringing service or website; (2) the complaint should be dismissed because plaintiffs indiscriminately lump all three of their theories of infringement together against defendants, without specifying which defendant allegedly infringes which patent directly, which defendant supposedly contributes to whose infringement (or how), or which defendant allegedly induces whom to infringe (or how); and (3) if this Court does not dismiss the complaint, at a minimum it should order plaintiffs to provide a more definite statement because they fail to identify a single allegedly infringing product or service from among the countless products and services offered by defendants.

Plaintiffs first argue that Cendant should not be dismissed from this lawsuit because it provides direct links to its subsidiaries' websites, performs certain administrative functions for its subsidiaries, and hosts some of its subsidiaries' websites on its servers. But these are precisely the sorts of activities that one would expect a parent company to do for its subsidiaries in a global marketplace. None of these activities establish that Cendant exercises any control over the day-to-day activities or websites of any of its subsidiaries. Nor do any of these so-called "facts" justify this Court in keeping Cendant in this case on any alter ego or agency theory of liability, which plaintiffs have not even pled. Because plaintiffs cannot adduce any facts showing that Cendant controls or directs any allegedly infringing activities or websites, all claims against Cendant should be dismissed as a matter of law.

1    Next, plaintiffs argue that they have differentiated between defendants' *use* of plaintiffs'

2    patented technologies and defendants' activities that *cause others to use* plaintiffs' technologies.

3    As a result, plaintiffs contend they can maintain claims for direct, contributory and inducing

4    infringement against each defendant.  But plaintiffs have done no such thing.  Plaintiffs have not

5    identified a *single* activity that constitutes any defendant's alleged *use* of plaintiffs' technology,

6    much less differentiated that activity from that which supposedly *causes* another to infringe.

7    Further, plaintiffs still have not specified who allegedly infringes which patent directly, who

8    supposedly contributes to whose infringement (or how), or who allegedly induces someone else

9    to infringe (or how).  In the absence of such allegations, the complaint simply fails to give

10   defendants adequate notice of what they are supposedly doing wrong.

11   Finally, plaintiffs argue that they have followed Form 16 and have thus adequately pled

12   infringement claims against all defendants, but plaintiffs' blind adherence to form cannot cure the

13   fatal flaws in this complaint.  Form 16 provides at most a rudimentary example of a complaint for

14   patent infringement in a simple case involving one patent and one product.  But even if plaintiffs

15   had formalistically adhered to Form 16 (which they did not), the complaint is plainly inadequate

16   when (as here) defendants own dozens of different businesses spanning multiple industries and

17   offering countless different products and services—not *one* of which plaintiffs have even

18   identified.  Without a more definite statement of which products and/or services allegedly

19   infringe which patents, defendants cannot possibly frame a responsive pleading.

20   **II.    ARGUMENT**

21        **A.    All Claims Against Cendant Corporation Should Be Dismissed**

22   Cendant Corporation ("Cendant") does not exercise control over the operations or

23   management of any of the Subsidiary Defendants, nor does Cendant operate any of the allegedly

24   infringing websites.  Declaration of Eric J. Bock filed August 12, 2005 ("Bock Decl."), ¶¶ 5-7.[1]

---

25   [1] Plaintiffs' contention that material outside the pleadings should not be considered in ruling on a
     motion to dismiss is ironic since they, too, have submitted extrinsic evidence as part of their
26   opposition.  By submitting their own declarations and evidence and inviting this Court to consider
     them, plaintiffs have conceded that this Court may consider material outside the pleadings in
27   ruling on defendants' motion to dismiss and are thus on notice that the motion may properly be
     converted into one for summary judgment.  *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528,
28   1533 (9th Cir. 1985).

