directors serve to undermine KVP's operation as a distinct corporate entity. Nor have plaintiffs directed the Court's attention to any authority for holding that the existence of interlocking directorates is sufficient to impute the subsidiary's contacts to the parent. In his deposition, Karl Palmaer, President of KVP Systems, Inc., stated that "KVP operates as an independent subsidiary." (Palmaer Dep. at 35, lines 4-5).

Viewed in the light most favorable to plaintiffs, the evidence regarding the relationship between Morehouse and KVP is inconclusive. Plaintiffs have failed to make a prima facie showing that KVP is not an independently operated subsidiary of Morehouse. The Court must conclude that it does not have personal jurisdiction over Morehouse.

B. TRANSFER OF VENUE Although this Court has in personam jurisdiction over KVP, defendants have moved, in the alternative, for a transfer of venue, pursuant to 28 U.S.C. Section 1404. Section 1404 authorizes a district court to transfer a case " [f]or the convenience of the parties and witnesses, in the interest of justice" to any district where venue would be proper. 28 U.S.C. Section 1404(a). The purpose of the transfer of venue provision is "to prevent the waste of 'time, energy and money' and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. Barge F.B.L.--585, 364 U.S. 19, 26-27 (1960)).

The parties agree that venue would be proper in the Eastern District of California. Accordingly, the first criteria for transfer has been met. The question for the Court is whether the interests of the parties, the witnesses, and justice would be better served by transferring this action to the Eastern District of California.

As a general rule, in patent infringement cases "the preferred forum is that which is the center of gravity of the accused activity. In finding that ' center of gravity, ' a district court 'ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production.' " Ricoh Co. v. Honeywell, Inc. , 817 F.Supp. 473, 481 n.17 (D.N.J. 1993) (citations omitted). For that reason, district courts may disregard plaintiff's choice of forum in cases involving claims of patent infringement. Id . at 481 (holding that " [w]hen the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference").

Further, the KVP products that allegedly infringed the Lapeyre patents were designed, developed, and manufactured in California. All of the plastic conveyor belts were shipped from California. As a result, all of the documents and records regarding the design, development, manufacturing, marketing, and sales of the conveyor belts are located in California. The only witnesses that will testify at trial that have been identified by either name or the subject of their testimony reside in California. Plaintiffs contend that there are fact witnesses in Louisiana. These potential witnesses have neither been identified nor have plaintiffs advised the Court of the nature or subject matter of their testimony. n10 It is apparent that the brunt of discovery will take place in California.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n10 Plaintiffs contend that the witnesses listed by defendants as residing in California are either defendants or employees of the defendants. While plaintiffs may be correct, that assertion is irrelevant. Transfer of venue under Section 1404 is not predicated on the unavailability of witnesses or on their status as parties. Section 1404 directs the Court to look to the convenience of both the witnesses and the parties. Thus, even if all of the potential witnesses are parties, the Court may still take their convenience into account in deciding whether to transfer this case to the Eastern District of California.

Exhibit D
Page 40

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -The interests of the parties must also be considered. Clearly a transfer to the Eastern District of California would benefit KVP, a California corporation. Plaintiffs argue, however, that a transfer would merely shift the burden to them. Plaintiffs would have this Court refuse to transfer venue in any case in which the plaintiff files suit in the district of its domicile. That is not the balance struck by 28 U.S.C. Section 1404. It is clear that California will be the focal point of this [*1701] litigation. n11 Given that defendants contacts with Louisiana are relatively slight, this state does not have an overriding interest in having this case tried in this district. California is where this dispute should be adjudicated.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n11 In their opposition to the motion to transfer for convenience plaintiffs assert that " [t]he only real issue is who pays for the hotels during trial, and Louisiana has just as strong an interest in keeping its hotels occupied as does California." At best, this excerpt shows that plaintiffs misapprehend the Section 1404 inquiry.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -III. CONCLUSION

While plaintiffs have shown that this Court has jurisdiction over KVP, they have failed to present a prima facie showing that Morehouse's contacts with Louisiana support the exercise of in personam jurisdiction. KVP has persuaded the Court that this case should, for the convenience of the parties and witnesses and in the interest of justice, be transferred to the Eastern District of California.

