Case 1:06-cv-00041-JJF   Document 38-23   Filed 01/23/2006   Page 1 of 12

Not Reported in F.Supp.2d                                                                                   Page 2
Not Reported in F.Supp.2d, 2003 WL 22175514 (N.D.Ill.)
**(Cite as: 2003 WL 22175514 (N.D.Ill.))**

inappropriate. To prevail on a motion to transfer under § 1404(a), the movant must demonstrate: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice. *Pasulka v. Sykes,* 131 F.Supp.2d 988, 994 (N.D.Ill.2001), quoting *TruServ Corp. v. Neff,* 6 F.Supp.2d 790, 793 (N.D.Ill.1998). The parties agree that venue is proper both in this court and the Western District of Washington. Therefore, Amazon's motion turns on whether transfer would be for the convenience of the parties and witnesses, and is in the interests of justice.

A. Convenience of the Parties

*2 In determining the convenience of the parties and witnesses, the court considers: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the witnesses and parties of litigating in the respective forums. *Confederation Des Brasseries de Belgique v. Coors Brewing Co.,* No. 99 C 7526, 2000 WL 88847, at *3 (N.D.Ill. Jan.20, 2000). Amazon, as the moving party, bears the burden of showing that the Western District of Washington is clearly more convenient than the Northern District of Illinois. *Source Services Corp. v. Technisource, Inc.,* No. 95 C 1420, 1995 WL 493499, at *2 (N.D.Ill. Aug.9, 1995). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district over the transferee district. *Tsaparikos v. Ford Motor Co.,* No. 02 C 6899, 2002 WL 31844949 (N.D.Ill.Dec.18, 2002).

A plaintiff's choice of forum is generally given substantial weight under § 1404(a). *Vandeveld v. Christoph,* 877 F.Supp. 1160, 1167 (N.D.Ill.1995). However, where the plaintiff's choice is not its resident forum, the chosen forum is entitled to less deference. *Bryant v. ITT Corp.,* 48 F.Supp.2d 829, 832 (N.D.Ill.1999). The Northern District of Illinois is not Pinpoint's resident forum. Therefore, its choice of forum is not given great deference and is only one of many factors the court considers. *Plotkin v. IP Axess, Inc.,* 168 F.Supp.2d 899, 902 (N.D.Ill.2001).

The second factor does not favor either venue because "the material events of a patent infringement case do not revolve around a particular situs." *Sitrick v. FreeHand Systems, Inc.,* No. 02 C 1568, 2003 WL 1581741, at *3 (N.D.Ill. March 27, 2003). In other words, the comparison involved in determining whether a patent has been infringed does not implicate specific location. *Id.,* citing *Medi USA, L.P. v. Jobst Institute, Inc.,* 791 F.Supp. 208, 210 (N.D.Ill.1992). It is undisputed that Amazon's alleged infringement occurred in every district in the country. Motion at 7. Therefore, this factor is neutral. *See Colida v. Kyocera Wireless Corp.,* 02 C 7348, 2003 WL 1741396, at *2 (N.D.Ill. April 1, 2003)(situs of material events factor neutral in national patent infringement action brought by foreign plaintiff).

The relative ease of access to sources of proof only slightly favors transfer. A majority of the documents relevant to Pinpoint's claims are at Amazon's corporate headquarters in Seattle, Washington. However, the copying and shipping of documents does not impose a significant burden. All documents necessary to present both sides of the case can easily be transported to either venue. *Hanley v. Omarc, Inc.,* 6 F.Supp.2d 770, 775 (N.D.Ill.1998). Moreover, the servers that operate Amazon's website features, including the personalization features, are located in Washington and Virginia. Accordingly, this factor carries little weight.

*3 Witness convenience is the most important factor in determining whether transfer is appropriate. *Confederation Des Brasseries de Belgique,* 2000 WL 88847, at *4. In considering this factor, the court must look to the nature and quality of the witnesses' testimony, not just the number of witnesses in each venue. *Id.* The court must also consider whether these witnesses will be subject to compulsory process and the cost to obtain attendance of willing witnesses. *Id.*

Amazon names nine potential witnesses. Four of the witnesses currently work for Amazon and five are former employees. Amazon's current employees are irrelevant to the convenience analysis. *See Avesta Sheffield v. Olympic Continental Resources, L.L.C.,* No. 99 C 7647, 2000 WL 198462, at *6 (N.D.Ill. Feb.14, 2000)("It is presumed that a party's employees will appear as witnesses voluntarily"). Moreover, Amazon does not explain why former employees' testimony is necessary. Indeed, the former employees proposed testimony appears cumulative of current employees' proposed testimony regarding the development of Amazon's personalization technology. Even if former employees' testimony is necessary, Amazon fails to provide evidence that these witnesses will not appear voluntarily or that their testimony cannot be offered through deposition. *Central States v. Kurtz Gravel Co.,* No. 98 C 2174, 1998 WL 684216, at *2 (N.D.Ill. Sept.18, 1998)(lack of compulsory process does not compel transfer where there is no evidence that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

witnesses are hostile or reluctant).

