UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM and A.9.COM, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CENDANT CORPORATION; TRILEGIANT CORPORATION; ORBITZ, LLC; BUDGET RENT A CAR SYSTEM, INC., and AVIS RENT A CAR SYSTEM, INC., <br><br> Defendants. | CASE NO. C05-1137RSM <br><br> ORDER ON DEFENDANTS' MOTION TO TRANSFER |

This matter is before the Court for consideration of a motion by all defendants to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Delaware. Defendants have also concurrently filed a motion to dismiss pursuant to F.R.Civ. Proc. 12(b)(6), but have asked that the motion to transfer be considered first. Oral argument was heard on November 21, 2005, and the parties' memoranda and exhibits have been fully considered. For the reasons which follow, the Court shall GRANT the motion to transfer, and DENY the motion to dismiss, without prejudice to renewal in the Delaware court.

BACKGROUND

This is a patent infringement case, involving four software patents held by plaintiffs Amazon.com ("Amazon") and A9.com (the assignee of one of the four patents at issue here). They name as defendants Cendant Corporation ("Cendant") and its subsidiaries Trilegiant, Orbitz, Budget Rent-a-Car

ORDER ON MOTION TO TRANSFER - 1

("Budget"), and Avis Rent-a-Car Systems ("Avis"). All patent infringement allegedly occurred on defendants' websites. All parties (plaintiffs and defendants) are incorporated in Delaware. This is not the first time these parties, or their subsidiaries, have met in court. In October 2004, Cendant Publishing, Inc., another subsidiary of Cendant, filed suit against Amazon for infringement of a different patent, the "370" patent, in district court in Delaware. The parties agreed to try to settle their dispute, and Cendant Publishing dismissed the case. Upon failure of the settlement negotiations, Cendant Publishing re-filed the case in Delaware on June 18, 2005. Two days later, Amazon filed this suit here. At the time, Amazon made public statements describing this lawsuit as "purely a defensive measure." *See*, Declaration of James Fazio, Exhibit C. According to Amazon spokesperson Patty Smith, "This suit was filed in direct response to Cendant's refiling of their patent infringement suit. This is the first time that we have asserted any of these four patents, and we would not have asserted them if Cendant had not filed against us. It's purely a defensive measure." *Id*.

The patents at issue in this case are: (1) the '339' patent, which is directed to secure methods for transmitting credit card authorizations over a non-secure network; (2) the '141' patent, which enables customers to post recommendations of products or services on the Internet; (3) the '079' patent, which provides customers with a selection of shopping baskets from which they can choose a particular shipping method, delivery, or payment option; and (4) the '609' patent, which discloses use of a "browse graph" that helps on-line shoppers to navigate the internet to reach goods and services in which they might be interested. The patent at issue in the Delaware case is the '370' patent, which discloses a method of making recommendations of goods and services to potential customers based on buying history of other customers.

Defendants have moved to transfer this action to the Delaware court pursuant to 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S.

ORDER ON MOTION TO TRANSFER - 2

19, 26-27 (1960). The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986). Section 1404(a) is not, however, simply a codification of the common law doctrine. In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. § 1404(a). There is no question here that the action could have been brought in Delaware district court. Venue for a patent infringement case is restricted: the case must be brought where the defendant resides or "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). All parties, both plaintiffs and defendants, are incorporated in Delaware and subject to personal jurisdiction there. The Delaware court also indisputably has subject matter jurisdiction over a patent infringement complaint. The decision to transfer, then, turns on whether the Court finds such transfer to be proper under the "convenience of parties and witnesses" and "interest of justice" standards. The burden is on defendants to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D.Cal. 2005).

