IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMAZON.COM, INC. and A9.COM, INC.,    )
    )
    Plaintiffs,    )
    )    C.A. No. 06-041-JJF
    v.    )
    )
CENDANT CORPORATION, TRILEGIANT    )
CORPORATION, ORBITZ, LLC, ORBITZ, INC.,    )
BUDGET RENT A CAR SYSTEM, INC.,    )
and AVIS RENT A CAR SYSTEM, INC.,    )
    )
    Defendants.    )


**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR (1) MOTION TO DISMISS
ALL CLAIMS AGAINST CENDANT CORPORATION; (2) MOTION TO DISMISS THE
COMPLAINT IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM OR, IN THE
ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (3) MOTION TO
STAY ALL DISCOVERY PENDING RESOLUTION OF THE MOTION**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D.# 2403)
Tiffany Geyer Lydon (I.D. #4261)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Douglas E. Olson
Stephen S. Korniczky
James V. Fazio, III
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, California 92130
(858) 720-2500

Dated: February 14, 2006
166665.1

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 4

    A.    Summary of Cendant's District of Delaware Lawsuit ........................... 4

    B.    Summary of This Lawsuit ..................................................................... 4

    C.    Statement of Facts ................................................................................ 6

III. THIS COURT SHOULD DISMISS ALL CLAIMS AGAINST CENDANT
     CORPORATION ................................................................................................ 9

    A.    Standard of Review .............................................................................. 9

    B.    This Court Should Dismiss All Claims Against Cendant As A Matter Of
         Law ..................................................................................................... 11

         1.    Cendant Does Not Operate Any Allegedly Infringing Business or
             Website ...................................................................................... 11

         2.    Cendant Is Not Liable For The Allegedly Infringing Acts Of Its
             Subsidiaries As A Matter Of Law ............................................. 12

IV. THIS COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO
     STATE A CLAIM OR, IN THE ALTERNATIVE, ORDER PLAINTIFFS TO
     PROVIDE A MORE DEFINITE STATEMENT OF THEIR CLAIMS ........................ 14

    A.    Having Alleged Direct Infringement, Plaintiffs Lack Standing To Sue For
         Contributory Or Inducing Infringement ............................................... 14

    B.    Plaintiffs' Claims For Direct, Contributory, And Inducement Of
         Infringement Should Be Dismissed For Failure To State A Claim ........ 15

    C.    Defendants Are Entitled To A More Definite Statement of Plaintiffs'
         Claims ................................................................................................. 18

V.  ALL DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF
     DEFENDANTS' MOTION ................................................................................. 21

VI. CONCLUSION ................................................................................................. 21

**TABLE OF AUTHORITIES**

**Page**

**CASES**

*A. Stucki Company v. Worthington Industries, Inc.*,
   849 F.2d 593, 596 (Fed.Cir. 1988)............................................................. 12

*Agilent Technologies, Inc. v. Micromuse, Inc.*,
   2004 WL 2346152, at *6 (S.D.N.Y. Oct. 19, 2004) ................................... 18, 19, 20

*Akzona, Inc. v. E.I. duPont de Nemours & Co.*,
   607 F. Supp. 227, 237 (D. Del. 1984)........................................................ 12, 13

*Allen Engineering Corp. v. Bartell Indus.*,
   299 F.3d 1336, 1345 (Fed.Cir. 2002)........................................................ 16

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 249 (1986)........................................................................... 10

*Celotex Corp. v. Catrett*,
   477 U.S. 317, 322 (1986)........................................................................... 10

*City of Pittsburgh v. West Penn Power Co.*,
   147 F.3d 256, 263 n.13 (3rd Cir. 1998) .................................................... 10

*Colida v. Sony Corp. of America*,
   2004 U.S.Dist. LEXIS 14907, at *5-6 (S.D.N.Y. Aug. 2, 2004)............... 11

*Conley v. Gibson*,
   355 U.S. 41, 47 (1957)................................................................................ 9

*Gauvin v. Trombatore*,
   682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ............................................... 17

*General Motors Corp. v. General Motors Corp.*,
   604 F. Supp. 1106, 1110 (D. Del. 1985)................................................... 21

*Gen-Probe, Inc. v. Amoco Corp., Inc.*,
   926 F. Supp. 948, 960 (S.D. Cal. 1996)..................................................... 17

*Gopez v. Shin*,
   736 F. Supp. 51, 53 (D. Del. 1990)............................................................ 21

TABLE OF AUTHORITIES
(continued)

Page

*Hewlett-Packard Co. v. Bausch & Lomb, Inc.,*
   909 F.2d 1464, 1469 (Fed.Cir. 1990)........................................................... 15, 16, 17

*Hewlett-Packard Co. v. Intergraph Corp.,*
   2003 WL 23884794, at *1 (N.D. Cal. Sep. 6, 2003) ........................................... 19

*In re Orthopedic Bone Screw Prod. Liab. Litig.,*
   264 F.3d 344, 365 (3rd Cir. 2001) ..................................................................... 21

*In re Papst Licensing GmbH Patent Litig.,*
   2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001) ...................................... 18, 19, 20

*Lear Corp. v. Bertrand and Faure Technical Center,*
   2000 U.S.Dist. LEXIS 22525, at *7 (E.D. Mich. Oct. 10, 2000) ......................... 19

*Mahnke v. Munchkin Products, Inc.,*
   2001 WL 637378, at *5 (S.D.N.Y. Jun. 7, 2001) ................................................ 19

*Manville Sales Corp. v. Paramount Systems, Inc.,*
   917 F.2d 544, 553 (Fed.Cir. 1990)...................................................................... 16

*Moba, B.V. v. Diamond Automation, Inc.,*
   325 F.3d 1306, 1318 (Fed.Cir. 2003)................................................................... 16

*Mobil Oil Corp. v. Linear Films, Inc.,*
   718 F. Supp. 260, 266 (D. Del. 1989)............................................................. 13, 14

*Ondeo Nalco Co. v. Eka Chemicals, Inc.,*
   2002 WL 1458853, at *1 (D. Del. Jun. 10, 2002)............................................ 15, 18