1    Rather, each of the allegedly infringing websites is operated by one of Cendant's subsidiaries

2    and/or its third-party contractors. *Id*. Because Cendant does not operate any allegedly infringing

3    website or service, it should be dismissed from this lawsuit. *Colida v. Sony Corp. of America*,

4    2004 WL 1737835, at *1-2 (S.D.N.Y. Aug. 2, 2004) (dismissing all claims against the parent

5    corporation because, based on sworn declarations, it was not involved in the manufacture or sale

6    of any infringing product or service); *TI Group Automotive Sys., Inc. v. Vdo North America*, 2002

7    WL 484838, at *2-4 (D.Del. Mar. 7, 2002) (dismissing all claims against the parent corporation

8    because plaintiff failed to allege sufficient facts to create an issue of fact with respect to agency).[2]

9         Remarkably, plaintiffs make absolutely no effort to distinguish these cases. Instead,

10   plaintiffs have collected bits of information from defendants' websites and SEC filings and argue

11   that Cendant is a proper defendant because some subsidiaries list "Cendant's DNS Administrator"

12   as their administrative contact, Cendant administers the domains for some of its subsidiaries'

13   websites, and Cendant provides direct links to its subsidiaries' websites. Opp. Mem. at 4-5.[3] But

14   none of these so-called "facts" establish that Cendant operates any allegedly infringing business

15   or website, nor demonstrate that Cendant significantly controls the day-to-day activities of any

16   subsidiary. To the contrary, Cendant does not operate any of its subsidiaries' websites, nor does

17   Cendant control the day-to-day operations or management of any of its subsidiaries. Bock Decl.,

18   ¶¶ 5-7. Because plaintiffs have adduced no facts showing that Cendant operates any allegedly

19   infringing service or website, Cendant must be dismissed from this lawsuit. *Colida*, 2004 WL

20   1737835, at *1-2; *TI Group*, 2002 WL 484838, at *2-4.

21        Absent any facts showing that Cendant does anything wrong itself, the only way to keep

22   Cendant in this lawsuit is to plead facts justifying this Court in piercing the corporate veil. *United*

23   *States v. Bestfoods*, 524 U.S. 51, 61 (1998); *A. Stucki Company v. Worthington Inds., Inc.*, 849

24   F.2d 593, 596 (Fed.Cir. 1988). This, in turn, requires allegations that the Subsidiary Defendants

25   are either Cendant's alter egos or agents. *Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-

26   [2] For the Court's convenience, copies of cases published in unofficial reporters and not previously
submitted are attached to the Reply Declaration of James V. Fazio filed herewith.

27   [3] Plaintiffs' claim that "Cendant has essentially taken over Trilegiant's operations," Opp. Mem. at

28   5, is absurd and unfounded. In July, 2005, Cendant sold Trilegiant to Affinity Acquisitions
Holdings LLC. Bock Decl., ¶ 3.

DEFENDANTS' REPLY MEMO I/S/O     -3-     PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS     3579 VALLEY CENTRE DRIVE
Case No. CV-05-1137     SAN DIEGO, CA 92130
SAN/121372.3

1    86 & n.5 (3rd Cir. 2001). Plaintiffs do not even allege this in the complaint. Further, plaintiffs'

2    proffered "facts" that Cendant handles technical support calls for Avis and Budget, hosts some of

3    its subsidiaries' websites on its servers, and performs certain, limited administrative functions for

4    its subsidiaries are simply evidence of a normal parent-subsidiary relationship and do not

5    establish that Cendant and its subsidiaries share an alter ego relationship. *See Seiko Epson Corp.*

6    *v. Print-Rite Holdings, Ltd.*, 2002 U.S.Dist. LEXIS 27427, at *71 (D.Or. Apr. 30, 2002) (facts

7    that the parent and subsidiary shared a common email system and domain name do not establish

8    alter ego jurisdiction absent proof of actual control by the parent over the subsidiary's daily

9    operations). *See also Upjohn Co. v. Syntro Corp.*, 14 U.S.P.Q.2d 1469, 1472 (D.Del. 1990)

10   (absent a showing of complete dominion and control, even the exercise of a "significant" degree

11   of control is insufficient to warrant holding a parent liable for its subsidiary's conduct).

12           Citing *Asip v. Nielsen Media Research, Inc.*, 2004 WL 315269 (S.D.N.Y. Feb. 18, 2004),

13   plaintiffs argue that Cendant's status as a "holding company" is an insufficient reason to dismiss

14   Cendant from this lawsuit. But *Asip's* holding was based on a faulty premise inapplicable here.

15   In *Asip*, the Court held that even if the plaintiff's infringement claims against the parent

16   corporation were premised solely on its status as a "holding company," the degree of control that

17   parent VNU exercised over its subsidiary was a factual issue beyond the scope of the pleadings.