Although this Court does not have jurisdiction over Morehouse, it may nonetheless order a transfer of this case in its entirety to the Eastern District of California. Liaw Su Teng v. Skaarup Shipping Corp. , 743 F.2d 1140, 147-48 (5th Cir. 1984) (holding that 28 U.S.C. Section 1404(a) authorizes a district court to "transfer cases in which venue was properly laid but personal jurisdiction over the defendant was lacking"), overruled on other grounds by, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982 , 821 F.2d 1147, 1163-64 n.25 (5th Cir. 1987) ( en banc ) , vacated, Pan American World Airways , Inc. v. Lopez , 490 U.S. 1032, and reinstated by, In re Air Crash Disaster Near New Orleans, Louisiana on July 9, 1982 , 883 F.2d 17, 17 (1987) (" [S]ave and except as to damages we reinstate the opinion of the en banc court. . . ."). Accordingly,

IT IS ORDERED that defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer for convenience is GRANTED.

IT IS FURTHER ORDERED that this matter be, and hereby is, transferred, pursuant to 28 U.S.C. Section 1404(a), to the United States District Court for the Eastern District of California.

View: Cite | **Full** | Custom    ◄ 1 of 2 NEXT ►    FAST Print    Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | *Shepardize®* | TOA
⚠ 31 U.S.P.Q.2D (BNA) 1697  (Copy w/ Cite)                           Pages:    9

Exhibit D
Page 41

https://www.lexis.com/research/retrieve?  m=c2367bba615b8bf7a4466b031422b4b4&  fm...  9/15/2005

    Service: **Get by LEXSEE®**
    Citation: **31 U.S.P.Q.2d 1697**
       View: Full
 Date/Time: Thursday, September 15, 2005 - 7:20 PM EDT

\* Signal Legend:
- ● - Warning: Negative treatment is indicated
- 🅠 - Questioned: Validity questioned by citing refs
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available

\* Click on any *Shepard's* signal to *Shepardize®* that case.

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 22507                              Page 1 of 8

* Case 1:06-cv-00041-JJF   Document 38-22   Filed 01/23/2006   Page 4 of 12



FOCUS™ Terms                              Search Within  All Documents        Go

View: **Full** | Custom                    ◀ 1 of 1 ▶                    **FAST Print** | Print | [
                              More Like This | More Like Selected Text | Shepardize® | TOA

Ⓐ Oki Elec. Indus. Co., Ltd. v. Lg Semicon Co., Ltd., 1998 U.S. Dist. LEXIS 22507  (Copy

Service: **Get by LEXSEE®**
Citation: **1998 U.S. Dist. LEXIS 22507**

*1998 U.S. Dist. LEXIS 22507, \**

OKI ELECTRIC INDUSTRY CO., LTD., Plaintiff, v. LG SEMICON CO., LTD. and LG SEMICON AMERICA, INC., Defendants.

CIVIL NO. 97-20310 SW

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

1998 U.S. Dist. LEXIS 22507

February 25, 1998, Decided
February 25, 1998, Filed; March 6, 1998, Entered in Civil Docket

**DISPOSITION:** **[\*1]** Defendants' motion to dismiss Plaintiff's First Amended Complaint or in alternative, motion for more definite statement (docket number 48) DENIED.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff patent holder filed a patent infringement action against defendant alleged infringers, claiming direct, contributory, and inducement infringement of its patents in the United States District Court for the Northern District of California. The alleged infringers filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or alternatively, a motion for a more definite statement under Fed. R. Civ. P. 12 (e).

**OVERVIEW:** The patent holder filed a first amended complaint stating five claims, each corresponding to one of the patents in suit. Within each claim, the patent holder used separate paragraphs for allegations concerning each alleged infringer. It also used separate paragraphs to allege direct infringement and inducement infringement. The alleged infringers argued that the patent holder failed to set forth in separate counts the direct and inducement infringement claims against each alleged infringer, that it failed to specify particular facts to support its infringement claims, and that it failed to allege that any of the infringing devices were sold in or imported into the United States. The court held that while it was true that each count contained more than one claim, separate paragraphs made clear the different legal theories upon which the patent holder relied and the separate alleged infringers against which those theories were asserted. The court further held that the complaint exemplified the simplicity and brevity of statement that Fed. R. Civ. P. 84 contemplated. Additionally, the court found that an explicit allegation of infringement in the United States was not necessary.