In contrast, Pinpoint submits evidence establishing that Chicago is a more convenient forum for its witnesses than Seattle. The inventors of Pinpoint patents reside in West Virginia, Maryland and Pennsylvania. For these witnesses, Chicago is closer and poses lower travel expenses than Seattle. Based on this record, witness convenience strongly weighs in favor of retaining this case.

The court also must consider the convenience of the parties in its § 1404(a) determination. Specifically, the court should consider the parties' respective residences and their ability to bear the costs of litigating in a particular forum. *Avesta Sheffield,* 2000 WL 198462, at *7. Pinpoint is a Texas corporation with its principal place of business in Fort Worth. Pinpoint maintains a Chicago office and has retained Chicago counsel. Amazon is a Delaware corporation with its principal place of business in Seattle. Amazon has retained local counsel, but is represented by California counsel. As a result, Amazon's lead counsel will need to travel whether the case remains here or is transferred to Washington.

More importantly, Pinpoint has offered evidence that it is a one employee company with 2002 assets of $55,000. Amazon, a Fortune 500 company, had sales in excess of one billion dollars in 2002. Under these circumstances, the court will not upset Pinpoint's selection of this forum, especially when Amazon fails to offer any evidence regarding its inability to litigate in Illinois. *See Avesta Sheffield,* 2000 WL 198462, at *7 (transfer inappropriate where the transfer merely transforms an inconvenience for one party into an inconvenience for the other).

B. Interests of Justice

*4 Finally, the court must consider whether transfer is in the interest of justice. The interest of justice analysis focuses on efficient functioning of the courts, rather than the private interests of the litigants. *TIG Ins. Co. V. Brightly Galvanized Products, Inc.,* 911 F.Supp. 344, 346 (N.D.Ill.1996). In determining the interest of justice, the court considers traditional notions of judicial economy, such as (1) relations of the community to the issues; (2) ensuring a speedy trial; and (3) the respective court's familiarity with the applicable law. *Avesta Sheffield,* 2000 WL 198462, at *7. Both districts are equally capable of resolving federal patent litigation of an international scope. However, this court will ensure a speedy trial by setting a trial date at the status hearing on September 23, 2003. Based on this record, transfer is inappropriate.

CONCLUSION
Amazon's motions to sever, stay and transfer are denied.

Not Reported in F.Supp.2d, 2003 WL 22175514 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2174225 (Trial Motion, Memorandum and Affidavit) Defendants' Reply Memorandum to Pinpoint's Opposition to Defendants' Motion for Summary Judgment of Non-Infringement and Invalidity (Aug. 13, 2004)

• 2004 WL 2174230 (Trial Motion, Memorandum and Affidavit) Defendants' Responses and Objections to Plaintiff Pinpoint's "Additional Facts" Supporting Their Opposition to Summary Judgment Pursuant to Local Rule 56.1 (Aug. 13, 2004)

• 2004 WL 2174221 (Trial Motion, Memorandum and Affidavit) Pinpoint's Sur-Reply on Claim Construction (Aug. 06, 2004)

• 2004 WL 2174216 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum in Reply to Plaintiff's Memorandum of Law on Claim Construction (Aug. 03, 2004)

• 2004 WL 2174212 (Trial Motion, Memorandum and Affidavit) Pinpoint's Memorandum of Law on Claim Construction (Jul. 21, 2004)

• 2004 WL 2174207 (Trial Motion, Memorandum and Affidavit) Defendants' Memorandum of Law in Support of Their Motion for Claim Construction (Jul. 01, 2004)

• 2004 WL 2174202 (Trial Motion, Memorandum and Affidavit) Plaintiff/Counterdefendant Pinpoint Incorporated's Reply to Amazon.com, Inc.'s Amended Counterclaim (May. 06, 2004)

• 2004 WL 2174174 (Trial Pleading) First Amended Answer and Counterclaims of Defendant and Counterclaimant Amazon.com, Inc. (Apr. 16, 2004)