The parties have both argued their positions using the eight-factor test from *Decker Coal Co. v. Commonwealth Edison Co.,* 805 F. 2d 834 (9th Cir. 1986). Defendants list these as (1) the convenience of the parties and the witnesses; (2) the location where the alleged events in the lawsuit took place; (3) the relative ease of access to sources of proof; (4) the plaintiff's choice of forum; (5) the pendency of related litigation in the transferee forum; (6) the relative congestion of the two courts; (7) the public interest in the local adjudication of local controversies; and (8) the relative familiarity of the two courts with the applicable law. *Id*. at 843. These factors were adapted from the traditional *forum non conveniens* analysis of public and private interest factors. *Id*.;  *Saleh*, 361 F. Supp. 2d at 1155. Because these factors cannot be mechanically applied to all types of cases, they shall be considered here under the

ORDER ON MOTION TO TRANSFER - 3

statutory requirements of convenience of witnesses, convenience of parties, and the interests of justice.

**1. Convenience of the parties.**

Amazon asserts that the plaintiff's choice of forum should be given great weight, and has cited a great many cases to that effect. However, as noted by one California court, "[t]he courts have developed a bewildering variety of formulations on how much weight is to be given to plaintiff's choice of forum." *Saleh*, 361 F. Supp. 2d at 1156 (quoting 15 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3848 at 375.) Because § 1404 application results in transfer, not dismissal as in *forum non conveniens*, a lesser showing of inconvenience is required to upset plaintiff's choice. *Id*.; citing *Norwood*, 349 U.S. at 42.

Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. *Id*., citing *Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986). *See also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478 (D.Del. 1987); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991). In patent infringement actions, the preferred forum is "that which is the center of gravity of the accused activity." *Ricoh Co., Ltd., v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n. 17 (D.N.J. 1993); *quoting S.C. Johnson & Sons, Inc., v. Gillette Co.,* 571 F. Supp. 1185, 1188 (N.D. Ill. 1983). The district court "ought to be as close as possible to the milieu of the infringing device and the hub of activity centered around its production." *Id*. Here, the alleged infringement occurred on defendants' websites, which were designed and are maintained at defendants' business headquarters in New York (Cendant), New Jersey (Avis and Budget), Connecticut (Trilegiant), and Chicago, Illinois (Orbitz). Although none of the defendants actually has its headquarters in Delaware, their chosen forum state, they provided at oral argument a convincing demonstration of the proximity of the New York and New Jersey offices to the Delaware court. Thus the center of gravity in this case, based on the "hub of activity" around the infringing websites, lies far to the east of Seattle, and weighs in favor of the Delaware forum.

As to the relative convenience to the parties, the Court may not transfer a case simply to shift the burden from one party to another. *Decker Coal*, 805 F. 2d at 843. However, the Court may look at the sheer weight of the numbers—two plaintiffs versus five defendants, in considering convenience. *Selah*,

361 F. Supp. 2d at 1162 (quoting *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1120 (C.D.Cal. 1998). This factor thus favors transfer.

### 2. Convenience of the witnesses.

When considering the convenience to witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). The Court should consider not only how many witnesses each side may have, but also the relative importance of their testimony. *Id.*, citing *Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1335-36 (9th Cir. 1984) (a *forum non conveniens* case). Plaintiff has named four party witnesses and four non-party witnesses, patent inventors who are no longer employed at Amazon. All are located in Seattle. Defendants have named eight party witnesses, who are located in New Jersey (Avis and Budget), Chicago (Orbitz), and Connecticut (Trilegiant). While defendants have not named any non-party witnesses, this is understandable due to the early stage of these proceedings. As to the non-party witnesses, defendants have not demonstrated any benefit from transfer of the case. However, this case will necessarily involve expert witnesses, who will have to appear for a Markman hearing as well as for trial. Plaintiffs may well have the same expert witnesses for this case as for the case already in Delaware. If so, that factor would strongly favor litigation of this matter in Delaware.

### 3. Interest of Justice.

The interest of justice factor is the most important of all. *Nelson v. Master Lease Corporation*, 759 F. Supp. 1397, 1402 (D.Minn. 1991); citing *Medtronic, Inc., v. Americal Optical Corporation*, 337 F. Supp. 490, 495-97 (D.Minn. 1971). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the University of California v. Eli Lilly and Company*, 119 F. 3d 1559, 1565 (D.C.Cir. 1997). In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F. 2d 1286, 1293 (9th Cir. 1989). Overall, these factors favor the Delaware forum.