*Pearson v. Component Tech. Corp.,*
   247 F.3d 471, 484-86 & n.5 (3rd Cir. 2001)........................................................ 12

*Phoenix Canada Oil Co., Ltd. v. Texaco, Inc.,*
   842 F.2d 1466, 1476 (3rd Cir. 1988) ................................................................... 12

*Phonometrics, Inc. v. Hospitality Franchise Systems, Inc.,*
   203 F.3d 790, 794 (Fed.Cir. 2000)........................................................................ 9

*Picker Int'l., Inc. v. Varian Assocs., Inc.,*
   661 F. Supp. 347, 350 (N.D. Ohio 1987).............................................................. 15

**TABLE OF AUTHORITIES**

(continued)

**Page**

*Ristvedt-Johnson, Inc. v. Peltz*,

   1991 WL 255691, at *4 (N.D. Ill. Nov. 18, 1991)................................................... 17

*Seiko Epson Corp. v. Print-Rite Holdings Ltd.*,

   2002 U.S.Dist. LEXIS 27427, at *42 (D. Or. Apr. 30, 2002)................................. 13

*SRI International, Inc. v. Internet Security Sys.*,

   2005 U.S.Dist. LEXIS 6797, at *6 (D. Del. Apr. 13, 2005) ........................... 10, 12

*Suresafe Inds., Inc. v. C&R Pier Mfg.*,

   850 F. Supp. 869, 873 (S.D. Cal. 1993)............................................................... 15

*Tenneco Auto. Operating Co. v. Visteon Corp.*,

   375 F. Supp. 2d 375, 380 (D. Del. 2005)............................................................. 10

*TI Group Automotive Sys., Inc. v. Vdo North America LLC*,

   2002 U.S.Dist. LEXIS 4671, at *6-10 (D. Del. Mar. 7, 2002) ............................. 11

*United States v. Bestfoods*,

   524 U.S. 51, 61 (1998)..................................................................................... 12, 13

*Upjohn Co. v. Syntro Corp.*,

   1990 U.S.Dist. LEXIS 11512, at *12 (D. Del. Mar. 9, 1990)........................... 12, 13

*Van Dyke Ford, Inc. v. Ford Motor Co.*,

   399 F.Supp. 277, 284 (E.D. Wis. 1975)............................................................... 17

*Wells Fargo & Co. v. Wells Fargo Express Co.*,

   556 F.2d 406, 419-20 (9th Cir. 1977) .................................................................. 14

**CODES**

United States Code

35 U.S.C. § 271(a) ............................................................................................... 16

35 U.S.C. § 271(b) ............................................................................................... 16

35 U.S.C. § 271(c) ............................................................................................... 16

**TABLE OF AUTHORITIES**
(continued)

**Page**

**RULES**

Federal Rules of Civil Procedure

Rule 8(a) ........................................................................................................... 9, 17, 18

Fed. R. Civ. P. 12(b)(6) .................................................................................... 9

Fed. R. Civ. P. 12(e) ........................................................................................ 18

Fed. R. Civ. P. 56(c) ........................................................................................ 10

Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(e), defendants Cendant Corporation ("Cendant"); Trilegiant Corporation ("Trilegiant"); Orbitz, LLC ("Orbitz LLC"); Orbitz, Inc. ("Orbitz Inc."); Budget Rent A Car System, Inc. ("Budget"); and Avis Rent A Car System, Inc. ("Avis") (collectively, "Defendants") have moved: (1) to dismiss all claims against Cendant (the parent corporation); (2) to dismiss the complaint in its entirety against all Defendants for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement of the claims pursuant to Federal Rule of Civil Procedure 12(e); and (3) to stay all discovery pending resolution of the motion.[1]  This is Defendants' opening brief in support of their motion.

## I.    INTRODUCTION

On June 20, 2005, Cendant Publishing, Inc. (one of Cendant's wholly-owned subsidiaries) sued Amazon.com, Inc. ("Amazon") for patent infringement in the District of Delaware.[2]  In that lawsuit, Cendant Publishing alleges that Amazon infringes U.S. Patent No. 6,782,370 ("the '370 Patent"), which discloses a system and method for providing recommendations of goods and/or services to potential customers based on the purchasing history of previous customers.  Two days later, plaintiffs Amazon and A9.com, Inc. (collectively, "Plaintiffs") filed this retaliatory action against Cendant and some of its subsidiaries in the Western District of Washington.

Plaintiffs publicly admitted that this action is "purely a defensive measure" that was filed in "direct response" to the Delaware lawsuit.  Fazio Decl., Ex. B.  Plaintiffs' forum shopping was

---

[1] As a result of the recently-announced reorganization of Cendant and its subsidiaries, the names and capacities of the Defendants may need to be changed.  For ease of reference, however, Defendants submit this motion bearing the same case caption (and using the same nomenclature) as used in the Western District of Washington until an appropriate stipulation and order is entered.

[2] A true and correct copy of Cendant's Delaware complaint is attached as Ex. A to the Declaration of James V. Fazio, III ("Fazio Decl."), filed concurrently herewith.

unsuccessful, however, and the Washington court transferred the case to this District where it belongs. The patents-in-suit in this case are directed to systems and methods of transmitting credit card authorizations over the Internet and other systems and methods of facilitating e-commerce using the Internet.

In Plaintiffs' haste to retaliate, they apparently had no time to conduct their due diligence, choosing instead to make a broad-brush allegation that Defendants' worldwide "business operations" and websites infringe the patents-in-suit. In so doing, Plaintiffs failed to investigate what each defendant does and have improperly sued Cendant--a party against whom all claims should be dismissed for two reasons. First, Cendant does not operate or manage any of the allegedly infringing businesses or websites. Rather, each of the businesses and websites accused by Plaintiffs is independently operated and controlled by one of Cendant's wholly-owned subsidiaries. As the parent holding company, Cendant does not control the day-to-day operations of any of its subsidiaries, nor does Cendant control the management or content of any of the allegedly infringing websites. Further, Cendant sold its former subsidiary Trilegiant in the fall of 2005; thus, Cendant no longer even owns Trilegiant. Accordingly, all claims against Cendant should be dismissed.