18   *Id.* at *3. As a result, the Court refused to consider the defendant's declaration that had been

19   submitted to establish the lack of VNU's parental control over its subsidiary. *Id.* & n. 33. In

20   refusing to consider extrinsic evidence, however, the *Asip* Court was following Second Circuit

21   law. It is entirely appropriate for courts in the Ninth Circuit, however, to consider matters outside

22   the pleadings in ruling on a motion to dismiss. *San Pedro Hotel Co., Inc. v. City of Los Angeles*,

23   159 F.3d 470, 477 (9th Cir. 1998); *Cunningham v. Rothery*, 143 F.3d 546, 549-50 (9th Cir. 1998).

24   Accordingly, *Asip* is inapposite.[4]

25

26

27   ──────────────
     [4] Another point of distinction is that the plaintiff in *Asip* described the means by which defendants
28   allegedly infringed its patent in at least three paragraphs, whereas plaintiffs here do not specify
     anything defendants allegedly do to infringe. 2004 WL 315269, at *3 & n.27.

1    Because Cendant does not operate any allegedly infringing service or website, and

2    because plaintiffs have neither pled nor adduced any facts that would justify piercing the

3    corporate veil, Cendant should be dismissed from this lawsuit as a matter of law.

4    **B.    This Court Should Dismiss The Complaint For Failure To State A Claim**

5           **1.    Plaintiffs Lack Standing To Allege Direct, Contributory and
             Inducement of Infringement With Respect To the Same Conduct**

6

7    It is well established that direct and indirect infringement are mutually exclusive and

8    cannot both be alleged against the same defendant when both claims are based on the same

9    conduct. *Johnson Products Co. v. Pro-Line Corp.*, 1998 WL 699024, at \*15 (N.D.Ill. Oct. 5,

10   1998); *Picker Int'l. Inc. v. Varian Assocs., Inc.*, 661 F. Supp. 347, 350 (N.D.Ohio 1987).

11   Citing *Pickholtz v. Rainbow Technologies, Inc.*, 260 F. Supp. 2d 980 (N.D.Cal. 2003),

12   plaintiffs contend they have standing to sue each defendant for direct, contributory and

13   inducement of infringement because, according to plaintiffs, the activities that serve as the basis

14   for its direct infringement claims are different from those serving as the basis for its contributory

15   and inducement claims. In *Pickholtz*, the court explained that the same defendant could be liable

16   for direct infringement based on the making and using of its products in development and testing

17   and could also be liable for indirect infringement based on the sales of its products to customers.

18   260 F. Supp. 2d at 990.  Because different activities served as the basis for plaintiff's direct and

19   indirect infringement claims, multiple theories of infringement liability could be asserted against

20   the same defendant. *Id.*

21   Seeking to analogize this case to *Pickholtz*, plaintiffs argue that defendants' *use* of the

22   patented technologies is one activity, and that defendants' *causing others to use* the patented

23   technologies is a different activity, and thus that the same defendant can be liable for both direct

24   and indirect infringement.  Opp. Mem. at 12.  Plaintiffs' analogy fails.  In *Pickholtz*, the plaintiff

25   differentiated the activities that formed the basis for its direct infringement claims (development

26   and testing) from those that formed the basis for its indirect infringement claims (selling products

27   to customers).  260 F. Supp. 2d at 990.  Here, by contrast, plaintiffs do not specify what activities

28   constitute defendants' alleged use of plaintiffs' technology, nor do plaintiffs specify what

1  defendants' do to cause others to use plaintiffs' technology. In fact, aside from vague references

2  to defendants' "business operations," plaintiffs have not identified *any* activities at all. Without

3  knowing what specific activities are accused, it is impossible to tell whether defendants' supposed

4  *use* of plaintiffs' patented technology is in fact an activity different from that which allegedly

5  *causes* another to use the patented technology.