**OUTCOME:** The court denied the alleged infringers' motions to dismiss and for a more definite statement.

**CORE TERMS:** patent, infringement, definite, infringing, inducement, responsive pleading, infringed, motion to dismiss, imported, notice, cause of action, separate count, simplicity, brevity, frame, Federal Rules of Civil Procedure, patent infringement, patented invention, entitled to relief, fails to meet, electric, presentation, contemplate, conclusory, cognizable, embodying, patented, selling, embody, import

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
**HN1** A complaint shall only be dismissed under Fed. R. Civ. P. 12(b)(6) where it appears beyond doubt that no set of facts can support plaintiff's claim for relief. A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Failure to State a Cause of Action
**HN2** In reviewing a motion under Fed. R. Civ. P. 12(b)(6), all allegations of material fact are taken as true and must be construed in the light most favorable to the non-moving party. The moving parties bear the burden of showing that there is no set of facts under which plaintiffs can be entitled to relief on the allegations of their complaint. More Like This Headnote

Civil Procedure > Pleading & Practice > Pleadings > Interpretation
**HN3** A complaint must contain a short and plain statement of the claim, showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). In addition, each claim is founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth. Fed. R. Civ. P. 10(b). More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form
**HN4** Fed. R. Civ. P. 12(e) provides that if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not observed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just. More Like This Headnote

Patent Law > Infringement Actions > Infringing Acts > Sale
Patent Law > Infringement Actions > Infringing Acts > Use
Patent Law > Infringement Actions > Infringing Acts > Intent & Knowledge
**HN5** Fed. R. Civ. P. Form 16 of the appendix of forms sets forth an illustrative complaint for infringement of a patent. Form 16 states a claim for patent infringement in four paragraphs, followed by a demand for relief. The first paragraph alleges jurisdiction. The second paragraph alleges ownership of the patent at issue. The third paragraph alleges that the defendant has been and still is infringing the patent by making, selling, and using electric motors embodying the patented invention. The fourth paragraph alleges notice of the patent on all products manufactured and sold by the patent owner under the patent and written notice to the defendant of the alleged infringement. These four paragraphs are sufficient under the Federal Rules of Civil Procedure and are intended to indicate the simplicity and brevity of statement that the rules contemplate. Fed. R. Civ. P. 84. More Like This Headnote |

Exhibit E
Page 44

*Shepardize:* Restrict By Headnote

Patent Law > Inequitable Conduct > General Overview
Patent Law > Infringement Actions > General Overview
HN6⤓ U.S.D. Ct., N.D. Cal., Civil R. 16-7 provides that 45 days after filing a pleading alleging patent infringement, the party alleging infringement must serve on all parties an "Initial Disclosure of Asserted Claims." This initial disclosure must contain each claim of each patent in suit that is allegedly infringed along with as specific an identification as possible of each accused apparatus, product, device, process, method, act, or other instrumentality. U.S.D. Ct., N.D. Cal., Civil R. 16-7(b). This rule recognizes that notice pleading does not require such specificity and that discovery disclosures are the proper context for such detailed information. More Like This Headnote

Patent Law > Infringement Actions > General Overview
HN7⤓ No allegation that infringing devices were made, used, or sold in, or imported into the United States is contained in Fed. R. Civ. P. Form 16, and yet form 16 is sufficient under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 84. Form 16 thus makes it clear that an explicit allegation of infringement in the United States is not necessary. More Like This Headnote

**COUNSEL:** For OKI ELECTRIC INDUSTRY CO., LTD., Plaintiff: Matthew T. Powers, Matthew D. Powers, Jared Bobrow, Elizabeth H. Rader, Emily S. Lau, Janice V. Mock, Weil Gotshal & Manges LLP, Menlo Park, CA.

For LG SEMICON CO., LTD., LG SEMICON AMERICA, defendants: Daniel J. Bergeson, Richard J. Gray, Bergeson Eliopoulos & Grady LLP, San Jose, CA.