• 2004 WL 2174178 (Trial Pleading) First Amended Answer of Defendant Babiesrus.com, LLC (Apr. 16, 2004)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:06-cv-00041-JJF   Document 38-23   Filed 01/23/2006   Page 3 of 12

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22175514 (N.D.Ill.)
**(Cite as: 2003 WL 22175514 (N.D.Ill.))**

Page 4

• 2004 WL 2174180 (Trial Pleading) First Amended Answer of Defendant Bemusic, Inc. (Apr. 16, 2004)

• 2004 WL 2174182 (Trial Pleading) First Amended Answer of Defendant Borders, Inc. (Apr. 16, 2004)

• 2004 WL 2174185 (Trial Pleading) First Amended Answer of Defendant Borders Group, Inc. (Apr. 16, 2004)

• 2004 WL 2174186 (Trial Pleading) First Amended Answer of Defendant Target Corporation (Apr. 16, 2004)

• 2004 WL 2174188 (Trial Pleading) First Amended Answer of Defendant Toys "R" US, Inc. (Apr. 16, 2004)

• 2004 WL 2174190 (Trial Pleading) First Amended Answer of Defendant Toysrus.com, Inc. (Apr. 16, 2004)

• 2004 WL 2174193 (Trial Pleading) First Amended Answer of Defendant Virgin Entertainment Group, Inc. (Apr. 16, 2004)

• 2004 WL 2174197 (Trial Pleading) First Amended Answer of Defendant Walden Book Company, Inc. (Apr. 16, 2004)

• 2003 WL 23798240 (Trial Pleading) Answer of Defendant Toysrus.com, Inc. (Dec. 17, 2003)

• 2003 WL 23798258 (Trial Pleading) Answer of Defendant Toys "R" US, Inc. (Dec. 17, 2003)

• 2003 WL 23798270 (Trial Pleading) Answer of Defendant Borders, Inc. (Dec. 17, 2003)

• 2003 WL 23798276 (Trial Pleading) Answer of Defendant Borders Group, Inc. (Dec. 17, 2003)

• 2003 WL 23798285 (Trial Pleading) Answer of Defendant Walden Book Company, Inc. (Dec. 17, 2003)

• 2003 WL 23798296 (Trial Pleading) Answer of Defendant Target Corporation (Dec. 17, 2003)

• 2003 WL 23798309 (Trial Pleading) Answer of Defendant Bemusic, Inc. (Dec. 17, 2003)

• 2003 WL 23798324 (Trial Pleading) Answer Defendant Babiesrus.com, Llc (Dec. 17, 2003)

• 2003 WL 23798340 (Trial Pleading) Answer and Counterclaims of Defendant and Counterclaimant Amazon.com. Inc. (Dec. 17, 2003)

• 2003 WL 23798358 (Trial Pleading) Answer of Defendant and Counterclaimant Virgin Entertainment Group, Inc. (Dec. 17, 2003)

• 2003 WL 23798110 (Trial Pleading) Answer of Defendant Toys "R" US, Inc. (Sep. 23, 2003)

• 2003 WL 23798207 (Trial Motion, Memorandum and Affidavit) Plaintiff's Memorandum in Opposition to Virgin Group Ltd.'s Motion to Dismiss (Sep. 18, 2003)

• 2003 WL 23798199 (Trial Motion, Memorandum and Affidavit) Plaintiff/Counterdefendant Pinpoint Incorporated's Reply to Amazon.com, Inc.'s Counterclaim (Sep. 09, 2003)

• 2003 WL 23798094 (Trial Pleading) Answer of Defendant Bemusic, Inc. (Sep. 03, 2003)

• 2003 WL 23798191 (Trial Motion, Memorandum and Affidavit) Plaintiff's Brief in Opposition to Amazon.com's Motion to Sever and Stay Action Against Other Defendants and Motion to Transfer Action Against Amazon to the Western District of Washington (Sep. 03, 2003)

• 2003 WL 23798121 (Trial Pleading) Answer of Defendant Borders, Inc. (Sep. 02, 2003)

• 2003 WL 23798134 (Trial Pleading) Answer of Defendant Toysrus.com, Inc. (Sep. 02, 2003)

• 2003 WL 23798153 (Trial Pleading) Answer of Defendant Walden Book Company, Inc. (Sep. 02, 2003)

• 2003 WL 23798165 (Trial Pleading) Answer of Defendant Babiesrus.com, LLC (Sep. 02, 2003)

• 2003 WL 23798173 (Trial Pleading) Answer of Defendant Borders Group, Inc. (Sep. 02, 2003)

• 2003 WL 23798182 (Trial Pleading) Answer of Defendant Target Corporation (Sep. 02, 2003)