ORDER ON MOTION TO TRANSFER - 5

1  First of all, there is a related case in Delaware. "The pendency of related actions in the transferee forum is a significant factor in considering the interest of justice factor." *Jolly v. Purdue Pharma L.P.,* 2005 WL 2439197 at *2 (S.D. Cal.) (*citing A.J. Industries, Inc., v. United States District Court for the Central District of California,* 503 F. 2d 384, 389 (9th Cir. 1974); *Continental Grain v. The Barge FBL-585*, 364 U.S. at 26. "Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoid[s] duplicitous [sic] litigation and inconsistent results." *Durham Products, Inc., v. Sterling Film Portfolio, Ltd., Series A*, 537 F. Supp. 1241, 1243 (S.D.N.Y. 1982). Plaintiffs assert that this case is not similar to the Delaware case because the two cases involve "different patents, different witnesses, different document, different technologies, and different issues." Plaintiff's Opposition, p. 14. However, the cases both concern software patents which relate to internet commerce, and are similar enough that they should be considered by the same court in order to conserve judicial resources and prevent inconsistent rulings. Moreover, it is inconsistent for plaintiffs to argue that the cases are not similar when it was Amazon who filed a "notice of related action" in the Delaware case. Amazon stated in that notice that the two cases involve "substantially the same parties."

The congestion of the court's docket is another factor to be considered under this heading. Defendants have offered evidence from the federal court's website indicating that the District of Delaware has a lower per-judge civil caseload (441 cases) than this district (655 cases). Plaintiff, on the other hand, has countered with statistics on the median time to trial in the two districts: 16.4 months in this district versus 26 months in Delaware. Generally, the courts find this to be the more important statistic. "The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp.*, 743 F. 2d at 1337. Here, however, the statistic as to the "speedier trial" offered in Washington is illusory. This Court's docket is not "less crowded"; it is more. The statistics on median time to trial do not separate types of trials and thus do not account for the great complexity of patent cases, which take considerably longer to come to trial. In this Court, a patent case would not be scheduled for trial 16.4 months after filing; in the Court's experience it takes that long simply to arrive at the <u>Markman</u> hearing. Thus it

ORDER ON MOTION TO TRANSFER - 6

cannot be said that a speedier trial could be had here than in Delaware.

It is the judicial economy factor which weighs most heavily in favor of the Delaware forum. "In a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Regents of the University of California*, 119 F. 3d at 1565. Having handled the related case, the Delaware court will be already familiar with the complex technological issues and the applicable law.

Transfer will also promote judicial economy in that it will facilitate consolidation and settlement. While consolidation of the two cases is a matter for the Delaware court to decide, the feasibility of such consolidation is a factor that this Court may consider in deciding whether to allow a transfer. *University of California v. Eli Lilly & Co.,* 21 U.S.P.Q. 1201, 1207 (N.D.Cal. 1991). Even if they are not consolidated, transfer of this case will allow a global settlement of the related cases.

Finally, litigation in Delaware would satisfy the "local interest" factor. Delaware has a strong interest in litigation between the companies in this suit, all of which are incorporated there. *Hi-Pac, Ltd. v. Avoset Corporation*, 980 F. Supp. 1134, 1141 (D.Haw. 1997).

As the Court has determined to grant the motion to transfer pursuant to § 1404, there is no need to address the alternative arguments under the "first to file" rule.

## CONCLUSION

Accordingly, defendants' § 1404(a) motion to transfer is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of Delaware. The Clerk shall close the file and notify the Clerk of Court in that district. Defendants' pending motion to dismiss is DENIED without prejudice to renewal in the Delaware court.

Dated this 13 day of December 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO TRANSFER - 7