Second, there is no evidence (or even allegation) of any facts that would justify piercing the corporate veil to hold Cendant liable for the alleged acts of any of its subsidiaries. Cendant and each of the Subsidiary Defendants[3] strictly observe all corporate formalities, each entity maintains separate books and records, separate bank accounts and headquarters, and (to a large extent) separate officers and directors. In addition, far from being a "mere instrumentality" of

---

[3] For ease of reference, co-defendants Orbitz LLC, Orbitz Inc., Avis and Budget are referred to collectively herein as the "Subsidiary Defendants." Because Cendant no longer owns Trilegiant, Trilegiant will be referred to separately.

Cendant, each Subsidiary Defendant runs its own operations independently. Consequently, there are no grounds to keep Cendant in this lawsuit on any alter ego or agency theory of liability.

In their rush to the courthouse, Plaintiffs also failed to discriminate between direct infringement, contributory infringement, and inducement of infringement (which are three very different causes of action). Plaintiffs instead lumped all three causes of action together in one convoluted sentence, leaving it to Defendants to sort out which theory is asserted against whom. In so doing, Plaintiffs essentially ask Defendants to do Plaintiffs' job. Plaintiffs do not specify which defendant allegedly infringes which patent directly, which defendant supposedly contributes to whose infringement, or what any defendant allegedly does to induce someone else to infringe. In the absence of such allegations, Plaintiffs fail to provide Defendants with adequate notice of who is accused of doing what, as required by Rule 8. Therefore, the complaint should be dismissed.

Even if Plaintiffs' defective allegations could be amended to state a claim, this Court should order Plaintiffs to provide a more definite statement of what specific products, services and/or processes allegedly infringe which patents and how. As shown below, Defendants own dozens of different businesses worldwide, each with numerous different websites, and each offering a large number of different products and services spanning dozens of different industries. Plaintiffs' blanket allegation that Defendants' "business operations" and websites infringe provides Defendants absolutely no clue as to what they are supposedly doing wrong.

Accordingly, Defendants respectfully request that this Court: (1) dismiss all claims against Cendant; (2) dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, order Plaintiffs to provide a more definite statement of their claims; and (3) stay all discovery pending the resolution of this motion.

II.    **BACKGROUND**

    A.    **Summary of Cendant's District of Delaware Lawsuit**

On October 29, 2004, Cendant Publishing, Inc. ("Cendant Publishing") filed a complaint against Amazon.com, Inc. ("Amazon") for patent infringement in this District.  Fazio Decl., Ex. C.  The patent at issue in that action was U.S. Patent No. 6,782,370 ("the '370 Patent"), which discloses a system and method for providing recommendations of goods and/or services to potential customers based on previous customers' purchasing history.  *Id.*  Because the parties were then attempting to resolve that dispute, Cendant Publishing dismissed the action without prejudice soon after filing.  The parties did not reach a settlement, and Cendant Publishing re-filed its infringement action against Amazon in the District of Delaware on June 20, 2005 (two days before Plaintiffs filed this complaint).  Fazio Decl., Ex. B.

    B.    **Summary of This Lawsuit**

On June 22, 2005, Plaintiffs filed this lawsuit for patent infringement against Cendant and some of its subsidiaries in the Western District of Washington.  Amazon is an online retailer that provides customers with various products for purchase through the Internet.  Complaint, ¶ 2.  Amazon allegedly owns by assignment all right, title and interest to three of the patents-in-suit: U.S. Patent No. 5,715,399 ("the '399 Patent"), U.S. Patent No. 6,029,141 ("the '141 Patent"), and U.S. Patent No. 6,629,079 ("the '079 Patent").  Plaintiff A9 is a wholly-owned subsidiary of Amazon that allegedly owns by assignment all right, title and interest to U.S. Patent No. 6,625,609 ("the '609 Patent").  Complaint, ¶ 2.

The '399 Patent is directed to a secure system and method for transmitting credit card authorizations over a non-secure network (such as the Internet).  Complaint, ¶ 12 & Ex. 1 at col. 1-4.  The '141 Patent is directed to an Internet-based customer referral system that allows customers or affiliates to post recommendations of products and services to the Internet in return

for compensation. Complaint, ¶ 18 & Ex. 2 at col. 1-4. The '079 Patent is directed to a system and method for electronic commerce using multiple roles, which provides customers with a "commerce context" or a selection of shopping baskets from which the customer can choose to specify particular shipping, delivery or payment options. Complaint, ¶ 24 & Ex. 3 at col. 1-4. The '609 Patent is directed to a system and method for navigating within a body of data using one of a number of alternative browse graphs, which are intended to simplify and expedite a customer's browsing through a website to identify the goods and services in which he or she would most likely be interested. Complaint, ¶ 29 & Ex. 4 at col. 1, lns. 19-32, col. 2, lns. 35-55.

The sole allegation of infringement in Plaintiffs' skeletal complaint is that Defendants infringe the patents-in-suit by using or causing to be used Plaintiffs' patents "in the operation of their businesses, including but not limited to the operation of the www.orbitz.com, www.avis.com, and www.avgautostore.com websites," Complaint, ¶ 14, or "in the operation of their online e-commerce businesses, including but not limited to" the www.trilegiantaffiliates.com, www.orbitz.com and www.budget.com websites. Complaint, ¶¶ 20, 25 & 30 (emphasis added). These are the only allegations of infringement in the entire complaint. Plaintiffs do not identify any allegedly infringing product or service, nor do Plaintiffs even identify a specific business that allegedly infringes.

On August 12, 2005, Defendants filed: (1) a motion to dismiss all claims against Cendant; (2) a motion to dismiss the complaint in its entirety for failure to state a claim or, in the alternative, for a more definite statement of Plaintiffs' claims; and (3) a motion to stay all discovery pending resolution of the motion. Docket Entry No. 36. On December 13, 2005, the Western District of Washington denied Defendants' motion to dismiss "without prejudice to renewal in the Delaware court." *Id.* at 1.