6      Because plaintiffs have alleged direct infringement against all defendants but fail to

7  identify any activity that forms the basis for their indirect infringement claims, plaintiffs'

8  contributory and inducement claims should be dismissed for lack of standing. *Suresafe Inds., Inc.*

9  *v. C&R Pier Mfg.*, 850 F. Supp. 869, 873 (S.D.Cal. 1993) ("[s]ince plaintiffs have alleged direct

10  infringement, they have no standing to assert inducing or contributory infringement"); *Picker*,

11  661 F. Supp. at 350 (the doctrine of active inducement "is not available as a separate source of

12  liability against one who is also alleged to be a direct infringer").[5]

13          **2.  Plaintiffs' Claims For Direct, Contributory and Inducement of**
                  **Infringement Should Be Dismissed for Failure to State A Claim**
14

15      The complaint should also be dismissed because it fails to specify which defendant is

16  alleged to be a direct infringer, which defendant supposedly contributed to whose infringement

17  (or how), or which defendant allegedly induced whom to infringe (and how). *Gen-Probe, Inc. v.*

18  *Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D.Cal. 1996) (dismissing complaint for failure to

19  state a claim because it accused "each of five defendants of three very different causes of action

20  on two different patents, all in one conclusory sentence, without adequately specifying the

21  grounds for plaintiff's belief that any of these entities have infringed").[6]

22      Plaintiffs contend that *Gen-Probe* represents only the minority view and that the majority

23  of cases have found it appropriate for plaintiffs to accuse multiple defendants of patent

24  [5] Plaintiffs argue that these cases involved motions to dismiss for improper venue and not motions
    to dismiss under Rule 12(b)(6). But that is a distinction without a difference. The fact remains
25  that "one who induces an infringement and a direct infringer cannot be the same person or entity."
    *Jervis B. Webb Co. v. Southern Sys., Inc.*, 495 F. Supp. 145, 147 (E.D.Mich. 1980).
26  [6] Plaintiffs criticize *Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D.Cal. 1988) and *Van Dyke*
    *Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277 (E.D.Wis. 1975) because these cases do not
27  involve claims for patent infringement, but their reasoning is no less persuasive. Regardless of
    what cause of action is alleged, lumping all defendants together in a single, broad allegation fails
28  to specify what each defendant supposedly did wrong. *Gauvin*, 682 F. Supp. at 1071.

1  infringement under multiple theories of liability.  But the complaints in virtually all of these cases

2  provided a far more detailed description of what products or services allegedly infringed than

3  plaintiffs have provided here.  *See, e.g., Intel v. Hyundai Elecs. Am., Inc.*, 1987 U.S Dist. LEXIS

4  14727, at *4 & n.1 (N.D.Cal. Nov. 23, 1987) (complaint alleged that defendants infringed by

5  making, using or selling semiconductor memory products, specifically Erasable Programmable

6  Read-Only Memories); *R2 Technology, Inc. v. Intelligent Sys. Software, Inc.*, 2002 U.S.Dist.

7  LEXIS 19110, at *5 (D.Del. Oct. 9, 2002) (complaint alleged that defendants infringed by

8  making, using and selling Computer-Aided Detection systems, identified by the trade name

9  "MammoReader"); *Takeda Chemical Inds., Ltd. v. Watson Pharmaceuticals, Inc.*, 329 F. Supp.

10  2d 394, 399-400 (S.D.N.Y. 2004) (complaint alleged that Watson's sale of pioglitazone induced

11  others to infringe).  Moreover, the complaint in each of these cases "organized its claims by

12  patent, by type of infringement, and by defendant," thus making it easy to tell which theory of

13  infringement was asserted against which defendant.  *Oki Elec. Industry Co., Ltd. v. LG Semicon*

14  *Co., Ltd.*, 1998 U.S.Dist. LEXIS 22507, at *8 (N.D.Cal. Feb. 25, 1998).