For LG SEMICON CO., LTD., defendant: William E. Wallace, III, Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, defendant: Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, Counter-claimant: Daniel J. Bergeson, Richard J. Gray, Bergeson Eliopoulos & Grady LLP, San Jose, CA.

For LG SEMICON AMERICA, Counter-claimant: Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON CO., LTD., Counter-claimant: William E. Wallace, III, Mariam J. Naini, Morgan Lewis & Bockius LLP, Washington, DC.

For LG SEMICON AMERICA, Counter-claimant: Anthony C. Roth, Morgan Lewis & Bockius, Washington, DC.

For [*2] OKI ELECTRIC INDUSTRY CO., LTD., Counter-defendant: Matthew T. Powers, Matthew D. Powers, Jared Bobrow, Elizabeth H. Rader, Weil Gotshal & Manges LLP, Menlo Park, CA.

For OKI AMERICA, INC., Counter-defendant: David C. Radulescu, Weil Gotshal & Manges LLP, Menlo Park, CA.

**JUDGES:** SPENCER WILLIAMS, United States District Judge.

Exhibit E
Page 45

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 22507    Page 4 of 8

Case 1:06-cv-00041-JJF   Document 38-22   Filed 01/23/2006   Page 7 of 12

**OPINIONBY:** SPENCER WILLIAMS

**OPINION:** ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT

Plaintiff OKI Electric Industry Co., Ltd. ("OKI") initiated this action against Defendants LG Semicon Co., Ltd. ("LG Semicon") and LG Semicon America, Inc. ("LG Semicon America") on April 2, 1997, alleging direct, contributory, and inducement infringement of five patents. In response to OKI's complaint, LG Semicon and LG Semicon America brought a motion to dismiss or, in the alternative, a motion for a more definite statement. In lieu of opposing that motion, OKI filed and served a First Amended Complaint on July 30, 1997, which alleged direct and inducement infringement of the same five patents as the original complaint. LG Semicon and LG Semicon America now bring this motion to dismiss Plaintiff's [*3] First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). For the reasons set forth below, the Court hereby DENIES Defendants' motion.

## BACKGROUND

OKI, a Japanese corporation, owns all rights, interests, and legal title to five U.S. patents: No. 4,603,059 ("the '059 patent"), No. 4,777,732 ("the '732 patent"), No. 4,962,413 ("the '413 patent"), No. 5,075,745 ("the '745 patent"), and No. 5,280,453 ("the '453 patent"). LG Semicon is a Korean corporation and LG Semicon America is a California corporation.

OKI's First Amended Complaint ("FAC") states five claims, each corresponding to one of the patents in suit. Within each claim, OKI uses separate paragraphs for allegations concerning each Defendant. It also uses separate paragraphs to allege direct infringement and inducement infringement. That is, a separate paragraph alleges each of the following: direct infringement against LG Semicon, inducement infringement against LG Semicon, direct infringement against LG Semicon America, and inducement [*4] infringement against LG Semicon America.

## LEGAL STANDARD

### A. Motion to Dismiss under Rule 12(b)(6)

*HN1* A complaint should only be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure where it appears beyond doubt that no set of facts could support plaintiff's claim for relief. Conley v. Gibson, 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99, (1957); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987), cert. denied, 484 U.S. 944, (1987). A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).

*HN2* In reviewing a motion under Rule 12(b)(6), all allegations of material fact are taken as true and must be construed in the light most favorable to the non-moving party. Durning, 815 F.2d at 1267. As the moving parties, LG Semicon and LG Semicon America bear the burden of showing that there is no set of facts under which plaintiffs could be entitled to relief on the allegations of their complaint. [*5] Conley, 355 U.S. at 47.

*HN3* A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In addition, "each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 22507    Page 5 of 8

Case 1:06-cv-00041-JJF    Document 38-22    Filed 01/23/2006    Page 8 of 12

separate count or defense whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b).

### B. Motion for a More Definite Statement under Rule 12(e)

HN4 Federal Rule of Civil Procedure 12(e) provides that:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not observed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

### DISCUSSION

LG Semicon and [*6] LG Semicon America move the Court to dismiss OKI's FAC by arguing that it: (1) fails to set forth in separate counts OKI's direct and inducement infringement claims against each Defendant; (2) it fails to specify particular facts to support its infringement claims and instead refers vaguely and generically to nearly all of Defendants' product line; and (3) it fails to allege that any of the infringing devices are sold in or imported into the United States. Defendants move the Court, in the alternative, for a more definite statement.