• 2003 WL 23798218 (Trial Motion, Memorandum and Affidavit) Memorandum of Points and Authorities in Support of Motion to Dismiss Defendant Virgin Group Limited Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5) (Sep.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

02, 2003)

• 2003 WL 23798065 (Trial Motion, Memorandum and Affidavit) Memorandum of Points & Authorities in Support of Defendant Amazon.com, Inc.'s Motion to Sever & Stay Action Against Amazon.com's Co-Defendants and Motion to Transfer Action Against Defendant Amazon.com, Inc. to the Western District of Washington. (Aug. 19, 2003)

• 2003 WL 23798081 (Trial Pleading) Answer and Counterclaims of Defendant and Counterclaimant Amazon.com, Inc. (Aug. 19, 2003)

• 2003 WL 23798057 (Trial Pleading) First Amended Complaint for Patent Infringement (Aug. 13, 2003)

• 2003 WL 23798028 (Trial Pleading) Complaint for Patent Infringement (Jul. 17, 2003)

• 1:03cv04954 (Docket) (Jul. 17, 2003)

• 2002 WL 32659700 (Trial Pleading) Second Amended Complaint for Patent Infringement (Dec. 10, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



**FOCUS™** Terms    Search Within  All Documents   

View: **Full** | Custom      ◀ 1 of 1 ▶      **FAST Print**  Print |

More Like This | More Like Selected Text | *Shepardize®* | TOA

⚠ **Quantel Ltd. v. Adobe Sys., 1996 U.S. Dist. LEXIS 21651**  (Copy w/ Cite)

Service: **Get by LEXSEE®**
Citation: **1996 U.S. Dist. LEXIS 21651**

*1996 U.S. Dist. LEXIS 21651, ***

QUANTEL LIMITED, Plaintiff, v. ADOBE SYSTEMS INCORPORATED, Defendant.

Civil Action No. 96-18-RRM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

1996 U.S. Dist. LEXIS 21651

December 12, 1996, Decided

**DISPOSITION:** [*1] Adobe's motion to transfer (D.I. 12) denied.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff corporation filed a patent infringement action against defendant software company. The software company filed a motion to transfer the case to the Northern District of California.

**OVERVIEW:** The software company argued that transfer was proper because crucial third party witnesses could be compelled to appear at trial in the Northern District of California, that cost and convenience of the parties favored transfer, and the corporation's choice of forum should be entitled to little deference because the corporation, a British company, was not suing on its "home turf." The court found that (1) although the corporation was not on its "home turf," Delaware was a good choice for the corporation because it was midway between England and California, the corporation's sole U.S. subsidiary was on the east coast, and Delaware courts had a lot of experience with patent infringement claims; (2) though more convenient for the software company, the inconvenience would be greater for the corporation if forced to litigate in California and the court doubted that pulling key employees away from work to testify in Delaware would seriously hamper the software company's business; and (3) although it was true that the court would not be able to compel some California witnesses to testify, videotaped depositions would make an adequate substitute.

**OUTCOME:** The court denied the software company's motion to transfer.

**CORE TERMS:** choice of forum, travel, convenience, videotaped, deposition, compulsory process, deference, reside, unavailability, patent, motion to transfer, key employees, convenient, scheduled, deadlines, principal place of business, civil action, transferred, third-party, compelled, balancing, outweigh, venue, turf, failed to demonstrate, business hours, next year, appreciably, subsidiary, distance

Exhibit G
Page 56

**LexisNexis(R) Headnotes** ✦ Hide Headnotes

Civil Procedure > Venue > Change of Venue Generally

**HN1** 28 U.S.C.S. § 1404(a) provides that for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. There is no definitive list of factors that a court must consider in deciding whether to transfer a case to another district. Rather, a court should consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum. A plaintiff's choice of forum is a paramount consideration in any determination of a motion to transfer, and its choice should not be lightly disturbed. Unless the party seeking transfer demonstrates that a balancing of relevant factors weighs strongly in favor of a transfer, the plaintiff's choice of forum should prevail. More Like This Headnote

**COUNSEL:** For QUANTEL LIMITED, plaintiff: Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

For ADOBE SYSTEMS, INC., defendant: William J. Marsden, Jr., Potter, Anderson & Corroon, Wilmington, DE.

For ADOBE SYSTEMS, INC., counter-claimant: William J. Marsden, Jr., Potter, Anderson & Corroon, Wilmington, DE.