**C.    Statement of Facts**

Cendant is a legal entity separate and distinct from each of Cendant's wholly-owned subsidiaries, including the Subsidiary Defendants. Bock Decl., ¶ 6. No employee of any Subsidiary Defendant is an employee of Cendant, and no employee of Cendant is also an employee of any Subsidiary Defendant. *Id.* In fact, most of Cendant's shared services personnel are employed by an entity known as Cendant Operations, Inc., which performs certain administrative and other functions common to the Subsidiary Defendants, such as payroll functions. *Id.* Only two of Cendant's directors are also directors of one or more of the Subsidiary Defendants. *Id.* Likewise, only about one-fifth of Cendant's officers are also officers of one or more of the Subsidiary Defendants. *Id.*

On October 24, 2005, Cendant announced that its Board of Directors had approved a plan to separate Cendant into four independent, publicly-traded companies—one each for Cendant's real estate, travel distribution, hospitality and vehicle rental businesses. Bock Decl., ¶ 5. The names for each of these four separate companies has not yet been determined. *Id.* Following the proposed transaction, Cendant's shareholders will own 100% of the equity in all four companies. *Id.* The transaction is expected to be effected through three 100% spin-offs beginning in the summer of 2006. *Id.* Once the reorganization is completed, the Cendant name will be retired. *Id.*

Plaintiffs accuse the following five websites of patent infringement: www.trilegiantaffiliates.com, www.orbitz.com, www.avis.com, www.budget.com, and www.avgautostore.com. Complaint, ¶¶ 14, 20, 25, 30. Cendant has not designed or developed any of these websites, Cendant does not operate any of these websites, and Cendant does not direct or control the content of any of these websites. *Id.*, ¶ 7. Rather, each of the allegedly infringing websites has been designed and developed independently by Trilegiant or one of the

Subsidiary Defendants, and each of the allegedly infringing websites is operated exclusively by Trilegiant or one of the Subsidiary Defendants and/or its third-party contractors. *Id.*

Cendant does not exercise day-to-day control over the operation or content of the www.avis.com or www.budget.com websites. *Id.*, ¶ 8. Instead, each of these websites was designed and developed, and is currently operated and managed, by Avis and Budget, respectively, and/or their third-party contractors. *Id.* Likewise, Cendant does not direct or control the daily operations, management or content of the www.orbitz.com website. *Id.* This website is instead operated and managed exclusively by Orbitz and/or its third-party contractors. *Id.* Further, the websites www.avgautostore.com and www.trilegiantaffiliates.com are websites that were designed and developed, and are operated exclusively, by Trilegiant. *Id.* Cendant does not exercise control over the day-to-day operation, management or content of these websites. *Id.* Likewise, Cendant does not control the day-to-day operations or management of Trilegiant or of any of the Subsidiary Defendants. *Id.*, ¶ 9.

Cendant and each of the Subsidiary Defendants strictly observe, and have always strictly observed, all corporate formalities. *Id.*, ¶ 10. Cendant maintains its own books and records separately from each of the Subsidiary Defendants, Cendant maintains its own bank accounts separately from each of the Subsidiary Defendants, and Cendant and the Subsidiary Defendants all have their own separate headquarters. *Id.*

Each Subsidiary Defendant makes its own personnel, marketing and management decisions, and each Subsidiary Defendant owns its patents separately from Cendant. *Id.*, ¶ 11. In fact, Cendant does not actually own any patents. *Id.* Instead, CD Intellectual Property Holdings LLC ("CD") owns the company's patents. *Id.* Like its parent, CD does not control the day-to-day operations of any Subsidiary Defendant, nor does CD control the management or content of any of the alleging infringing websites. *Id.*

Within its global business network, Cendant owns dozens of broad-based brands and business units, including: (1) vehicle companies such as Avis and Budget, (2) real estate services and brokerage companies such as Century 21, Sotheby's International Realty, and Coldwell Banker, (3) travel distribution companies such as Orbitz and CheapTickets, and (4) hospitality service companies such as Howard Johnson, Days Inn, Super 8 Motel, Ramada and Travelodge. *Id.*, ¶ 12.

Across these numerous different business units, Trilegiant and the Subsidiary Defendants offer a great many different products and services. *Id.*, ¶ 13. Few programs are alike and most offer wide-ranging services and products spanning multiple industries. *Id.* Trilegiant, for example, is a premier membership-based provider of travel, shopping, health, dental, entertainment, and consumer protection services. *Id.* Upon information and belief, Trilegiant alone sponsors well over a dozen different and unrelated products and services, including AutoVantage (which supplies or operates, among other things, a service center network, emergency roadside assistance and new car summaries), Great Fun (a diverse program that delivers discount opportunities to customers on local dining, shopping, hotel savings, various leisure activities and numerous other items), Just for Me (which offers discounts and rebates to women on such things as gym memberships, spa treatments and cellular telephones), Pet Privileges (which offers discounts and other privileges in connection with veterinary procedures and pharmacy products), and Small Business Central (which helps small business owners save on expenses for health insurance, office products, telephone costs, equipment leasing and other items). *Id.*

Aside from these diverse products and services, and upon information and belief, Trilegiant also offers educational programs like Clever Clubhouse, which assists parents in designing and implementing educational ideas for young children. *Id.*, ¶ 14. Upon information

8

and belief, Trilegiant also operates The Auto Store located at www.avgautostore.com (one of the websites Plaintiffs attack). *Id.* The Auto Store offers a veritable cornucopia of consumer goods and services, including home leisure products (such as air conditioners, art, gourmet foods, small appliances, furniture, tools, and vacuum cleaners), computers and office equipment (including telephones, printers, hardware, software, handheld devices, and monitors), sporting goods (including pools, trampolines, camping equipment and gym equipment), toys and video games, and health and beauty products. *Id.*

Orbitz offers a wide variety of travel and hospitality products and services through its website www.orbitz.com. *Id.*, ¶ 17. This website allows customers to browse and purchase airline flights, hotel reservations, rental car reservations, cruises and vacations online. *Id.* Orbitz also offers travel services such as select airport and city guides, travel tips, news and advisories, weather forecasts and other information. *Id.* Avis and Budget are rental car companies that permit customers to inquire about rental rates, make reservations, and obtain other helpful information through the Internet. *Id.*, ¶ 18.