15        By contrast here, plaintiffs have indiscriminately lumped all three theories of liability

16  together against all defendants in one convoluted sentence, making it impossible to tell which

17  theory of infringement of which patent is asserted against whom.  For example, plaintiffs allege in

18  one confusing sentence that defendants "have been, currently are, and will continue to directly

19  and/or indirectly infringe, solely or jointly with others, or induce others to infringe . . . by directly

20  or indirectly, individually or jointly, using or causing to be used plaintiffs' patented . . . methods

21  in the operation of their businesses, including but not limited to the operation of the

22  www.orbitz.com, www.avis.com, and www.avautostore.com websites."  Complaint, ¶ 14.  This

23  hodgepodge of allegations is hardly the clear "organization by type of infringement and by

24  defendant" that was endorsed by *Oki* and is inadequate.

25        Plaintiffs inducement claims should be dismissed for a second, independent reason.  To

26  state a valid claim for inducing infringement, plaintiffs must not only allege that the defendant

27  had the specific intent to induce another's direct infringement, plaintiffs must also allege facts

28  supporting the alleged inducement; the "bald assertion" of inducement, without the allegation of

DEFENDANTS' REPLY MEMO I/S/O          -7-          PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS                                        3579 VALLEY CENTRE DRIVE
Case No. CV-05-1137                                          SAN DIEGO, CA 92130
SAN/121372.3

1  any supporting facts, does not meet the requirements of the Federal Rules of Civil Procedure.

2  *Ristevdt-Johnson, Inc. v. Peltz*, 1991 WL 255691, at *4 (N.D.Ill. Nov. 18, 1991). *See also*

3  *Shearing v. Optical Radiation Corp.*, 1994 WL 382444, at *2 (D.Nev. Mar. 25, 1994) (to plead

4  inducement, it must be shown that the inducer knowingly and with specific intent encouraged

5  another's infringement).[7]

6      Plaintiffs stubbornly maintain that unlike these cases, they have adequately shown how

7  each defendant allegedly induced infringement. Specifically, plaintiffs allege that defendants

8  have induced infringement by "using or causing to be used plaintiffs' patented . . . methods in the

9  operation of their businesses, including but not limited to the operation of the www.orbitz.com,

10  www.avis.com, and www.avautostore.com websites." Complaint, ¶ 14. But this hardly specifies

11  which defendant supposedly induced whom to infringe. Moreover, aside from vague references

12  to defendants' business operations, plaintiffs do not identify *any* specific activity that constitutes

13  the alleged inducement. Without the allegation of any supporting facts, plaintiffs' inducement

14  claims should be dismissed. *Ristevdt-Johnson*, 1991 WL 255691, at *4; *Shearing*, 1994 WL

15  382444, at *2.[8]

16      **C.    Plaintiffs Should Be Ordered to Provide a More Definite Statement of Their**
           **Claims**

17

18      In their rush to the courthouse, plaintiffs have failed to specify what products and/or

19  services allegedly infringe. Accordingly, even if this Court were inclined not to dismiss the

20  complaint, at a minimum it should order plaintiffs to provide a more definite statement of their

21  claims. Although Rule 12(e) motions are generally disfavored, a more definite statement of the

22

23  [7] Plaintiffs seek to distinguish *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 909 F.2d 1464 (Fed.Cir. 1990) because that case involved an appeal of a final judgment on the merits, whereas we are at only the pleading stage in this case. In *Hewlett-Packard*, however, the activity that

24  constituted the alleged inducement was specifically identified (the sales of plotters having grit-covered pinch wheels). *Id.* at 1467. By contrast here, plaintiffs do not specify any activity that

25  supposedly induces another party to infringe.
   [8] According to plaintiffs, allegations that defendants' actions were "willful and deliberate" are

26  sufficient to satisfy the intent element for inducing infringement. *Snap-On Inc. v. Hunter Engineering Co.*, 29 F. Supp. 2d 965, 970 (E.D.Wis. 1998). In *Snap-On*, however, the plaintiff

27  specified that defendant infringed when it made, used or sold identified automotive equipment. *Id.* at 966. Here, by contrast, plaintiffs do not specify anything that defendants do, make, use or

28  sell that allegedly induces someone to infringe.