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

#### 1. OKI's FAC Need Not Set Forth in Separate Counts OKI's Direct Infringement and Inducement Infringement Claims Against Each Defendant

Defendants first argue that because OKI's FAC does not set forth separate causes of action in separate counts, it fails to meet the pleading standards required by this and other courts. In support of their argument, Defendants rely principally on Gen-Probe Inc. v. Amoco Corp., 926 F. Supp. 948 (S.D.Cal. 1988). The district court there held that the complaint set forth its claims "in a confusingly conclusory manner, accusing each of five defendants [*7] of three very different causes of action on two different patents, all in one conclusory sentence, without adequately specifying the grounds for plaintiff's belief that any of these entities have infringed." Id. at 960. To remedy this lack of organization, the court dismissed most of the plaintiff's claims with leave to amend, and required plaintiff to limit each count of the amended complaint to one cause of action. Id. at 962.

Defendants also look to this Court's opinion in Schlafly v. Public Key Partners, 1994 WL 669858 (N.D.Cal. Nov. 22, 1994) for support of their argument that each count of a complaint must be limited to a single cause of action. In Schlafly, the Court held that the "disjointed and confusing" complaint was "a hodgepodge of allegations to which no defendant could reasonably frame a responsive pleading." Id. at *2. To remedy the confusion caused by that complaint, the Court granted the defendant's motion for a more definite statement and required the plaintiff to individually list each cause of action. Id. Notably, the Court did not require separate counts for each cause of action. Neither the Gen-Probe [*8] nor the Schlafly case establishes a general rule that plaintiffs are required to plead each claim in their complaints in a separate count. Rather, in each case the court was addressing particular organizational deficiencies of the respective pleadings.

Exhibit E
Page 47

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 22507　　　Page 6 of 8

Case 1:06-cv-00041-JJF　　Document 38-22　　Filed 01/23/2006　　Page 9 of 12

In contrast to those cases, here OKI has organized its claims by patent, by type of infringement, and by defendant. While it is true that each count contains more than one claim, separate paragraphs make clear the different legal theories upon which OKI relies and the separate defendants against which those theories are asserted. The organization is "simple, concise, and direct." Fed. R. Civ. P. 8(e). Separate counts are only required "whenever a separation facilitates the clear presentation of the matters set forth." Fed. R. Civ. P. 10(b). Here, OKI's chosen organization is sufficiently clear to obviate the need to require organization of each claim into a separate count.

**2. OKI's FAC Adequately Alleges Facts in Support of its Infringement Claims**

Defendants next argue that OKI's FAC fails to meet the pleading standards by not providing adequate notice of particular facts in support of its claims. An example of the allegations [*9] that Defendants assert are defective is as follows: "Defendant LG America has infringed and is infringing the '059 patent in violation of 35 U.S.C. § 271, by making, importing, offering for sale, selling, and/or using devices that embody the patented methods, including 4 megabit and higher density DRAMs." Specifically, Defendants argue that this allegation refers vaguely and generically to nearly all of Defendants' product line. Therefore, they claim, they are unable to frame a responsive pleading.

HN5 Form 16 of the Appendix of Forms to the Federal Rules of Civil Procedure sets forth an illustrative complaint for infringement of a patent. See Introductory Statement to Appendix of Forms. Form 16 states a claim for patent infringement in four paragraphs, followed by a demand for relief. The first paragraph alleges jurisdiction. The second paragraph alleges ownership of the patent at issue. The third paragraph alleges that the defendant has been and still is infringing the patent by "making, selling, and using electric motors embodying the patented invention." The fourth paragraph alleges notice of the patent on all products manufactured and sold by the patent [*10] owner under the patent and written notice to the defendant of the alleged infringement. These four paragraphs "are sufficient under the [Federal] rules and are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

The phrase "devices that embody the patented methods" from OKI's allegation is substantially similar to the phrase "electric motors embodying the patented invention" found in Form 16. The similarity between the two allegations makes it clear that OKI's FAC is sufficient under the Rules. Indeed, OKI's FAC exemplifies the simplicity and brevity of statement that the Rules contemplate. See Fed. R. Civ. P. 84.