For QUANTEL LIMITED, counter-defendant: Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Roderick R. McKelvie, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Roderick R. McKelvie

**OPINION: ORDER DENYING MOTION TO TRANSFER**

This is a patent infringement case. Plaintiff Quantel Limited ("Quantel") is a United Kingdom corporation with its principal place of business in the United Kingdom. Defendant Adobe Systems Incorporated ("Adobe") is a California corporation with its principal place of business in Mountain View, California. Quantel filed this action on January 17, 1996, alleging that Adobe is infringing several of its U.S. patents by making, using, and selling Adobe "Photoshop" products. Pursuant to 28 U.S.C. § 1404(a), Adobe has filed a motion to transfer this case to the Northern District [*2] of California. The parties have submitted briefing on this motion, and the court heard additional argument at a status conference on September 5, 1996. For the reasons set out below, the court will deny Adobe's motion.

**HN1** 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no definitive list of factors that a court must consider in deciding whether to transfer a case to another district. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Rather, a court should "consider all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. A plaintiff's choice of forum is a paramount consideration in any determination of a motion to transfer, and its choice should not be lightly disturbed. Id.; Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910, 27 L. Ed. 2d 808, 91 S. Ct. 871 (1971). Unless the party seeking transfer demonstrates [*3] that a balancing of relevant factors weighs strongly in favor of a transfer, the plaintiff's choice of forum should prevail. Shutte, 431 F.2d

Exhibit G
Page 57

at 25.

Here, the parties do not dispute that this action could have been brought in the Northern District of California. See 28 U.S.C. § 1391(b) (venue proper in district where defendant resides). Adobe argues that transfer to the Northern District of California is appropriate because 1) crucial third-party witnesses can be compelled to appear at trial in the Northern District of California but cannot be compelled by this court to appear at trial; 2) the costs of this action will be reduced and greater convenience to the parties and witnesses will result because most of Adobe's witnesses reside in the Northern District of California, whereas Quantel's witnesses reside in England and must travel regardless of whether this action is transferred; and 3) Quantel's choice of forum is entitled little deference because Quantel did not sue on its "home turf" and because this action did not arise in Delaware. The court will address each of Adobe's arguments, beginning with its contention that Quantel's choice of forum is entitled little deference. [*4]

### 1. Quantel's Choice of Forum

Adobe argues that little deference is due Quantel's choice of forum because Quantel did not sue on its "home turf" and because this action did not arise in Delaware. As this court recently held, however, a plaintiff's choice of forum should be accorded significant weight as long as its choice of forum relates to legitimate and rational concerns. See Joint Stock Society v. Heublein, Inc., 936 F. Supp. 177, 187 (D. Del. 1996).

Quantel chose to file suit in this district for a number of reasons. As Delaware is located midway between England and California, where Quantel and Adobe are respectively based, the parties will share the burden of travel and expense. The time difference between England and Delaware will permit both parties to contact their home offices for trial support during business hours, whereas Quantel would not be able to do so if trial took place in California. Quantel's sole U.S. subsidiary is located on the East Coast, in Connecticut, and incorporated in Delaware. Some of the equipment that Quantel plans to use at trial is located at its U.S. subsidiary, and thus is easier to transport to Delaware than to California. Courts [*5] in the District of Delaware have considerable experience with patent cases. The median length of time between the filing of a civil action and the commencement of trial is shorter in this district than in many districts, including the Northern District of California. See generally Administrative Office of the United States Courts, Federal Court Management Statistics (May 1996). These are all legitimate and rational reasons for choosing to litigate this action in the District of Delaware. Accordingly, the court will accord Quantel's choice of forum significant weight.

### 2. Cost and Convenience

Adobe argues that transfer of this action to the Northern District of California would result in greater convenience to the parties and witnesses and would reduce the costs of this action for a number of reasons. First, most of the witnesses Adobe presently intends to call reside in the Northern District of California. Second, if this case is not transferred, Adobe's key employees would be required to travel to Delaware to testify at trial, a result which would have a detrimental economic effect on Adobe's business. Under Adobe's current production schedule, Adobe plans to introduce [*6] several new products early next year. Adobe contends that if its key employees must travel to Delaware to testify at trial near the scheduled introduction deadlines, Adobe would likely miss those deadlines, causing Adobe to suffer substantial economic losses. Finally, Adobe contends that the Northern District of California is not an appreciably more inconvenient forum than the District of Delaware for Quantel and its witnesses because they will have to travel a great distance even if trial takes place in Delaware.