## III.    THIS COURT SHOULD DISMISS ALL CLAIMS AGAINST CENDANT CORPORATION

### A.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the allegations of the complaint satisfy the requirement of Rule 8(a), which calls for a "short and plain statement" of the claim showing that the plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). Rule 8(a) is satisfied so long as the plaintiff gives "fair notice" of what its claims are and the grounds upon which they rest. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). In the context of patent litigation, Rule 8(a) ensures that "an accused infringer has sufficient knowledge of the facts alleged to enable it to answer the complaint and defend itself." *Phonometrics, Inc. v.*

9

*Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed.Cir. 2000). While a court may accept all factual allegations in the complaint as true in ruling on a motion to dismiss, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 n.13 (3rd Cir. 1998).

A district court may consider matters outside the pleadings in ruling on a motion to dismiss. *SRI International, Inc. v. Internet Security Sys.*, 2005 U.S.Dist. LEXIS 6797, at *6 (D. Del. Apr. 13, 2005).[4] When matters outside the pleadings are considered in ruling on a Rule 12(b)(6) motion, the motion to dismiss is converted into one for summary judgment. Fed. R. Civ. P. 12(b)(6); *SRI International*, 92005 U.S.Dist. LEXIS 6797, at *6. A court shall grant summary judgment when the pleadings, declarations, and other documents on file with the Court show that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Once the moving party demonstrates an absence of material fact, the nonmoving party must present specific facts showing that there is a genuine issue for trial. *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 375, 380 (D. Del. 2005). The mere existence of some evidence in support of the nonmoving party, however, is not sufficient to deny a motion for summary judgment; rather, there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Tenneco*, 375 F. Supp. 2d at 380. If the nonmoving party fails to make a sufficient showing on an essential element of its case, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tenneco*, 375 F. Supp. 2d at 380.

---

[4] For the Court's convenience, copies of cases published in unofficial reporters are attached in alphabetical order to the Fazio Decl.

**B.    This Court Should Dismiss All Claims Against Cendant As A Matter Of Law**

**1.    Cendant Does Not Operate Any
Allegedly Infringing Business or Website**

All claims against Cendant should be dismissed because Cendant does not operate any allegedly infringing business or service, nor does Cendant operate any of the allegedly infringing websites. Bock Decl., ¶ 5. Plaintiffs summarily claim that Cendant infringes the patents-in-suit in the operation of its businesses and websites, including the www.trilegiantaffiliates.com, www.orbitz.com, www.budget.com, www.avis.com and www.avgautostore.com websites. Complaint, ¶¶ 14, 20, 25, 30. Contrary to Plaintiffs' mistaken belief, however, Cendant does not operate any of these websites. Bock Decl., ¶ 7. Cendant has not designed or developed any of the allegedly infringing websites, and Cendant does not direct the content of any of these websites. *Id*. Rather, each of these allegedly infringing websites is operated exclusively by one of Cendant's subsidiaries and/or its third-party contractors. *Id*. In fact, the websites www.avgautostore.com and www.trilegiantaffiliates.com are operated by Trilegiant. *Id*., ¶ 8. On July 26, 2005, Cendant announced a definitive agreement to sell Trilegiant to Affinity Acquisition Holdings LLC (an affiliate of Apollo Management, L.P.). *Id*., ¶ 4. The sale closed in the Fall of 2005. *Id*. Accordingly, Cendant no longer even owns Trilegiant.

Because Cendant does not operate any of the allegedly infringing services or websites, Cendant cannot be liable for patent infringement as a matter of law. *Colida v. Sony Corp. of America*, 2004 U.S.Dist. LEXIS 14907, at *5-6 (S.D.N.Y. Aug. 2, 2004) (dismissing all claims against the parent corporation because, on the basis of sworn declarations, the parent was not involved in the manufacture or sale of any allegedly infringing products or services); *TI Group Automotive Sys., Inc. v. Vdo North America LLC*, 2002 U.S.Dist. LEXIS 4671, at *6-10 (D. Del. Mar. 7, 2002) (dismissing all claims against the parent corporation because plaintiff failed to allege facts giving rise to a genuine issue of material fact with respect to direct infringement,

active inducement, or any agency theory of liability).

**2.    Cendant Is Not Liable For The
Allegedly Infringing Acts Of Its Subsidiaries As A Matter Of Law**

Cendant must also be dismissed from this lawsuit because there is no evidence or even

allegation of any facts that would justify holding Cendant liable for the alleged acts of any of its

subsidiaries.  A parent company is not liable for the actions of a subsidiary solely because it is a

subsidiary. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *A. Stucki Company v.*

*Worthington Industries, Inc.*, 849 F.2d 593, 596 (Fed.Cir. 1988).  Rather, a finding of liability

requires the plaintiff to pierce the corporate veil. *Bestfoods*, 524 U.S. at 61.  *See also SRI*

*International*, 2005 U.S.Dist. LEXIS 6797, at *9.  There are two distinct tests for determining

when piercing the corporate veil is appropriate:  (1) the alter ego test; and (2) the agency test.

*Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484-86 & n.5 (3rd Cir. 2001).

As explained below, Plaintiffs cannot pierce the corporate veil under either test.

Accordingly, all claims against Cendant should be dismissed as a matter of law.

**a.    None of the Subsidiary-Defendants
Is The Alter Ego of Cendant**

To establish that a subsidiary is the alter ego of its parent corporation, the plaintiff must

make a prima facie showing that: (1) there is such a unity of interest and ownership that the

separate personalities of the two entities no longer exist; and (2) failure to disregard their

separate identities would result in fraud or injustice. *Upjohn Co. v. Syntro Corp.*, 1990 U.S.Dist.