1   claim is appropriate in patent cases when the plaintiff fails to identify any allegedly infringing

2   product or service, or when the plaintiff's claims are too vague to give adequate notice of what

3   products or services allegedly infringe. *See Agilent Technologies, Inc. v. Micromuse Inc.*, 2004

4   WL 2346152, at *6 (S.D.N.Y. Oct. 19, 2004); *In re Papst Licensing GmbH Patent Litig.*, 2001

5   WL 179926, at *2 (E.D.La. Feb. 22, 2001); *Lear Corp. v. Bertrand and Faure Technical Center*,

6   2000 U.S.Dist. LEXIS 22525, at *7 (E.D.Mich. Oct. 10, 2000). *Cf. Ondeo Nalco Co. v. Eka*

7   *Chemicals, Inc.*, 2002 WL 1458853, at *1 (D.Del. Jun. 10, 2002).[9]

8       Plaintiffs maintain that these cases are markedly different from the instant case because

9   the defendants in those cases sold hundreds of products that infringed dozens of patents, whereas

10  this case involves what plaintiffs contend are only a few websites and patents. That is completely

11  misleading. While there may be only four patents-in-suit in this case, defendants own dozens of

12  businesses offering a great number of different products and services. Bock Decl., ¶¶ 14-15.

13  Plaintiffs, however, have alleged only that defendants "business operations" infringe. Complaint,

14  ¶¶ 14, 20, 25, 30. Without a more definite statement of which products and/or services allegedly

15  infringe which patents, defendants are left in the untenable situation of having to compare each of

16  its countless product and service offerings with each of the four patents-in-suit to determine what

17  it is supposedly doing wrong. The Federal Rules do not require such a laborious effort, especially

18  when this Court could easily dispense with all uncertainty simply by ordering plaintiffs to provide

19  a more definite statement of their claims. *Papst*, 2001 WL 179926, at *2.

20      Plaintiffs next claim that their complaint tracks Form 16 in the Appendix of Forms to the

21  Federal Rules of Civil Procedure and is therefore sufficient. Form 16 (drafted in 1963 and

22  spanning only four short paragraphs) provides only a rudimentary example of a complaint for

23  patent infringement in a case involving only one patent and one allegedly infringing product

24  (electric motors). *See* Form 16. Plaintiffs cannot escape the fatal flaws in their complaint by

25  hiding behind Form 16. While following Form 16 may be sufficient to state a claim for patent

26  [9] Plaintiffs make no effort to distinguish *Lear* or *Ondeo*, which is telling because the court in each
27  case granted the defendant's motion for more definite statement because the plaintiff's complaint
    was vague and failed to specify which of defendants' products or services were accused of
28  infringement. *Lear*, 2000 U.S.Dist. LEXIS 22525, at *7; *Ondeo*, 2002 WL 1458853, at *1. That
    is precisely the fatal defect in plaintiffs' complaint in this case.

1  infringement in simple cases, even blind adherence to Form 16 would be plainly inadequate

2  when, as here, defendants own many different businesses offering hundreds if not thousands of

3  different products and services—not a single one of which plaintiffs have even identified. *See*

4  *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S.Dist. LEXIS 26092, at *6 (N.D.Cal. Sep. 6,

5  2003).

6      In *Hewlett-Packard*, for example, plaintiff Hewlett-Packard argued that its complaint

7  followed Form 16 and was sufficient.  But defendant Intergraph produced "some 130 core

8  technology platforms" that were implemented in over 4,000 end-user applications. *Id*. Without a

9  more definite statement of what products were accused, the Court found that the complaint did

10 not provide defendants with adequate notice of plaintiffs' claims. *Id. See also Shearing*, 1994

11 WL 382444, at *2 (rejecting Shearing's argument that its complaint was sufficient because it

12 tracked Form 16).  Likewise here, defendants own dozens of businesses offering a great number

13 of different products and services. Bock Decl., ¶¶ 14-15.  Given the vast number of defendants'

14 product and service offerings, plaintiffs' vague allegation that defendants' "business operations"

15 infringe plaintiffs' patents simply does not provide defendants with adequate notice of what they

16 are supposedly doing wrong.