Further support for the Court's determination that OKI's FAC meets the pleading standards is found in the Northern District's Local Rules. HN6 Civil Local Rule 16-7 provides that 45 days after filing a pleading alleging patent infringement, the party alleging infringement must serve on all parties an "Initial Disclosure of Asserted Claims." This initial disclosure must contain each claim of each patent in suit that is allegedly infringed along with as specific an identification as possible of each accused apparatus, [*11] product, device, process, method, act or other instrumentality. Civil L. R. 16-7(b). This local rule recognizes that notice pleading does not require such specificity and that discovery disclosures are the proper context for such detailed information.

**3. OKI's FAC Does Not Need to Explicitly Allege That Any Accused Devices Are Imported or Sold in the United States**

Defendants further argue that OKI's FAC should be dismissed because it fails to allege that any of the accused devices are imported or sold in the United States. Defendants assert that as a result, OKI's FAC fails to plead an essential element of its infringement claims under 35 U.S.C. §§ 271 (a) and (g).

Exhibit E
Page 48

In support of their argument, Defendants rely on Pfizer Inc. v. Aceto Corp., 853 F. Supp. 104 (S.D.N.Y. 1994). In that case it was "undisputed that [the defendant] does not itself import the [allegedly infringing product] into the United States." Id. at 105. The court there did not allow the plaintiff to extend the reach of § 271(g) to foreign manufacturers whose infringing acts do not occur within the United States. Id.

In contrast to that case, [*12] here OKI has alleged in its FAC that the Defendants "import [], offer[] for sale, and/or sell[] [allegedly infringing products] in the United States." Indeed, four paragraphs of the FAC specify that Defendants infringe OKI's patents in the United States. Therefore, the FAC sufficiently states a claim under §§ 271(a) and (g).

Even if OKI's FAC did not allege that Defendants' products infringed in the United States, it would still be sufficient. HN7 No allegation that infringing devices were made, used, or sold in, or imported into the United States is contained in Form 16, and yet the Form is "sufficient under the rules." Fed. R. Civ. P. 84. Form 16 thus makes it clear that an explicit allegation of infringement in the United States is not necessary.

**B. Motion for a More Definite Statement Pursuant to Rule 12(e)**

Defendants argue that OKI should be required to amend its FAC to provide a more definite statement of its claims against Defendants. As explained above, the simplicity and brevity of notice pleading is typified in OKI's FAC, as contemplated by the Federal Rules of Civil Procedure. No more specificity is required in a patent case at the pleading stage.

In support [*13] of their motion for a more definite statement, Defendants have cited several cases involving the imposition of Rule 11 sanctions on plaintiffs who have failed to thoroughly investigate claims before bringing them in court. See, e.g., Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 L. Ed. 2d 359, 110 S. Ct. 2447 (1990); Judin v. United States, 110 F.3d 780 (Fed. Cir. 1997); Refac International Ltd. v. Hitachi Ltd., 1991 U.S. Dist. LEXIS 15890, 19 U.S.P.Q.2D (BNA) 1855 (C.D.Cal. 1991). Such cases are inapposite to the present action in that they properly address the question of unwarranted and frivolous legal contentions in the context of a Rule 11 motion for sanctions. Defendants here have not brought a motion for sanctions and the Court does not find on its own initiative any conduct that appears to warrant an order to show cause why sanctions should not be imposed. See Fed. R. Civ. P. 11(c)(1)(B). If the facts later show that OKI failed to investigate its claims before bringing its FAC, Defendants may bring a motion for Rule 11 sanctions.

**CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss Plaintiff's [*14] First Amended Complaint, or in the alternative, motion for a more definite statement (docket number 48) is DENIED.

IT IS SO ORDERED.