Adobe's arguments fail to persuade the court that transfer of this action to the Northern

District of California would result in greater convenience to the parties and witnesses and would reduce the costs of this action. To begin with, the court is not convinced that, if trial were held in Delaware, the absence of key employees from Adobe's operations would have the dire consequences Adobe predicts. Adobe does not specify the exact dates for the introduction of its new products, stating only that some products are scheduled to be introduced "early next year." Adobe's contention that it will not be able to meet its deadlines if trial is held in Delaware is thus too vague **[*7]** and speculative for the court to give it meaningful consideration. Moreover, trial in this case is currently set to begin on April 21, 1997, and the court is amenable to rescheduling trial if proceeding as scheduled would pose an extreme hardship to Adobe. In any event, Adobe's employees would be required to spend some time away from work even if trial were held in California. Although they would miss more time from work if they were required to travel to Delaware to testify at trial, at most they would probably miss only a few days of work, and it is difficult to imagine that their absence from work for a few days would throw Adobe's operations completely off schedule.

Furthermore, though Adobe has shown the court that the Northern District of California would certainly be more convenient for Adobe and its witnesses, Adobe has failed to demonstrate that the Northern District of California is not appreciably more inconvenient than the District of Delaware for Quantel and its witnesses. As Quantel points out, the District of Delaware is a considerably more convenient forum than the Northern District of California for Quantel and its witnesses. Although Quantel and its witnesses located **[*8]** in England must travel some distance even if trial occurs in Delaware, they would be required to travel even farther -- five or six hours by plane, to be specific -- if trial occurred in California. Moreover, some of Quantel's witnesses and technical support personnel are located in Connecticut, and Delaware is more convenient for them than California. In addition, some of Quantel's records, physical evidence, and equipment intended for use at trial are also located in Connecticut, and can be more easily transported to Delaware than California. Delaware is also much more convenient for Quantel because the time difference between England and Delaware would allow Quantel to communicate with its home office for trial support during business hours, whereas the time difference between England and California would not permit Quantel to do so. Finally, just as Adobe's employees would be required to spend more time away from work if trial were held in Delaware, Quantel's employees who will testify at trial would be required to miss more time from work if trial were held in California rather than Delaware.

Thus, Adobe has not demonstrate that, on balance, transfer of this case to the Northern **[*9]** District of California would result in greater convenience to both parties and their witnesses and would reduce the overall costs of this action.

### 3. Availability of Compulsory Process

Finally, Adobe argues that transfer would serve the interests of justice because the Northern District of California, unlike this court, is able to compel the attendance at trial of crucial third-party witnesses who have stated their refusal to travel voluntarily to Delaware to testify at trial.

Although the court understands Adobe's preference for live testimony at trial, Adobe has not shown that the use of videotaped deposition testimony would be an inadequate substitute. For example, Adobe contends that, in order to overcome the Government's "seal of approval" and prove that a patent is invalid, a prior art witness must "teach" the prior art to the jury. It is not apparent to the court why this could not be accomplished through the use of a videotaped deposition. And although Adobe contends that the presence of a witness is important to his or her credibility, the jury can gauge the credibility of a witness by observing his or her demeanor on videotape. As a result, Adobe has failed to demonstrate **[*10]** that its need for compulsory process outweighs the consideration due Quantel's choice of forum. See, e.g., McEvily v. Sunbeam-Oster Co., Inc., 878 F. Supp. 337, 348 (D.R.I. 1994) (finding that the need for compulsory process to procure testimony of witnesses was not of sufficient

Exhibit G
Page 59

consequence to outweigh the convenience to witnesses in having trial in transferee forum where plaintiff could use videotaped deposition at trial); Applied Resources, Inc. v. Electronic Display Sys., 763 F. Supp. 1561, 1561 (D. Kan. 1991) (holding that where change of venue would simply shift inconvenience to plaintiff, fact that defendant could not compel a material witness to testify in plaintiff's chosen venue did not require transfer since defendant could use a videotaped deposition); Houk v. Kimberly-Clark Corp., 613 F. Supp. 923, 931 (W.D. Mo. 1985) (finding that unavailability of compulsory process was not a sufficient ground for transfer where defendant failed to show that use of videotaped depositions would be inadequate); Micheel v. Haralson, 586 F. Supp. 169, 173 (E.D. Pa. 1983) (finding that plaintiff's choice of forum was not defeated by defendant's claim of unavailability of compulsory [*11] process where defendant failed to show that use of videotaped deposition would be inadequate).

In sum, Adobe has failed to show that a balancing of factors such as the deference due Quantel's choice of forum, convenience to the parties and witnesses, costs incurred by this action, and the unavailability of compulsory process in this court strongly favors transfer of this action to the Northern District of California. Thus,

For the reasons set out above,

IT IS HEREBY ORDERED that Adobe's motion to transfer (D.I. 12) is denied.