LEXIS 11512, at *12 (D. Del. Mar. 9, 1990) (citing *Phoenix Canada Oil Co., Ltd. v. Texaco,*

*Inc.*, 842 F.2d 1466, 1476 (3rd Cir. 1988)).  This test has alternately been stated as requiring a

showing that the parent controls the subsidiary to such an extent as to render the subsidiary a

"mere instrumentality" of the parent. *Akzona, Inc. v. E.I. duPont de Nemours & Co.*, 607 F.

Supp. 227, 237 (D. Del. 1984).  Even the exercise of a significant degree of control by a parent

12

over a subsidiary will not suffice to warrant the disregard of separate corporate entities. *Upjohn Co.*, 1990 U.S.Dist. LEXIS 11512, at *14. Rather, the parent must have "actual, participatory and total control" over the subsidiary. *Akzona*, 607 F. Supp. at 237.

A subsidiary can be considered the alter ego of its parent corporation when, for example, there is a lack of attention to corporate formalities, or the parent exercises complete dominion and control over the subsidiary. *See Mobil Oil Corp. v. Linear Films, Inc.*, 718 F. Supp. 260, 266 (D. Del. 1989). Mere ownership by the parent of stock in the subsidiary, however, is insufficient to pierce the corporate veil. *Upjohn Co.*, 1990 U.S.Dist. LEXIS 11512, at *14. Further, ordinary activities that are consistent with the parent's investor status--such as referring to the subsidiary as a division, filing consolidated financial statements on behalf of the subsidiary, approving the subsidiary's expenditures, and guaranteeing loans for the subsidiary-- are simply evidence of a normal parent-subsidiary relationship and do not justify piercing the corporate veil. *Id* (citing *Akzona*, 607 F. Supp. at 237).

Plaintiffs here allege no facts that would justify piercing the corporate veil, and for good reason--there aren't any. As the declaration submitted herewith demonstrates, Cendant and each of its subsidiaries strictly observe all corporate formalities. Bock Decl, ¶ 10. Cendant maintains its books and records separately from each of its subsidiaries, and Cendant maintains its own bank accounts separately from those of its subsidiaries. *Id*. Cendant and the Subsidiary Defendants have their own employees, and each has its own separate headquarters. *Id*. While Cendant and the Subsidiary Defendants share a few common officers and directors, that is not enough to establish an alter ego relationship. *Bestfoods*, 524 U.S. at 69. *See also Seiko Epson Corp. v. Print-Rite Holdings Ltd.*, 2002 U.S.Dist. LEXIS 27427, at *42 (D. Or. Apr. 30, 2002).

Far from exercising complete dominion and control over its subsidiaries, Cendant allows each of the Subsidiary Defendants and their third-party contractors to run their own day-to-day

operations. Bock Decl., ¶¶ 7-9. Cendant has not designed or developed any of the allegedly infringing websites, Cendant does not operate any of its subsidiaries' websites, and Cendant does not direct the content of any of its subsidiaries' websites. *Id.*

In short, there is no evidence or allegation of any facts that would justify a finding that any subsidiary is the alter ego of Cendant. Accordingly, all claims against Cendant should be dismissed.

> **b.     None of the Subsidiary Defendants Is An Agent of Cendant**

To satisfy the agency test, Plaintiffs must allege facts showing that Cendant directed the allegedly infringing activities of the Subsidiary Defendants. *See Mobil Oil Corp.*, 718 F. Supp. at 271-72. *See also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 419-20 (9th Cir. 1977).

Plaintiffs cannot meet this burden. As explained above, Cendant does not direct or control the day-to-day operation or management of any of the Subsidiary Defendants' businesses, nor does Cendant direct or control the content of any of the allegedly infringing websites. Bock Decl., ¶¶ 7-9. In short, there are no facts to support any agency or alter ego theory of liability against Cendant. Accordingly, all claims against Cendant should be dismissed as a matter of law.

## IV.    THIS COURT SHOULD DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, ORDER PLAINTIFFS TO PROVIDE A MORE DEFINITE STATEMENT OF THEIR CLAIMS

### A.    Having Alleged Direct Infringement, Plaintiffs Lack Standing To Sue For Contributory Or Inducing Infringement

In their haste to retaliate against Cendant Publishing, Plaintiffs have sued all six Defendants for direct infringement, contributory infringement, and inducing infringement without specifying which theory of infringement applies to which defendant. Complaint, ¶¶ 14, 20, 25, 30. That is plainly inadequate. Contributory infringement actions are limited to

situations when the defendant itself has not directly infringed the patent but has aided or abetted

another to infringe. *Hewlett-Packard Co. v. Bausch & Lomb, Inc.*, 909 F.2d 1464, 1469

(Fed.Cir. 1990). Similarly, active inducement concerns activity performed by someone who

causes a third-party to directly infringe a patent. *Id.* In other words, the complaint must allege

direct infringement by someone other than the inducer. *Ondeo Nalco Co. v. Eka Chemicals, Inc.*,

2002 WL 1458853, at *1 (D. Del. Jun. 10, 2002). *See also Picker Int'l., Inc. v. Varian Assocs.,

Inc.*, 661 F. Supp. 347, 350 (N.D. Ohio 1987) (the doctrine of active inducement "is not available

as a separate source of liability against one who is also alleged to be a direct infringer").

Here, the same alleged misconduct that forms the basis for Plaintiffs' direct infringement

claims (*i.e.*, "using or causing to be used plaintiffs' patented . . . [systems and methods] in the

operation of their businesses") also forms the basis for Plaintiffs' indirect infringement claims.

Complaint, ¶¶ 14, 20, 25, 30. Plaintiffs do not differentiate between the alleged acts constituting

direct infringement and the alleged acts constituting indirect infringement (*i.e.*, contributory and

inducement of infringement). Because Plaintiffs have alleged direct infringement against all six

Defendants with respect to the same alleged misconduct, Plaintiffs lack standing to sue any

defendant for either contributory or inducing infringement. *Suresafe Inds., Inc. v. C&R Pier

Mfg.*, 850 F. Supp. 869, 873 (S.D. Cal. 1993) ("[s]ince plaintiffs have alleged direct

infringement, they have no standing to assert inducing or contributory infringement"); *Picker*,

661 F. Supp. at 350. Accordingly, Plaintiffs' contributory and inducement of infringement

claims should be dismissed for lack of standing.