17     Citing *Beery v. Hitachi Home Elecs.*, 157 F.R.D. 477 (C.D.Cal. 1993), plaintiffs argue that

18 the further specificity defendants seek is best sought through the discovery process.  But the

19 principal reason why the court denied defendant's Rule 12(e) motion in *Beery* was because the

20 defendant had already filed a responsive pleading. *Id*. at *7.  Because the defendant had already

21 filed an answer, the Court believed it was disingenuous for the defendant to subsequently claim

22 the complaint was too vague and ambiguous to frame a responsive pleading. *Id*.  No similar

23 responsive pleading has or can be framed here.  Thus, plaintiffs' reliance on *Beery* is unavailing.

24     **D.    All Discovery Should Be Stayed**

25     Plaintiffs argue that the filing of a motion to dismiss is ordinarily insufficient cause to stay

26 discovery, especially when (as here) the motion is converted into one for summary judgment.

27 Under these circumstances, plaintiffs claim they should be afforded a reasonable opportunity to

28 conduct discovery to address the motion.  Plaintiffs wish it were that simple.

DEFENDANTS' REPLY MEMO I/S/O                    -10-            PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS                                                              3579 VALLEY CENTRE DRIVE
Case No. CV-05-1137                                                              SAN DIEGO, CA 92130
SAN/121372.3

1    While plaintiffs may be entitled to discovery under some circumstances, a district court

2    may stay discovery when it is convinced the plaintiff will be unable to state a claim for relief.

3    *Wood v. McEwen*, 644 F.2d 797, 901 (9th Cir. 1981). Here, defendants have adduced dispositive

4    evidence that Cendant should be dismissed from this lawsuit as a matter of law and that the

5    complaint is defective on its face because plaintiffs have improperly lumped all theories of

6    liability together against all defendants, without specifying who supposedly contributed to whose

7    infringement, and who allegedly induced whom to infringe. No amount of discovery can possibly

8    remedy these fatal pleading defects. Accordingly, this Court should exercise its discretion to stay

9    all discovery pending its ruling on defendants' motions. *Glamorgan Coal Corp. v. Ratner Group,*

10   *PLC*, 854 F. Supp. 436, 437 (W.D.Va. 1993) (staying discovery pending resolution of motions).

11   **III.    CONCLUSION**

12   For the foregoing reasons, defendants respectfully request that this Court (1) dismiss all

13   claims against Cendant Corporation as a matter of law; (2) dismiss the complaint for failure to

14   state viable claims for direct, contributory or inducement of infringement or, in the alternative,

15   / / /

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

DEFENDANTS' REPLY MEMO I/S/O                    -11-              PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS                                                              3579 VALLEY CENTRE DRIVE
Case No. CV-05-1137                                                              SAN DIEGO, CA 92130
SAN/121372.3

1    order plaintiffs to provide a more definite statement of their claims; and (3) stay all discovery

2    pending this Court's ruling on defendants' motions.

3

4    DATED:  September 16, 2005

     By: _____
5         DOUGLAS E. OLSON
          STEPHEN S. KORNICZKY
6         JAMES V. FAZIO, III
          PAUL HASTINGS JANOFSKY & WALKER LLP

7         Attorneys for Defendants
8         CENDANT CORPORATION; TRILEGIANT
          CORPORATION; ORBITZ, LLC; ORBITZ, INC.;
9         BUDGET RENT A CAR SYSTEM, INC.; AND AVIS
          RENT A CAR SYSTEM, INC.
10        *Admitted Pro Hac Vice*

11        And

12        K. Michael Fandel
          WSBA# 16281
13        Graham & Dunn PC
          2801 Alaskan Way, Suite 300
14        Seattle, WA 98121
          Email: mfandel@grahamdunn.com

15

16

17                        **CERTIFICATE OF SERVICE**

18          I hereby certify that on September 16, 2005, I presented the foregoing to the Clerk of the

19   Court using the CM/ECF system, which will send notification of such filing to the following:

20        David T. McDonald
          davidm@prestongates.com

21        Attorneys for Plaintiffs

22                        /s/ K. Michael Fandel
                              K. Michael Fandel
23

24

25

26

27

28

DEFENDANTS' REPLY MEMO I/S/O          -12-          PAUL HASTINGS JANOFSKY & WALKER LLP
MOTION TO DISMISS                                   3579 VALLEY CENTRE DRIVE
Case No. CV-05-1137                                 SAN DIEGO, CA 92130
SAN/121372.3