DATED: 2/25/98

SPENCER WILLIAMS

United States District Judge

Get a Document - by Citation - 1998 U.S. Dist. LEXIS 22507  Page 8 of 8

Case 1:06-cv-00041-JJF    Document 38-22    Filed 01/23/2006    Page 11 of 12

Ⓐ Oki Elec. Indus. Co., Ltd. v. Lg Semicon Co., Ltd., 1998 U.S. Dist. LEXIS 22507  (Copy w/ Cite)

Pages: 9

Service: Get by LEXSEE®
Citation: 1998 U.S. Dist. LEXIS 22507
View: Full
Date/Time: Thursday, September 15, 2005 - 7:21 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
△ - Caution: Possible negative treatment
◆ - Positive treatment is indicated
Ⓐ - Citing Refs. With Analysis Available
ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit E
Page 50

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2003 WL 22175514 (N.D.Ill.)
**(Cite as: 2003 WL 22175514 (N.D.Ill.))**

▶

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois, Eastern Division.
PINPOINT, INC., Plaintiff,
v.
AMAZON.COM, et al., Defendants.
**No. 03 C 4954.**

Sept. 19, 2003.

Lynn H. Pasahow, J. David Hadden, Darren Donnelly, Wendy Bjerknes, Lynne A. Maher, Fenwick & West LLP, Mountain View, CA, Fred H. Bartlit, Jr., Philip Scott Beck, Mark Edward Ferguson, Shawn F. Fagan, Mark S. Ouweleen, Paul J. Skiermont, Bartlit, Beck, Herman, Palenchar & Scott, Chicago, IL, for Plaintiff/Counter-Defendant.

Todd Clark Jacobs, Robert David Donoghue, Grippo & Elden, Chicago, IL, Lynn H. Pasahow, J. David Hadden, Darren Donnelly, Wendy Bjerknes, Lynne A. Maher, Fenwick & West LLP, Mountain View, CA, for Defendants.

Todd Clark Jacobs, Robert David Donoghue, Grippo & Elden, Chicago, IL, Lynne A. Maher, Fenwick & West LLP, Mountain View, CA, for Counter-Claimant.

*MEMORANDUM OPINION AND ORDER*

CONLON, J.

*1 Pinpoint Incorporated ("Pinpoint") sues Amazon.com, Inc. ("Amazon") and Babiesrus.com, LLC, Borders Group, Inc., Borders, Inc., BeMusic, Inc. (incorrectly identified as CDnow, Inc.), Egghead .com, Inc., Target Corporation, Toys "R" Us, Inc., Toysrus.com, Inc ., Virgin Group Ltd. and Walden Book Company, Inc. (incorrectly identified as Walden Books, Inc.) (collectively, "co-defendants") for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* Amazon counterclaims for a declaration of non-infringement and invalidity. Without citing a procedural basis for its motion, Amazon moves to sever and stay this action against its co-defendants. Once the action is severed, Amazon, a Delaware corporation with its principal place of business in Seattle, Washington, contends transfer of its case to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) (" § 1404(a)") is appropriate.

DISCUSSION
I. Motion to Sever and Stay

Fed.R.Civ.P. 20(a) provides in relevant part:
All persons ... may be joined in one action as defendants if there is asserted against them, jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.
Under Fed.R.Civ.P. 21, the court may sever any claim against a misjoined party. According to Amazon, Pinpoint's claims against its co-defendants should be severed and stayed because the co-defendants are only peripherally involved in this litigation as Amazon customers.

Although the complaint alleges that the co-defendants are Amazon customers, Pinpoint's complaint can be read to include the co-defendants' independent use of the personalization technology at issue. Specifically, Pinpoint alleges each co-defendant "makes, uses, offers to sell, and/or sells personalization technology." Compl. at ¶ ¶ 29, 31, 33, 35, 37, 39, 41, 43, 45. In addition, Pinpoint claims its pre-suit investigation revealed that defendant CDnow, Inc. began using personalization technology prior to its affiliation with Amazon. Affidavit of Daniel Henderson at ¶ 7. Amazon does not offer any evidence to the contrary. Nor does Amazon offer evidence that the indemnification agreements with its co-defendants cover independent infringement. Indeed, not one of the co-defendants joins in Amazon's motion, despite representation by the same counsel. Absent evidence that its co-defendants have not used the purportedly infringing technology outside of Amazon, Amazon's motion to sever and stay must be denied.

II. Motion to Transfer

Even if the co-defendants have not independently used the purportedly infringing technology, transfer to the Western District of Washington is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.