Roderick R. McKelvie

UNITED STATES DISTRICT JUDGE

Dated: December 12, 1996

---

View: **Full** | Custom          ◀ 1 of 1 ▶          *FAST Print*     Print | Download | Fax | Email | Text Only
More Like This | More Like Selected Text | *Shepardize*® | TOA

 **Quantel Ltd. v. Adobe Sys., 1996 U.S. Dist. LEXIS 21651**  (Copy w/ Cite)          Pages:  6

Service: **Get by LEXSEE®**
Citation: **1996 U.S. Dist. LEXIS 21651**
View: Full
Date/Time: Thursday, September 15, 2005 - 6:32 PM EDT

* Signal Legend:
● - Warning: Negative treatment is indicated
[Q] - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
✚ - Positive treatment is indicated
[A] - Citing Refs. With Analysis Available
[i] - Citation information available
* Click on any *Shepard's* signal to *Shepardize*® that case.

Copyright © 2005 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Exhibit G
Page 60

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 19110        Page 1 of 6

Case 1:06-cv-00041-JJF    Document 38-23    Filed 01/23/2006    Page 10 of 12



FOCUS™ Terms                                    Search Within  All Documents    

View: **Full** | Custom                  1 of 1                    **FAST Print**   Print |
More Like This | More Like Selected Text | Sheppardize® | TOA
R2 Tech. v. Intelligent Sys. Software, 2002 U.S. Dist. LEXIS 19110  (Copy w/ Cite)

Service: **Get by LEXSEE®**
Citation: **2002 U.S.Dist. LEXIS 19110**

*2002 U.S. Dist. LEXIS 19110, \**

R2 TECHNOLOGY, INC., and SHIH-PING WANG, Plaintiffs, v. INTELLIGENT SYSTEMS SOFTWARE, INC., Defendant.

C.A. No. 02-472 GMS

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2002 U.S. Dist. LEXIS 19110

October 9, 2002, Decided

**SUBSEQUENT HISTORY:** Patent interpreted by R2 Tech. v. Intelligent Sys. Software, Inc., 2003 U.S. Dist. LEXIS 7436 (D. Del., Apr. 30, 2003)

**DISPOSITION:** [\*1] Defendants' motion to transfer DENIED. Defendants' motion for more definite statement DENIED.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff manufacturers sued defendant competitors for patent infringement. The competitors moved to transfer the case and for a more definite statement of the complaint.

**OVERVIEW:** The manufacturers alleged the competitors were infringing on the manufacturers' patents protecting a medical device. The competitors were affiliated Delaware corporations with employees located in offices in New Hampshire and Florida. Defendants moved to transfer the case to the Southern District of Florida. There could be little dispute that the case could be brought there because the competitors' principal place of business was located within that judicial district. The competitors did not dispute that the instant court had personal jurisdiction over it and that venue was proper in the current district. Upon consideration of the applicable Jumara factors, the court found that the competitors had not met their burden of demonstrating that transfer was appropriate. The court also found for the manufacturers on the motion for a more definite statement; the complaint was not vague or ambiguous that the competitors could not be reasonably required to frame a responsive pleading to it, and the manufacturers were not required to identify in the complaint which patent claims had been infringed.

**OUTCOME:** The court denied the competitors' motions.

**CORE TERMS:** patent infringement, patent, detection, patents-in-suit, definitive, infringe,

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 19110     Page 2 of 6

Case 1:06-cv-00041-JJF     Document 38-23     Filed 01/23/2006     Page 11 of 12

southern district, computer-aided, infringement, mammograms, Federal Rules of Civil Procedure, judicial district, contributory, infringed, offering, selling, induced, plead, breast cancer, collectively, manufactures, radiologists, eighty-two, entities

## LexisNexis(R) Headnotes ♦ Hide Headnotes

Civil Procedure > Venue > Change of Venue in Federal Courts
**HN1** 28 U.S.C.S. § 1404(a) provides that for the convenience of the parties and the witnesses, in the interest of justice, the court may transfer this action to any other district where it might have been brought. More Like This Headnote

Civil Procedure > Venue > General Venue
Copyright Law > Civil Infringement Actions > Jurisdiction & Venue > General Overview
**HN2** See 28 U.S.C.S. § 1400(b).