### B.   Plaintiffs' Claims For Direct, Contributory, And Inducement Of Infringement Should Be Dismissed For Failure To State A Claim

Even if Plaintiffs had standing to sue for contributory or inducing infringement (which

they do not), the complaint should be dismissed because Plaintiffs do not state any viable claim

for infringement.

To state a claim for direct patent infringement under 35 U.S.C. § 271(a), the plaintiff must allege that the defendant made, used, or sold a product or process encompassed by at least one valid claim of a patent (literal infringement); or that the accused product or process performs substantially the same function in substantially the same manner to achieve substantially the same result as at least one claim of the patent, provided that the accused product or process incorporates every element or a substantial equivalent of every element of the claim (infringement under the doctrine of equivalents). *See* 35 U.S.C. § 271(a); *Allen Engineering Corp. v. Bartell Indus.*, 299 F.3d 1336, 1345 (Fed.Cir. 2002).

To state a claim for contributory infringement under 35 U.S.C. § 271(c), the plaintiff must allege that the defendant sold a component of a machine, combination or composition (or a material for use in practicing a patented process) with knowledge that the component, combination or composition was especially made or adapted for use in an infringement of a patent. *See* 35 U.S.C. § 271(c); *Hewlett-Packard*, 909 F.2d at 1469.

To state a claim for inducing infringement under 35 U.S.C. § 271(b), the plaintiff must allege that: (1) the alleged inducer's actions encouraged another to infringe; and (2) the alleged inducer knew or should have known its actions would induce actual infringement. *Manville Sales Corp. v. Paramount Systems, Inc.*, 917 F.2d 544, 553 (Fed.Cir. 1990). To properly allege that the inducer knowingly encouraged infringement, the plaintiff must allege that the defendant specifically intended to encourage another's infringement and not merely that the defendant had knowledge of the acts alleged to constitute inducement. *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1318 (Fed.Cir. 2003).

In their rush to the courthouse, however, Plaintiffs have indiscriminately lumped all three theories of infringement together in one confusing sentence. Plaintiffs allege that Cendant,

Trilegiant, Orbitz, Avis and Budget are and will continue to "directly and/or indirectly infringe, solely or jointly with others, or induce others to infringe" by using Plaintiffs' patented methods in the "operation of their businesses," including the operation of the www.orbitz.com, www.avis.com, www.avgautostore.com, www.trilegiantaffiliates.com, and www.budget.com websites. Complaint, ¶¶ 14, 20, 25, 30.

These allegations are so convoluted that it is impossible to determine which defendant is alleged to be a direct infringer, which defendant supposedly contributed to whose infringement (or how), or which defendant allegedly induced whom to infringe. Plaintiffs do not even identify any third-party who was supposedly induced to infringe. Consequently, the complaint fails to state any claim for patent infringement and should be dismissed. *Gen-Probe, Inc. v. Amoco Corp., Inc.*, 926 F. Supp. 948, 960 (S.D. Cal. 1996) (dismissing complaint for failure to state a claim because complaint accused "each of five defendants of three very different causes of action on two different patents, all in one conclusory sentence, without adequately specifying the grounds for plaintiff's belief that any of these entities have infringed"). *See also Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (lumping together of multiple defendants in one broad allegation fails to satisfy notice requirement of Rule 8(a)(2)); *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F.Supp. 277, 284 (E.D. Wis. 1975) ("[s]pecific identification of the parties to the activities alleged by the plaintiffs is required in this action to enable the defendant to plead intelligently").

Plaintiffs' inducement claims fail for a second, independent reason. To state a valid claim for inducement, the plaintiff not only must allege that the defendant had the specific intent to induce another's direct infringement, but the plaintiff also must allege facts supporting the alleged inducement; the "bald assertion" of inducement, without the allegation of any supporting facts, does not meet the requirements of the Federal Rules of Civil Procedure. *Ristvedt-Johnson,*

17

*Inc. v. Peltz*, 1991 WL 255691, at *4 (N.D. Ill. Nov. 18, 1991). *See also Hewlett-Packard*, 909

F.2d at 1470 (affirming dismissal of inducement claims because plaintiff failed to plead

sufficient facts "probative of intent to induce infringement"). Here, Plaintiffs allege simply that

Defendants "induce others to infringe," with no supporting facts whatsoever. Complaint, ¶¶ 14,

20, 25, 30. That is plainly insufficient.

For the foregoing reasons, Plaintiffs' complaint should be dismissed for failure to state a

legally cognizable claim.

### C.    Defendants Are Entitled To A More Definite Statement of Plaintiffs' Claims

In the event the Court does not dismiss Plaintiffs' infringement claims, at a minimum the

Court should require Plaintiffs to provide a more definite statement of their claims. As noted

above, a complaint need only contain a "short and plain" statement showing that the plaintiff is

entitled to relief. Fed. R. Civ. P. 8(a). But "[i]f a pleading to which a responsive pleading is

permitted is so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading, the party may move for a more definite statement before interposing a

responsive pleading." Fed. R. Civ. P. 12(e).

Although Rule 12(e) motions are generally disfavored, a more definite statement of the

claim is appropriate in patent infringement cases when the plaintiff fails to identify any allegedly

infringing product or service, or when the plaintiff's claims are too vague to give adequate notice

of what products or services are alleged to be infringing. *See e.g., Ondeo Nalco*, 2002 WL

1458853, at *1 (dismissing defendant's counterclaims for patent infringement because defendant

did not identify which products were accused of infringement); *Agilent Technologies, Inc. v.