Civil Procedure > Venue > Change of Venue in Federal Courts
**HN3** The United States Court of Appeals for the Third Circuit has provided a list of factors to assist a district court in determining whether, on balance, the litigation would conveniently proceed and the interests of justice would be better served by a transfer to a different forum. These factors include six private and five public interests which the court may consider. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form
**HN4** The decision of whether to grant or deny a motion for a more definite statement rests within the sound discretion of the district court. Courts generally view motions for a more definitive statement with disfavor. They do so because the Federal Rules of Civil Procedure require that a pleading contain only a short and plain statement of the claim showing that the party is entitled to relief. Fed. R. Civ. P. 8. As a result, a party may only move for a more definitive statement in an effort to remedy an unintelligible pleading. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Defects of Form
**HN5** The Fed. R. Civ. P. 8 pleading standard does not change in an action for patent infringement. A complaint need only identify the patent, not the specific claims, being asserted. More Like This Headnote


**COUNSEL:** For R2 Technology Inc, Shih-Ping Wang, PLAINTIFFS: Maryellen Noreika, Morris, Nichols, Arsht & Tunnell, Wilmington, DE USA.

For Intelligent Systems Software, Inc, Issi Acquisition Corporation, Icad Inc, DEFENDANTS: Linda Richenderfer, Saul Ewing LLP, Wilmington, DE USA.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

## OPINION: MEMORANDUM AND ORDER

### I. INTRODUCTION

On June 3, 2002, the plaintiffs, R2 Technology, Inc. and Shih-Ping Wang (collectively "R2"), filed the above-captioned action alleging patent infringement of a medical device that analyzes mammograms and marks possible signs of breast cancer. On July 11, 2002, R2 filed its First Amended Complaint. Rather than respond to this complaint, however, the

Exhibit H
Page 62

Get a Document - by Citation - 2002 U.S. Dist. LEXIS 19110　　　　Page 3 of 6

Case 1:06-cv-00041-JJF　　　Document 38-23　　　Filed 01/23/2006　　　Page 12 of 12

defendants, Intelligent Systems Software, Inc. ("ISSI"), ISSI Acquisition Corporation, Inc. ("ISSI Acquisition"), and Icad, inc. ("Icad") (collectively "the defendants" or "Icad"), moved to transfer this case to the Southern District of Florida and for a more definite statement of the complaint. For the following reasons, **[*2]** the court will deny both of the defendants' motions.

## II. DISCUSSION

R2 is a privately-owned Delaware corporation, with its principal executive offices located in Northern California. It manufactures, and sells, proprietary medical systems to assist radiologists in cancer detection. In 1998, the United States Food and Drug Administration ("FDA") approved R2's ImageChecker product. ImageChecker is the first commercially manufactured computer-aided detection ("CAD") system for analyzing mammograms by marking suspicious image features. In effect, ImageChecker operates as a second pair of "eyes" to assist radiologists in detecting breast cancer. R2 has also obtained numerous other CAD-related patents.

Icad is a Delaware corporation with twenty-nine employees located in offices in New Hampshire and Florida. It is a public corporation and is listed on the NASDAQ. Like R2, Icad develops, manufactures, and sells a CAD system that analyzes mammograms. It obtained FDA approval to sell its MammoReader throughout the United States earlier this year.

### A. Motion to Transfer

Icad first moves to transfer this action to the United States District Court for the Southern District of **[*3]** Florida pursuant to 28 U.S.C. § 1404(a). n1 *HN1*Section 1404(a) provides that "for the convenience of [the] parties and [the] witnesses, in the interest of justice," the court may transfer this action to "any other district where it might have been brought." 28 U.S.C. § 1404(a). While R2 and Icad do not expressly agree that this action could have been filed in the Southern District of Florida, there can be little dispute that this is so because Icad's principal place of business is located within that judicial district. *HN2*See 28 U.S.C. § 1400(b) (stating that "any action for patent infringement may be brought in the judicial district where the defendant resides . . . .").

- - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 Icad does not dispute that the present court has personal jurisdiction over it, nor does it dispute that venue is proper in the District of Delaware.

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

Having satisfied the initial section 1404(a) requirement, the court will, therefore, move on with the inquiry as directed **[*4]** by the Third Circuit. See *Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).* In *Jumara*, *HN3*the Third Circuit provided a list of factors to assist the district court in determining "whether, on balance, the litigation would conveniently proceed and the interests of justice [would] be better served by a transfer to a different forum." *Id.* These factors include six private and five public interests which the court may consider. *See id.*

Upon consideration of the applicable *Jumara* factors, the court finds that Icad has not met its burden of demonstrating that transfer is appropriate. In reaching this conclusion, the court relies on the following considerations, among others: (1) although Icad is a relatively small corporation, it has a nationwide presence and is publicly traded on the NASDAQ; (2) both

Exhibit H
Page 63