Micromuse, Inc.*, 2004 WL 2346152, at *6 (S.D.N.Y. Oct. 19, 2004) (granting Rule 12(e) motion

because plaintiff failed to identify which of defendant's products or services allegedly infringed);

*In re Papst Licensing GmbH Patent Litig.*, 2001 WL 179926, at *2 (E.D. La. Feb. 22, 2001)

(granting Rule 12(e) motion and ordering plaintiff "to specifically identify the IBM products which it alleges infringe" upon plaintiff's patents); *Lear Corp. v. Bertrand and Faure Technical Center*, 2000 U.S.Dist. LEXIS 22525, at *7 (E.D. Mich. Oct. 10, 2000) (granting Rule 12(e) motion because plaintiff's allegations were "vague, giving no hint how [defendant] has allegedly infringed the '019 Patent . . . . Without adequate notice, [defendant] is left to speculate what it is accused of doing that infringes the '019 Patent"). *Cf. Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *1 (N.D. Cal. Sep. 6, 2003) (dismissing complaint because defendant offered over 150 different types of products, and plaintiff's allegations did not provide defendant with adequate notice of which products were accused).[5]

In *Agilent*, for example, plaintiff Agilent sued Micromuse for patent infringement, but the complaint did not specify which products allegedly infringed plaintiff's patents; it merely stated that Micromuse "makes, sells, or offers products for sale . . . that infringe Agilent's patents." *Agilent*, 2004 WL 2346152, at *6. Because Micromuse manufactured at least four infringing products, none of which were formally accused, the Court concluded that Micromuse was entitled to a more definite statement setting forth what products or services were alleged to have infringed Agilent's patents. *Id.*

Similarly, in *Papst*, plaintiff Papst sued IBM for patent infringement, but the complaint did not identify the IBM products that allegedly infringed. Instead, Papst simply alleged that IBM "made, used, sold, or offered to sell to customers in the United States or imported into the United States products" that embodied the elements of at least one claim of the numerous patents-in-suit. *Papst*, 2001 WL 179926, at *1. When IBM filed its Rule 12(e) motion, counsel for Papst wrote to IBM counsel and forwarded a document that listed on a patent-by-patent basis

---

[5] The copyright infringement jurisprudence is in accord. *See Mahnke v. Munchkin Products, Inc.*, 2001 WL 637378, at *5 (S.D.N.Y. Jun. 7, 2001) (dismissing copyright infringement claims because plaintiff's generic references to a "baby soda bottle" fail to identify any specific product that allegedly infringes).

the IBM products that allegedly infringed. *Id*. As many as one hundred allegedly infringing products were listed for some patents, while only one product was listed for other patents, and Papst specifically indicated that it did not consider the list to be exclusive. *Id*. Given the number of products and patents at issue, the Court ordered Papst to amend the complaint "to specifically identify the IBM products which it alleges infringe upon one or more claims" of each of the patents-in-suit. *Id*. at *2.

Similar to the hundreds of products at issue in *Papst*, the allegedly infringing websites accused here offer a large number of different products and services, none of which has been identified by Plaintiffs. Plaintiffs' failure to identify a single allegedly infringing product or service stands in stark contrast to Cendant Publishing's complaint in the Delaware action, where Cendant Publishing at least identified one specific service or process that infringed. Fazio Decl., Ex. A, at 2 ("Amazon's recommendation features, including, inter alia, "Customers who bought this book also bought," infringe one or more claims of the '370 Patent"). Plaintiffs' failure to identify any product or service offered through the dozens of businesses owned by Defendants leaves them in the untenable situation of having to speculate exactly what they are accused of doing that infringes and how. Without more specific allegations, Plaintiffs' complaint fails to comply with Rule 8. *Agilent*, 2004 WL 2346152, at *1; *In re Papst*, 2001 WL 179926, at *2.

Accordingly, in the event the Court does not dismiss the complaint for failure to state a claim, the Court should order Plaintiffs to provide a more definite statement of what products and/or services within which businesses allegedly infringe Plaintiffs' patents.

## V.     ALL DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF DEFENDANTS' MOTION

As part of its inherent power to administer its own docket, the Court has broad discretion to stay discovery when the interests of justice so require. *See In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3rd Cir. 2001). In order to conserve resources and to promote the efficient resolution of this dispute, the Court should exercise its discretion to stay all discovery pending resolution of this motion. *Gopez v. Shin*, 736 F. Supp. 51, 53 (D. Del. 1990) (temporarily staying discovery until after issuance of an opinion resolving the motion to dismiss); *Allison on behalf of General Motors Corp. v. General Motors Corp.*, 604 F. Supp. 1106, 1110 (D. Del. 1985) (same).

## VI.     CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court: (1) dismiss all claims against Cendant; (2) dismiss the complaint in its entirety for failure to state a claim or, in the alternative, order Plaintiffs to amend their complaint to provide a more definite statement of their claims; and (3) stay all discovery pending resolution of the motion.

ASHBY & GEDDES

/s/ *John G. Day*

Steven J. Balick (I.D. #2114)
John G. Day (I.D.# 2403)
Tiffany Geyer Lydon (I.D. #4261)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Defendants*

*Of Counsel:*

Douglas E. Olson
Stephen S. Korniczky
James V. Fazio, III
PAUL HASTINGS JANOFSKY & WALKER LLP
3579 Valley Centre Drive
San Diego, California 92130
(858) 720-2500

Dated: February 14, 2006
166665.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2006, the attached **DEFENDANTS'**

**OPENING BRIEF IN SUPPORT OF THEIR (1) MOTION TO DISMISS ALL CLAIMS**

**AGAINST CENDANT CORPORATION; (2) MOTION TO DISMISS THE COMPLAINT**

**IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM OR, IN THE**

**ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND (3) MOTION TO**

**STAY ALL DISCOVERY PENDING RESOLUTION OF THE MOTION** was served upon

the below-named counsel of record at the address and in the manner indicated:


John W. Shaw, Esquire                                  HAND DELIVERY
Young Conaway Stargatt & Taylor
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Lynn H. Pasahow, Esquire                               VIA FEDERAL EXPRESS
Fenwick & West, LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041


/s/ *John G. Day*
_____

John G. Day