IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMAZON.COM, INC. and A9.COM, Inc.<br><br>                        Plaintiffs,<br><br>v.<br><br>CENDANT CORPORATION, TRILEGIANT CORPORATION, ORBITZ, LLC, ORBITZ, INC., BUDGET RENT A CAR SYSTEM, INC., AND AVIS RENT A CAR SYSTEM, INC.<br><br>                        Defendants. | Civil Action No. 06-041 JJF |

**PLAINTIFFS AMAZON.COM, INC. AND A9.COM, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ALL CLAIMS AGAINST CENDANT CORPORATION; MOTION TO DISMISS THE COMPLAINT IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT; AND MOTION TO STAY ALL DISCOVERY PENDING RESOLUTION OF THE MOTION**

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monte T. Squire (No. 4764)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899-0391
(302) 571-6600
*msquire@ycst.com*

*Attorneys for Defendant/Plaintiffs*
   *AMAZON.COM, INC. and A9.COM, INC.*

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: March 1, 2006

# TABLE OF CONTENTS

Page(s)

NATURE AND STAGE OF THE PROCEEDING ................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 2

    I.      AMAZON'S COMPLAINT ...................................................................................... 2

    II.     ACTIVITIES OF CENDANT CORPORATION AND ITS
           SUBSIDIARIES ....................................................................................................... 4

ARGUMENT ............................................................................................................................ 6

    I.      AMAZON HAS PROPERLY STATED CLAIMS  FOR DIRECT,
           CONTRIBUTORY AND INDUCEMENT OF  INFRINGEMENT
           AGAINST EACH AND EVERY DEFENDANT ................................................. 6

           A.     The Complaint Adequately States a Claim for Patent Infringement ......... 6

           B.     Amazon May Assert Both Direct and  Indirect Infringement
                  Against Each Defendant ....................................................................... 12

           C.     Amazon's Complaint Adequately  States a Claim for Inducement
                  of Patent Infringement ......................................................................... 15

    II.     DEFENDANTS' ALTERNATIVE MOTION FOR A  MORE DEFINITE
           STATEMENT ALSO SHOULD BE  DENIED BECAUSE THE
           COMPLAINT PROPERLY STATES  CLAIMS FOR INFRINGEMENT
           OF THE PATENTS IN SUIT .............................................................................. 18

    III.    CENDANT'S REQUEST TO CONVERT ITS MOTION TO  DISMISS
           INTO ONE FOR SUMMARY JUDGMENT SHOULD BE DENIED ............... 20

           A.     Cendant's Infringement Should Not Be Decided on Summary
                  Judgment ............................................................................................. 20

           B.     Amazon Has Properly Stated Claims Against Cendant ........................... 22

    IV.    DISCOVERY SHOULD NOT BE STAYED  PENDING RESOLUTION
           OF DEFENDANTS' MOTIONS ......................................................................... 24

CONCLUSION ....................................................................................................................... 27

DB02:5192322.1    063675.1002

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Agilent Techs., Inc. v. Micromuse, Inc.,*
   2004 U.S. Dist. LEXIS 20723 (S.D.N.Y. Oct. 19, 2004) ................................................ 13, 20

*Allen Organ Co. v. Kimball Int'l, Inc.,*
   839 F.2d 1556 (Fed. Cir. 1988).......................................................................................... 16

*Allison v. General Motors,*
   604 F. Supp. 1106 (D. Del. 1985)...................................................................................... 26

*Apple Computer, Inc. v. Unova, Inc.,*
   2003 U.S. Dist. LEXIS 23843 (D. Del. Nov. 25, 2003) ................................................. 7, 21

*Asip v. Nielsen Media Research, Inc.,*
   2004 U.S. Dist. LEXIS 2350 (S.D.N.Y. Feb. 17, 2004)........................................... 19, 22, 23

*Beery v. Hitachi Home Elecs.,*
   157 F.R.D. 477 (C.D. Cal. 1993) ....................................................................................... 19

*Blankenship v. Hearst Corp.,*
   519 F.2d 418 (9th Cir. 1975) ............................................................................................ 25

*Braintree Labs., Inc. v. Nephro-Tech, Inc.,*
   31 F. Supp. 2d 921 (D. Kan. 1998)......................................................................... 15, 16, 17

*Carrasco v. City of Monterey Park,*
   18 F. Supp. 2d 1072 (C.D. Cal. 1998) .............................................................................. 21

*Conley v. Gibson,*
   355 U.S. 41 (1957)................................................................................... 7, 10, 18, 26

*E. I. DuPont De Nemours v. Great Lakes Chem.,*
   383 F. Supp. 2d 642 (D. Del. 2005).................................................................................... 7

*First Chicago Int'l v. United Exchange Co.,*
   836 F.2d 1375 (D.C. Cir. 1988) .................................................................................. 21, 26

*Gammino v. Cellco P'ship,*
   2005 U.S. Dist. LEXIS 21557 (E.D. Pa. Sept. 27, 2005) ........................................... passim

*Gauvin v. Trombatore,*
   682 F. Supp. 1067 (N.D. Cal. 1988) .................................................................................. 11

*Gen-Probe, Inc. v. Amoco Corp.,*
   926 F. Supp. 948 (S.D. Cal. 1996)..................................................................................... 10

*Gopez v. Shin,*
   736 F. Supp. 51 (D. Del. 1990).................................................................................... 25, 26

*Hart v. Gaioni,*
   354 F. Supp. 2d 1127 (C.D. Cal. 2005) ............................................................................. 25

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Hewlett-Packard Co. v. Bausch & Lomb Inc.,*
909 F.2d 1464 (Fed. Cir. 1990) ......................................................................... 17

*Hewlett-Packard Co. v. Intergraph Corp.,*
2003 U.S. Dist. LEXIS 26092 (D. Cal. Sept. 6, 2003) ....................................... 20

*Hishon v. King & Spalding,*
467 U.S. 69 (1984) .............................................................................................. 7

*Home & Nature, Inc. v. Sherman Specialty Co.,*
322 F. Supp. 2d 260 (E.D.N.Y. 2004) ............................................................... 19

*In Re Orthopedic Screw Prod. Liab. Litig.,*
264 F.3d 344 (3d Cir. 2001) .............................................................................. 26

*In re Papst Licensing GmbH Patent Litigation,*
2001 U.S. Dist. LEXIS 2255 (E.D. La. Feb. 22, 2001) ..................................... 20

*In re Rivastigmine Patent Litigation,*
2005 U.S. Dist. LEXIS 7167 (S.D.N.Y. 2005) ............................................. 15, 16

*Intel v. Hyundai Elecs. Am., Inc.,*
1987 U.S. Dist. LEXIS 14727 (N.D. Cal. Nov. 23, 1987) ............................ 10, 11

*Interdigital Tech. Corp. v. OKI America,*
845 F. Supp. 276 (E.D. Pa. 1994) ..................................................................... 19

*Landry v. Specialty Diving of La.,*
2002 U.S. Dist. LEXIS 21483 (E.D. La. Nov. 4, 2002) ..................................... 21

*Mentor H/S, Inc. v. Medical Device Alliance, Inc.,*
244 F.3d 1365 (Fed. Cir. 2001) ......................................................................... 13

*Mixing Equip. Co. v. Innova-Tech, Inc.,*
228 U.S.P.Q. 221 (E.D. Pa. 1985) ..................................................................... 10

*Moba, B.V. v. Diamond Automation,*
325 F.3d 1306 (Fed. Cir. 2003) ......................................................................... 15

*N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas,*
115 F. Supp. 2d 348 (E.D.N.Y. 2000) ............................................................... 22

*Navarro v. Block,*
250 F.3d 729 (9th Cir. 2001) ............................................................................. 18

*NTP, Inc. v. Research in Motion, Ltd.,*
418 F.3d 1282 (Fed. Cir. 2005) ......................................................................... 13

*Oki Elec. Indus.v. LG Semicon Co. Ltd.,*
1998 U.S. Dist. LEXIS 22507 (N.D. Cal. Feb. 25, 1998) .......................... 8, 10, 19

*Ondeo Nalco Co. v. Eka Chems., Inc.,*
2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002) ................................ 13, 14

- iii -

## TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.,*
203 F.3d 790 (Fed. Cir. 2000)...................................................................... 11, 12

*Picker Int'l v. Varian Assoc.,*
661 F. Supp. 347 (N.D. Ohio 1987).................................................................. 14

*Pickholtz v. Rainbow Techs., Inc.,*
260 F. Supp. 2d 980 (N.D. Cal. 2003) .......................................................... 13, 14

*Procter & Gamble Co. v. Nabisco Brands, Inc.,*
604 F. Supp. 1485 (D. Del. 1985).................................................................... 13

*R2 Tech. v. Intelligent Sys. Software,*
2002 U.S. Dist. LEXIS 19110 (D. Del. Oct. 9, 2002) .............................. 8, 11, 18

*Ristvedt-Johnson v. Peltz,*
1991 U.S. Dist. LEXIS 17233 (N.D. Ill. Nov. 18, 1991)............................... 16, 17

*Russell v. Lazar,*
300 F. Supp. 2d 716 (E.D. Wis. 2004).............................................................. 25

*Snap-On Inc. v. Hunter Eng'g Co.,*
29 F. Supp. 2d 965 (E.D. Wis. 1998)........................................................... 15, 17

*Sony Elecs., Inc. v. Soundview Techs., Inc.,*
157 F. Supp. 2d 190 (D. Conn. 2001)........................................................... 15, 17

*Stanziale v. Nachtomi (In Re Tower Air),*
416 F.3d 229 (3d Cir. 2005)..................................................................... 8, 10, 21

*Sturm v. Clark,*
835 F.2d 1009 (3d Cir. 1987).......................................................................... 7

*Suresafe Industries, Inc. v. C&R Pier Manufacturing,*
850 F. Supp. 869 (S.D. Cal. 1993).............................................................. 14, 15

*Swierkiewicz v. Sorema N.A.,*
534 U.S. 506 (2002)................................................................................... 7, 10

*Symbol Tech. v. Hand Held Prods.,*
2003 U.S. Dist. LEXIS 21002 (D. Del. Nov. 14, 2003) .................. 8, 10, 11, 12, 19

*Takeda Chem. Indus., Ltd. v. Watson Pharms., Inc.,*
329 F. Supp. 2d 394 (S.D.N.Y. 2004).......................................................... 11, 22

*Turner Broad. Sys. v. Tracinda Corp.,*
175 F.R.D. 554 (D. Nev. 1997)...................................................................... 25

*Twin City Fire Ins. Co. v. Employers Ins. of Wausau,*
124 F.R.D. 652 (D. Nev. 1989)...................................................................... 25

*Van Dyke Ford, Inc. v. Ford Motor Co.,*
399 F. Supp. 277 (E.D. Wis. 1975).................................................................. 11

DB02:5192322.1                                                                063675.1002

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Windy City Innovations, LLC v. America Online, Inc.,*
    227 F.R.D. 278 (N.D. Ill. 2005)..................................................................... 11

**STATUTES**

35 U.S.C. § 271(b) .......................................................................................... 14

**RULES**

Federal Rules of Civil Procedure 8 .............................................................. passim
Federal Rules of Civil Procedure 8(a) .......................................................... passim
Federal Rules of Civil Procedure 8(a)(2)............................................................ 8
Federal Rules of Civil Procedure 9(a) .............................................................. 16
Federal Rules of Civil Procedure 12 ........................................................... 12, 19
Federal Rules of Civil Procedure 12(b) ............................................................ 21
Federal Rules of Civil Procedure 12(b)(6)..................................................... passim
Federal Rules of Civil Procedure 12(e) ......................................................... passim
Federal Rules of Civil Procedure 23 ................................................................ 26
Federal Rules of Civil Procedure 26(c) ............................................................ 25
Federal Rules of Civil Procedure 56 ................................................................ 21
Federal Rules of Civil Procedure 84 .......................................................... 8, 9, 10
Federal Rules of Civil Procedure Appendix of Forms, Form 16 ...................... 8, 9, 18

## NATURE AND STAGE OF THE PROCEEDING

Plaintiffs Amazon.com, Inc. and A9.com, Inc., (collectively "Amazon") brought this action against defendants Cendant Corporation ("Cendant"), Trilegiant Corporation ("Trilegiant"), Orbitz, LLC and Orbitz, Inc. (collectively "Orbitz"), Budget Rent A Car System, Inc. ("Budget"), and Avis Rent A Car System, Inc. ("Avis"), for infringement of U.S. Patent Nos. 5,715,399 ("the '399 patent"), 6,029,141 ("the '141 patent"), 6,629,079 ("the '079 patent"), and 6,625,609 ("the '609 patent"). The patents cover innovations relating to electronic commerce. Defendants operate businesses that practice the inventions claimed in the patents.

## SUMMARY OF ARGUMENT

Feigning confusion about what this action is about, defendants move to dismiss Amazon's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement under Rule 12(e). The complaint, however, fully satisfies the standard for notice pleading against all defendants, including Cendant. The complaint follows the form pleading approved by the Judicial Conference Advisory Committee for patent infringement cases, and even includes additional detail beyond what the Rules require. The complaint identifies separately which defendants directly or indirectly infringe each patent and the infringing activities of each defendant. The complaint also separately alleges for each patent that the infringing defendants knew of the patent and that their activities were infringing. Nothing more is required to give defendants fair notice under Rule 8.

Implicitly conceding the sufficiency of Amazon's complaint, defendants ask the Court to consider evidence outside the pleadings and to decide a summary judgment motion on the issue of Cendant's infringement. Dispositive action on the merits of Amazon's infringement claim against Cendant is premature. Cendant has not yet answered the complaint or provided any

discovery.  In fact, defendants have requested a *stay* of all discovery, which would deprive

Amazon of the opportunity to test the representations Cendant has made in support of its motion.

The Court should deny defendants' motions.

## STATEMENT OF FACTS

### I.    AMAZON'S COMPLAINT

Amazon's complaint contains four separate claims for relief, in which Amazon.com and

A9.com allege ownership and infringement of each of the patents in suit, separating the claims

by patent.  *See* D.I. 39 Compl. ¶¶ 11-32.

The first claim alleges infringement of the '399 patent, which covers methods and

systems for securely communicating credit card numbers over non-secure networks.  D.I. 39

Compl. ¶¶ 12, 14, Ex. 1.  The complaint alleges that Cendant, Trilegiant, Orbitz and Avis

infringe, or induce others to infringe, the '399 patent by "using or causing to be used plaintiffs'

patented credit card number transmission methods and systems in the operation of their

businesses."  D.I. 39 Compl. ¶ 14.  The complaint further alleges that the infringement is

accomplished by defendants alone or jointly with others.  *Id*.  The complaint specifically

identifies as infringing activities "the operation of the www.orbitz.com, www.avis.com, and

www.avgautostore.com websites."  *Id*.  It further alleges that these acts of infringement are

willful due to defendants' knowledge of the '399 patent and their knowledge that the operation

of their businesses infringed the '399 patent.  D.I. 39 Compl. ¶ 15.

The second claim alleges infringement of the '141 patent, which covers Internet-based

customer referral systems.  *See* D.I. 39 Compl. ¶¶ 18, 20, Ex. 2.  The complaint alleges that

Cendant, Trilegiant, Orbitz, and Budget infringe, or induce others to infringe, the '141 patent by

"using or causing to be used plaintiff's patented Internet-based customer referral methods and

systems in the operation their online e-commerce businesses." D.I. 39 Compl. ¶ 20.  The

complaint further alleges that the infringement is accomplished by defendants alone or jointly

with others.  *Id.*  The complaint specifically identifies as infringing activities "the operation of

the www.trilegiantaffiliates.com, www.orbitz.com and www.budget.com websites."  D.I. 39

Compl. ¶ 20.  It further alleges that these acts of infringement are willful due to Cendant,

Trilegiant, Orbitz, and/or Budget's knowledge of the '141 patent and their knowledge that the

operation of their businesses infringed the '141 patent.  D.I. 39 Compl. ¶ 21.

　　　The third claim alleges infringement of the '079 patent, which covers methods and

systems for conducting e-commerce using multiple roles or "shopping carts" for each user.  *See*

D.I. 39 Compl. ¶¶ 24-25, Ex. 3.  The complaint alleges that Cendant and Orbitz infringe, or

induce others to infringe, the '079 patent by "using or causing to be used plaintiffs' patented

multiple roles e-commerce methods and systems in the operation of their online e-commerce

businesses."  D.I. 39 Compl. ¶ 25.  The complaint further alleges that the infringement is

accomplished by defendants alone or jointly with others.  *Id.*  The complaint specifically

identifies as an infringing activity "the operation of the www.orbitz.com website."  *Id.*  It further

alleges that these acts of infringement are willful due to Cendant's and Orbitz's knowledge of the

'079 patent and their knowledge that the operation of their businesses infringed the '079 patent.

D.I. 39 Compl. ¶ 26.

　　　The fourth claim alleges infringement of the '609 patent, which covers methods and

systems for browse-graph-based navigation within a body of data.  *See* D.I. 39 Compl. ¶¶ 29-30,

Ex. 4.  The complaint alleges that Cendant and Orbitz infringe, or induce others to infringe, the

'609 patent by "using or causing to be used plaintiff's patented browse-graph-based navigation

methods and systems in the operation of their online e-commerce businesses."  D.I. 39 Compl.

¶ 30.  The complaint further alleges that the infringement is accomplished by defendants alone or jointly with others.  *Id*.  The complaint specifically identifies as an infringing activity "the operation of the www.orbitz.com website."  *Id*.  It further alleges that these acts of infringement are willful due to Cendant and Orbitz's knowledge of the '609 patent and their knowledge that the operation of their businesses infringed the '609 patent.  D.I. 39 Compl. ¶ 31.

## II.    ACTIVITIES OF CENDANT CORPORATION AND ITS SUBSIDIARIES

Cendant is a world-wide provider of travel and real estate services and, until recently, of marketing services.  Cendant owns subsidiaries in various business segments, including Cendant's Travel Distribution Services, Vehicle Services and the recently divested Marketing Services, and actively manages and cross-markets them to optimize business opportunities within the Cendant organization.  *See* Declaration of J. David Hadden in Support of Plaintiffs' Opposition (hereinafter "Hadden Decl.") ¶ 2, Ex. A at p. B5 and ¶ 5, Ex. D at pp. B88 and B106. Until at least October 17, 2005, Cendant owned defendant Cendant subsidiary Trilegiant, which operated and upon information and belief continues to operate www.trilegiantaffiliates.com and www.avgautostore.com.  *See* Hadden Decl. ¶ 5, Ex. D at p. B106.  Cendant owns Orbitz, which operates www.orbitz.com as part of Cendant's Travel Distribution Services, Budget, which operates www.budget.com as part of Cendant's Vehicle Services, and Avis, which operates www.avis.com also as part of Cendant's Vehicle Services.  *See* Hadden Decl. ¶ 2, Ex. A at pp. B18-29.

Although Cendant claims no control over the management of the accused websites, both Avis and Budget list "Cendant DNS Administrator" as the Administrative Contact for www.avis.com, and www.budget.com.  *See* Hadden Decl. ¶ 6, Ex. E.  The registration information for Avis' and Budget's websites also indicates that www.avis.com and www.budget.com use cendant.com domain servers, and Avis lists "Cendant DNS Technical

Support" as the technical contact for its domain. *See id.* Additionally, until Cendant's sale of its

Marketing Services Division, which included Trilegiant, and during the relevant period of

infringement, the registration information for Trilegiant listed "Cendant DNS Administrator" as

the Administrative Contact for www.trilegiantaffiliates.com and www.avgautostore.com. *See*

Hadden Decl. ¶ 10, Ex. I. Thus, at the very least, Cendant continues to administer the domains

for two accused websites and houses Avis and Budget's websites on their servers, and previously

administered the domain for a third accused website while infringement was occurring.

Cendant's involvement in the operation of the accused websites and businesses does not

end there. Cendant's public filings with the U.S. Securities and Exchange Commission ("SEC")

indicate that it performs certain operational functions for its subsidiaries and provides them with

essential operating and marketing services to reduce costs and maximize synergies. Cendant

purports to "perform certain administrative and operational functions for both Avis and Budget,

such as tax planning and financing, as well as voice reservation services through our contact

centers. Furthermore, we provide Avis and Budget locations with access to the Wizard System,

our online computer system which is used by these locations for (i) global reservations

processing, (ii) rental agreement generation and administration, and (iii) fleet accounting and

control." Hadden Decl. ¶ 2, Ex. A at p. B25. Many of Avis' and Budget's reservations are

received and processed from their websites, www.avis.com and www.budget.com, respectively,

both of which offer car rental reservation services on the homepage. *See* Hadden Decl. ¶ 7,

Ex. F. In connection with its acquisition of Budget, Cendant relocated Budget's corporate

headquarters, relocated or terminated some Budget employees, and directed the disposition of

other Budget facilities related to reservation processing and administrative functions. Hadden

Decl. ¶ 3, Ex. B at p. 51. Cendant also integrated Budget's information technology systems with

Cendant's platform. *Id.* Cendant performed similar technology consolidation efforts in connection with its more recent acquisition of Orbitz. *See* Hadden Decl. ¶ 4, Ex. C at pp. B76-77, and ¶ 5, Ex. D at pp. B94-95. Cendant's own website at www.cendant.com promotes and facilitates access to the websites operated by Orbitz, Avis and Budget by providing links directly to these sites. *See* Hadden Decl. ¶¶ 8-9, Exs. G-H.

Although Cendant may no longer own Trilegiant, it did so during at least part of the time Trilegiant's website operations were infringing. In fact, while it owned Trilegiant, Cendant essentially took over Trilegiant's operations. *See* Hadden Decl. ¶ 2, Ex. A at pp. B35-36. In 2004, Cendant changed Trilegiant's name to TRL Group, Inc., and altered its contractual relationship with Trilegiant so that Cendant "now has managerial control of TRL Group through its majority representation on the TRL Group board of directors . . . . TRL Group no longer has the ability to market to new members; rather, Cendant now markets to new members under the Trilegiant tradename." *Id.* Cendant "offered employment to substantially all of TRL Group's employees," and now "performs fulfillment services for TRL Group." *Id.* at p. B36. Additionally, even after Cendant sold its Marketing Services Division, and with it Trilegiant, and despite Cendant's claim of no current connection to Trilegiant, Cendant's Travel Distribution Division continues to manage "the Travelers Advantage business, which is operated by Trilegiant…" *See* Hadden Decl. ¶ 8, Ex. G. Moreover, Cendant does not dispute that it continues to own and exert control over the other named defendants, Orbitz, Budget and Avis.

## ARGUMENT

### I.    AMAZON HAS PROPERLY STATED CLAIMS FOR DIRECT, CONTRIBUTORY AND INDUCEMENT OF INFRINGEMENT AGAINST EACH AND EVERY DEFENDANT

Defendants ask the Court to judge Amazon's complaint by a heightened pleading standard contrary to the notice pleading requirements adopted by the Federal Rules of Civil Procedure. As described below, Amazon has met the requirements of the Federal Rules.

#### A.    The Complaint Adequately States a Claim for Patent Infringement

The U.S. Supreme Court has established a strict standard for Rule 12(b)(6) motions to dismiss, which should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In considering this motion, the Court must accept "all allegations in the complaint and all reasonable inferences that can be drawn therefrom…as true and view[ it] in the light most favorable to the non-moving party." *Sturm v. Clark*, 835 F.2d 1009, 1011 (3d Cir. 1987). Thus a "court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under *any* set of facts that could be proved consistent with the allegations." *E. I. DuPont De Nemours v. Great Lakes Chem.*, 383 F. Supp. 2d 642, 645 (D. Del. 2005) (emphasis added) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Apple Computer, Inc. v. Unova, Inc.*, No. 03-101, 2003 U.S. Dist. LEXIS 23843, at *5 (D. Del. Nov. 25, 2003).

The Federal Rules of Civil Procedure adopt a simple, notice pleading standard, which requires only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47; *Gammino v. Cellco P'ship*, No. 04-4303, 2005 U.S. Dist. LEXIS 21557, at *4-6 (E.D. Pa. Sept. 27, 2005) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-514 (2002) (Rule 8 sets a

liberal pleading standard, which is not based on the merits of the claim or the possibility of

recovery); *Stanziale v. Nachtomi (In Re Tower Air)*, 416 F.3d 229, 237 (3d Cir. 2005) ("[A]

plaintiff need only make out a claim upon which relief can be granted."); *Symbol Tech. v. Hand

Held Prods.*, No. 03-102, 2003 U.S. Dist. LEXIS 21002, at *8 (D. Del. Nov. 14, 2003) (Court

not aware of any binding precedent that would require a complaint in a multi-patent, multi-

product lawsuit to identify the basis of infringement with a level of particularity that would name

specifically which products infringe under which patents); *see also* Fed. R. Civ. P. 8(a)(2).

 Federal Rule of Civil Procedure 84 states that "[t]he forms contained in the Appendix of

Forms are sufficient under the rules and are intended to indicate the simplicity and brevity of

statement which the rules contemplate." Form 16 sets forth an illustrative complaint for patent

infringement in four paragraphs, followed by a demand for relief. Fed. R. Civ. P. Appendix of

Forms, Form 16; *R2 Tech. v. Intelligent Sys. Software*, No. 02-472, 2002 U.S. Dist. LEXIS

19110, at *7 (D. Del. Oct. 9, 2002) (denying Rule 12(e) motion for a more definite statement and

holding that the liberal pleading standard of Rule 8 applies equally in an action for patent

infringement and requires nothing more than what Form 16 calls for); *see Oki Elec. Indus.v. LG

Semicon Co. Ltd.*, No. 97-20310, 1998 U.S. Dist. LEXIS 22507, at *12 (N.D. Cal. Feb. 25, 1998)

(denying Rule 12(b)(6) motion where the complaint met the notice pleading requirements of

Rule 8(a), as exemplified in Form 16).

 The first and second paragraphs of Form 16 require allegations of jurisdiction and of

ownership or rights in the patents in suit. *See* Form 16. Amazon has alleged jurisdiction and

ownership of the patents in suit, the sufficiency of which is not challenged by defendants. *See*

D.I. 39 Compl. ¶¶ 2-3, 9, 12, 18, 24, 29. The fourth paragraph of Form 16 requires an allegation

of notice of the infringement. *See* Form 16. The complaint alleges both that "Plaintiffs have

provided statutory notice of" the '399 and '141 patents "via a listing of the patent number on one

or more of their websites" and that defendants "know or should have known of" each patent

asserted in each claim for relief. D.I. 39 Compl. ¶¶ 13, 15, 19, 21, 26, 31. Defendants also do

not challenge the sufficiency of Amazon's notice allegations.

The third paragraph of Form 16 contains a concise statement of the infringing acts, which

reads in its entirety: "Defendant has for a long time past been and still is infringing those Letters

Patent by making, selling, and using electric motors embodying the patented invention, and will

continue to do so unless enjoined by this court." Form 16.

Defendants complain that Amazon's allegations of infringement are "confusing" and

"convoluted." D.I. 47 Defs. Motion at 16-17. However, as in Form 16, the complaint identifies

in each claim for relief the particular defendants infringing the patent, the asserted patent, and the

infringing activities:

- "defendants Cendant, Trilegiant, Orbitz, and Avis" directly or indirectly infringe "or induce others to infringe one or more claims of the '399 Patent by . . . using or causing to be used plaintiffs' patented credit card number transmission methods and systems in the operation of their businesses, including but not limited to the operation of the ww.orbitz.com, www.avis.com, and www.avgautostore.com websites" (D.I. 39 Compl. ¶ 14);

- "defendants Cendant, Trilegiant, Orbitz, and Budget" directly or indirectly infringe "or induce others to infringe one or more claims of the '141 Patent by . . . using or causing to be used plaintiff's patented Internet-based customer referral methods and systems in the operation their online e-commerce businesses, including but not limited to the operation of the www.trilegiantaffiliates.com, www.orbitz.com, and www.budget.com websites" (D.I. 39 Compl. ¶ 20);

- "defendants Cendant and Orbitz" directly or indirectly infringe "or induce others to infringe one or more claims of the '079 Patent by . . . using or causing to be used plaintiffs' patented multiple roles e-commerce methods and systems in the operation of their online e-commerce businesses, including but not limited to the operation of the www.orbitz.com website" (D.I. 39 Compl. ¶ 25);

- "defendants Cendant and Orbitz" directly or indirectly infringe "or induce others to infringe one or more claims of the '609 Patent by . . . using or causing to be used plaintiff's patented browse-graph-based navigation methods and systems in the operation of their online e-commerce businesses, including but not limited to the operation of the www.orbitz.com website" (D.I. 39 Compl. ¶ 30).

Rule 8(a)'s notice pleading standard does not require any more specificity than what has been alleged already in the complaint. The complaint includes all of the allegations present in Form 16, and thereby provides sufficient notice of Amazon's claims and the basis for those claims. *See* Rule 84; *Oki Elec. Indus.*, 1998 U.S. Dist. LEXIS 22507, at *9-10 (relying on Rule 84 in concluding, "No more specificity is required in a patent case at the pleading stage" than is set forth in Form 16).[1]

Defendants complain, however, that these allegations are "so convoluted" that they cannot discern which defendant is accused of infringing which patent. *See* D.I. 47 Defs. Motion at 17. Defendants also protest that plaintiffs have "lumped . . . three theories of infringement together." *See Id.* at 16. Defendants rely on *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948 (S.D. Cal. 1996), in support of their argument that different theories of liability for infringement should be pleaded separately against each defendant. The *Gen-Probe* case, however, involved an egregiously disorganized complaint, and its decision represents only the minority view. The majority of cases on this issue find it entirely proper for plaintiffs to accuse multiple defendants of infringement under multiple, applicable infringement theories. *Symbol Tech.*, 2003 U.S. Dist. LEXIS 21002, at *6 (denying defendant's motion to dismiss and holding that complaint that

---

[1]  Defendants, of course, may request additional information in discovery. *Gammino*, 2005 U.S. Dist. LEXIS 21557, at *5 (citing *Swierkiewicz*, 534 U.S. at 512 (the Rule 8 "standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues…"); *Stanziale*, 416 F.3d at 237 ("If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules."); *Symbol Tech.*, 2003 U.S. Dist. LEXIS 21002, at *8 ("Particularly in complex litigation, it is through the discovery process that the parties refine and focus their claims."); *see Intel v. Hyundai Elecs. Am., Inc.*, No. C87-20534, 1987 U.S. Dist. LEXIS 14727, at *5 (N.D. Cal. Nov. 23, 1987) (citing *Mixing Equip. Co. v. Innova-Tech, Inc.*, 228 U.S.P.Q. 221, 222 (E.D. Pa. 1985)); *see also Conley*, 355 U.S. at 47-48 ("Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.").

merely alleged defendant "infringed and continues to infringe, has induced and continues to

induce others to infringe, and/or has committed and continues to commit acts of contributory

infringement of, one or more claims of each of the [plaintiff's] Patents" met the Rule 8 notice

pleading standard); *R2 Tech.*, 2002 U.S. Dist. LEXIS 19110, at *7-9 (rejecting defendants'

argument that because there were multiple defendants and multiple patents in suit that plaintiff

should be held to a more stringent pleading standard) ("the complaint plainly and succinctly

states that the defendants are being sued for their alleged direct and contributory infringement

and for having induced others to infringe one or more of the claims"); *See, e.g., Intel,* 1987 U.S.

Dist. LEXIS 14727, at *4 ("Intel has the right to allege that all the defendants, including ICT, are

infringing all nine patents."); *Windy City Innovations, LLC v. America Online, Inc.*, 227 F.R.D.

278, 282-83 (N.D. Ill. 2005) (finding plaintiff's allegation "that AOL is responsible for certain

infringement 'directly, contributorily, by inducement, or otherwise. . . .'" sufficient and

appropriate, and that it "merely indicates that after discovery Windy will be able to state with

more certainty the degree of involvement of AOL in the alleged infringement"); *see also Takeda*

*Chem. Indus., Ltd. v. Watson Pharms., Inc.*, 329 F. Supp. 2d 394, 401 (S.D.N.Y. 2004) (finding it

appropriate for plaintiffs to separate the claims by patent, addressing "both future and past

activity" as well as willful infringement in each claim).[2]

    The Federal Circuit has had occasion recently to consider the dismissal under Rule

12(b)(6) of another patent infringement complaint involving Cendant.  In *Phonometrics, Inc. v.*

---

[2]    Defendants mistakenly rely on inapplicable cases involving non-patent infringement
complaints to support their argument that Amazon's allegations in this case are
insufficient to state a claim. *Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D. Cal. 1988)
(addressing pleading requirements specific to actions under particular Civil Rights
statutes); *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 281-84 (E.D. Wis.
1975) (dismissing claims for violations of the Sherman Act and granting motion for more
definite statement because "nothing is specifically alleged regarding two of the
plaintiffs").

*Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000), Cendant (then known as Hospitality Franchise Systems, Inc.) was the beneficiary of the district court's decision to *sua sponte* dismiss the complaint for failure to more specifically allege facts supporting the plaintiff's allegations of infringement.  On appeal, the Federal Circuit reversed and found that the complaint, which alleged "ownership of the asserted patent, name[d] each individual defendant, cite[d] the patent that is allegedly infringed, describe[d] the means by which the defendants allegedly infringe, and point[ed] to the specific sections of the patent law invoked," was sufficient under Rule 12(b)(6).  *Id.*  The Federal Circuit declined to require the plaintiff to allege more than "facts sufficient to place the alleged infringer on notice."  *Id.*  Here, as in *Phonometrics*, the complaint alleges each of the elements of patent infringement and thereby sufficiently states claims for infringement.

Although they may dispute the merits of the allegations, defendants can have no real difficulty understanding what is alleged:  for each patent, Amazon asserts that each defendant named in the claim for relief has infringed the patent directly or indirectly, by contribution or inducement, by means of the operation of the websites cited in the complaint.  The allegations are neither "convoluted" nor "confusing."  There are "a finite number of claims and a finite number of infringing products" and consequently, "traditional mechanisms of discovery are the proper tools to refine the scope of this litigation."  *Symbol Tech.*, 2003 U.S. Dist. LEXIS, at *9.  Having each theory of liability for infringement set out separately for each patent and each defendant, as defendants advocate, would not contribute anything of substance to the complaint, but would merely make it substantially longer.  Neither Rule 8 nor Rule 12 mandates such a useless pleading exercise.

### B.    Amazon May Assert Both Direct and
Indirect Infringement Against Each Defendant

Defendants contend that Amazon "lack[s] standing" to assert claims for both direct and

indirect infringement against the same defendants.  D.I. 47 Defs. Motion at 14-15.  However, the

law is clear that Amazon may assert both direct and indirect infringement of a patent by the same

defendant if the defendant participates in activities that directly infringe the patent and different

activities that indirectly infringe the patent, whether by contribution or by inducement of others

to infringe.  *Procter & Gamble Co. v. Nabisco Brands, Inc.*, 604 F. Supp. 1485, 1490 (D. Del.

1985) (holding it was proper for patent owner to assert direct infringement for sales after patent

issued as well as inducement of infringement for pre-issuance activities); *See, e.g., NTP, Inc. v.

Research in Motion, Ltd.*, 418 F.3d 1282, 1291 (Fed. Cir. 2005) ("The jury found direct, induced,

and contributory infringement by RIM on all asserted claims of the patents in suit."); *Mentor

H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1369 (Fed. Cir. 2001) (involving "a

jury verdict of direct, contributory, and inducement of infringement"); *See Agilent Techs., Inc. v.

Micromuse, Inc.*, No. 04 Civ. 3090, 2004 U.S. Dist. LEXIS 20723, at *10-12 (S.D.N.Y. Oct. 19,

2004) (allowing allegations "that Micromuse is liable for direct infringement, contributory

infringement and infringement by inducement" and denying Micromuse's Rule 12(b)(6) motion);

*Pickholtz v. Rainbow Techs., Inc.*, 260 F. Supp. 2d 980, 990 (N.D. Cal. 2003) (explaining that

defendant may be liable for direct infringement "based on the making and using of its products in

product development and testing," and also liable for indirect infringement based on its "sales of

its products to customers").  In fact, in numerous patent infringement cases a single defendant

has been found liable for direct, induced and contributory infringement of a patent.

Defendants cite only one case that addresses Rule 12(b)(6)'s standards for pleading direct

and indirect infringement.  Defendants rely on *Ondeo Nalco Co. v. Eka Chems., Inc.*, No. 01-

537, 2002 U.S. Dist. LEXIS 26195 (D. Del. Aug. 10, 2002), which granted plaintiff's 12(b)(6)

motion to dismiss defendant's counterclaims. This case is distinguishable, however. The

defendant in *Ondeo* failed to identify which products were accused of infringement. *Id.* at *4.

Here, plaintiffs have precisely identified which websites infringe which specific patents. *See*

D.I. 39 Compl. ¶¶ 14, 20, 25 and 30. Additionally, plaintiffs allege different acts as a basis for

direct and indirect infringement. *Id.*

 The other cases defendants cite are inapposite. *Suresafe Industries, Inc. v. C&R Pier

Manufacturing*, addressed, *on the merits*, whether a defendant could be liable for inducement of

infringement or contributory infringement based on *the same activities* that support a claim for

direct infringement. 850 F. Supp. 869, 870 (S.D. Cal. 1993) (granting summary judgment of no

direct infringement, and thus no indirect or induced infringement). *Picker Int'l v. Varian Assoc.*,

another case cited by defendants, also comments on the unavailability of the cause of action of

induced infringement only where the same acts supporting induced infringement are used to

support direct infringement by the same defendant. 661 F. Supp. 347, 350 (N.D. Ohio 1987).

Furthermore, this case deals with a motion to dismiss for *lack of venue*, rejecting claims of

induced infringement as an improper independent basis for venue, not as improperly alleged

alongside direct infringement. *Id.* (holding "the facts of the instant case render 35 U.S.C.

§ 271(b) unavailable to Picker as an alternate avenue for the predication of venue in this

District").

 Those courts that have had occasion to consider whether a plaintiff could allege both

direct and indirect infringement have distinguished the cases defendants cite, finding it

appropriate to allege both theories of infringement against a defendant where the accused acts are

different. *See Pickholtz*, 260 F. Supp. 2d at 990 (distinguishing *Picker*, 661 F. Supp. at 350 and

*Suresafe*, 850 F. Supp. at 873, both of which disallowed direct and indirect infringement claims based on the same acts). Amazon's complaint asserts separate bases for its claims of direct and indirect infringement, alleging defendants' *use* of the various technologies for direct infringement, and defendants' *causing others to use* the patented technologies for indirect infringement. D.I. 39 Compl. ¶ 14, 20, 25, 30. There is simply no rule that a plaintiff accusing a defendant of direct infringement "lacks standing" to assert contributory or inducement of infringement as well. Whether a plaintiff ultimately proves the indirect infringement is a different matter that may not be properly raised at the pleading stage.

### C.    Amazon's Complaint Adequately States a Claim for Inducement of Patent Infringement

Defendants argue that a claim for inducement of patent infringement is subject to a heightened standard of specific fact pleading. D.I. 47 Defs. Motion at 17. This is not the law. "[U]nder the notice pleading standard provided in Rule 8 of the Federal Rules of Civil Procedure, the plaintiffs are not, at this stage in the litigation, required to plead with particularity specific acts of inducement or encouragement of third parties." *In re Rivastigmine Patent Litigation*, MDL No. 1661, 2005 U.S. Dist. LEXIS 7167, at *13 (S.D.N.Y. 2005). A plaintiff need only allege infringement and inducement of infringement to provide defendant with notice of the claims and to satisfy the pleading requirements of Rule 8. *Gammino*, 2005 U.S. Dist. LEXIS 21557, at *8; *see also Sony Elecs., Inc. v. Soundview Techs., Inc.*, 157 F. Supp. 2d 190, 196-97, 201 (D. Conn. 2001). To state a claim for active inducement of infringement, the complaint must allege (1) an underlying direct infringement, and (2) actual intent to cause the acts which constitute infringement. *Moba, B.V. v. Diamond Automation*, 325 F.3d 1306, 1318 (Fed. Cir. 2003); *Braintree Labs., Inc. v. Nephro-Tech, Inc.*, 31 F. Supp. 2d 921, 925 (D. Kan. 1998).

Amazon has alleged direct infringement of each of the patents in suit, and thus satisfies the first element of active inducement of others to infringe the patents in suit. D.I. 39 Compl. ¶¶ 14, 20, 25, 30. As for the second element, the complaint alleges intent in the general manner required by Rule 9(a). *See Snap-On Inc. v. Hunter Eng'g Co.*, 29 F. Supp. 2d 965, 970 (E.D. Wis. 1998). For each separate patent, Amazon alleges that defendants induce others to infringe by "causing to be used plaintiffs' patented" invention. D.I. 39 Compl. ¶¶ 14, 20, 25, 30. Amazon further alleges that "Defendants' acts of infringement are willful," and defendants "know or should have known of" the patent and that the operation of their businesses infringed the patent. D.I. 39 Compl. ¶¶ 15, 21, 26, 31. These allegations more than meet the threshold requirement for generally alleging intent for inducement of patent infringement, which requires no more than a statement that defendants' actions are "willful and deliberate." *Snap-On*, 29 F. Supp. 2d at 970 (finding the allegation "that the defendant's actions were 'willful and deliberate'" sufficient to show intent for induced infringement). Furthermore, "a claim of active inducement is less susceptible to judgment on the pleadings because 'intent is a factual determination particularly within the province of the trier of fact.'" *Braintree Labs.*, 31 F. Supp. 2d at 925 (citing *Allen Organ Co. v. Kimball Int'l, Inc.*, 839 F.2d 1556, 1557 (Fed. Cir. 1988)).

The allegations of the complaint far exceed the insufficient, conclusory statements made by the plaintiff in *Ristvedt-Johnson, Inc. v. Peltz*, the case on which defendants rely. In *Ristvedt-Johnson v. Peltz*, corporate officers were accused of inducing their company to infringe the asserted patents. The complaint in that case alleged only "that the defendants induced Brandt to infringe upon Ristvedt's patents." No. 91C 3273, 1991 U.S. Dist. LEXIS 17233, at *11-12 (N.D. Ill. Nov. 18, 1991). The *Ristvedt-Johnson* court criticized the plaintiff for not alleging "any facts

showing how the defendants induced" infringement. *Id.* at \*11.[3] By contrast, Amazon here alleges how defendants induce infringement for the '399 patent by stating, "Cendant, Trilegiant, Orbitz, and Avis have been, currently are, and will continue to . . . induce others to infringe one or more claims of the '399 Patent by . . . causing to be used plaintiffs' patented credit card number transmission methods and systems in the operation of their businesses, including but not limited to the operation of the www.orbitz.com, www.avis.com, and www.avgautostore.com websites," and for each of the patents in suit in corresponding allegations. D.I. 39 Compl. ¶¶ 14, 20, 25, 30. Amazon further alleges intent to induce infringement for each separate patent in stating that defendants' infringing acts "are willful" as they had knowledge that their businesses infringed the patents. D.I. 39 Compl. ¶¶ 15, 21, 26, 31.

Defendants also misplace their reliance on *Hewlett-Packard Co. v. Bausch & Lomb Inc.*, which did not involve the standard for pleading inducement of infringement at all, but rather an appeal to the Federal Circuit of a *final judgment on the merits* regarding whether defendant had actively induced infringement. 909 F.2d 1464, 1470 (Fed. Cir. 1990) (analyzing a license agreement to determine whether such evidence was sufficiently probative of intent to induce infringement to reverse the lower court's judgment). Amazon need not plead with enough specificity, or provide sufficient evidence, to *prove* their case at this early stage in the litigation. The complaint adequately alleges inducement of infringement because it alleges the requisite underlying direct infringement, and satisfies the requirements for generally alleging intent.

---

[3]    To the extent *Ristvedt-Johnson* can be read as requiring the pleading with particularity of specific facts that support the intent element, the decision is plainly inconsistent with more recent authority. *See In re Rivastigmine*, 2005 U.S. Dist. LEXIS 7167, at \*13; *Sony Elecs.*, 157 F. Supp. 2d at 196-97, 201; *Snap-On*, 29 F. Supp. 2d at 970; *Braintree Labs.*, 31 F. Supp. 2d at 925.

Defendants have not shown that "it is beyond doubt that" Amazon "can prove no set of facts in support of [their] claim which would entitle [them] to relief" for direct or indirect infringement. *Conley*, 355 U.S. at 45-46; *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The complaint contains allegations that are more than sufficient to give defendants notice of the claims against them. *See Gammino*, 2005 U.S. Dist. LEXIS 21557, at *6 (holding that complaint met the Rule 8 pleading standard by alleging "albeit quite generally" that defendant actively infringed and induced infringement without specifying the manner in which the alleged infringement occurred). The Court should deny defendants' Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim.

## II. DEFENDANTS' ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT ALSO SHOULD BE DENIED BECAUSE THE COMPLAINT PROPERLY STATES CLAIMS FOR INFRINGEMENT OF THE PATENTS IN SUIT

Defendants should only be granted their Rule 12(e) motion if the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Because Rule 8(a)'s requirements can be met with only a "short and plain statement of the claim showing that the party is entitled to relief," courts generally view motions for a more definitive statement with disfavor. *R2 Tech.*, 2002 U.S. Dist. LEXIS 19110, at *6. Indeed, "a party may only move for a more definitive statement in an effort to remedy an *unintelligible* pleading." *Id.* at *7 (emphasis added).

As described above, the complaint more than meets Rule 8(a)'s requirements for notice pleading and clearly sets forth its claims for patent infringement. The complaint follows Form 16, specifying the particular defendants that are accused of infringing each patent and the infringing activities that form the basis for Amazon's claims. The description of the infringing activities includes a description of the accused technology, *e.g.*, "credit card number transmission

methods and systems," and identifies the websites that employ the accused technology, including www.orbitz.com, www.avis.com, and www.avgautostore.com. D.I. 39 Compl. ¶ 14. This is more than enough detail and exceeds what other courts have required. *See Asip v. Nielsen Media Research, Inc.*, No. 03 Civ. 5866, 2004 U.S. Dist. LEXIS 2350, at *13 (S.D.N.Y. Feb. 17, 2004) (denying Rule 12(e) motion where complaint alleged infringement by "products which use and/or encompass store and forward technology with the use of a telephone line for data transmission in the television industries," and declining to order an amendment identifying specific products); *OKI,* 1998 U.S. Dist. LEXIS 22507, at *10 (finding the phrase "devices that embody the patented methods" sufficient to put defendants on notice of infringement claim); *Interdigital Tech. Corp. v. OKI America*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) ("Plaintiff need not identify, in the complaint, specific products by name, so long as they are sufficiently identified in some way.").

The further specificity defendants demand is not required by Rule 8(a) and is best sought through the discovery process. The purpose of a Rule 12(e) motion is to correct a pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading…" Rule 12(e). It is not "to make it easier for the moving party to prepare its case." *Symbol Tech.*, 2003 U.S. Dist. LEXIS 21002, at *9 (citing Fed. R. Civ. P. 12 advisory committee's note); *See Home & Nature, Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 265 (E.D.N.Y. 2004) (stating that "Rule 12(e) is designed to prevent unintelligibility in complaints"); *Asip*, 2004 U.S. Dist. LEXIS 2350, at *7 ("'the tendency under the Federal Rules is to discourage motions to compel more definite complaints and to encourage the use of discovery procedures to apprise the parties of the basis for the claims made in the pleadings'"); *see Beery v. Hitachi Home Elecs.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (denying Rule 12(e)

motion for more definite statement) ("Where the information sought is available through the discovery process, a Rule 12(e) motion should be denied," because "Rule 12(e) attacks the unintelligibility of the complaint, not simply the mere lack of detail.").

In identifying the infringing websites and the specific technology employed by those websites, Amazon's complaint markedly differs from the complaints in the cases cited by defendants. In *Agilent Techs.*, the plaintiff failed to identify any infringing product or technology, 2004 U.S. Dist. LEXIS 20723, at *14-16, and in *Hewlett-Packard Co. v. Intergraph Corp.*, the plaintiff generally accused defendants' "software and hardware products" without further identification of the infringing product or technology. No. C03-2517, 2003 U.S. Dist. LEXIS 26092, at *6 (D. Cal. Sept. 6, 2003). The complaint here is also distinguishable from the one in *In re Papst Licensing GmbH Patent Litigation*, which accused defendant's "products that embody the elements of at least one claim" of the patents in suit, where the defendant sold hundreds of products and the plaintiff had asserted infringement of over twenty patents. No. MDL 1298, 2001 U.S. Dist. LEXIS 2255, at *2-4 (E.D. La. Feb. 22, 2001). Unlike these deficient complaints, Amazon has identified the infringing methods and systems – the complaint distinctly describes the infringing technology and identifies the websites operated by defendants that Amazon believes employ the infringing methods and systems. These allegations of infringement are sufficiently definite, and the Court should deny defendants' Rule 12(e) motion for further unnecessary elaboration of Amazon's pleadings.

## III.    CENDANT'S REQUEST TO CONVERT ITS MOTION TO DISMISS INTO ONE FOR SUMMARY JUDGMENT SHOULD BE DENIED

### A.    Cendant's Infringement Should Not Be Decided on Summary Judgment

Cendant improperly asks the Court to look beyond the pleadings, prematurely seeking a judgment on the issue of infringement before the parties have commenced discovery. It is

inappropriate to convert a Rule 12(b)(6) motion to dismiss into one for summary judgment prior to the commencement of discovery because "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); *Gammino*, 2005 U.S. Dist. LEXIS 21557, at 8 (stating that factual "arguments are appropriately advanced after discovery has been completed and upon summary judgment."); *Stanziale,* 416 F.3d at 238 (denying motion to dismiss and declining to convert it into a motion for summary judgment) ("To say that plaintiff's claim appears factually weak is not to say that he states no claim. That truism is particularly obvious where, as here, a defendant's motion to dismiss articulates the plaintiff's claims that supposedly lack factual support. To hold otherwise would be effectively to transform Rule 12(b)(6) motions into multi-purpose summary judgment vehicles. That we will not do.") (internal citation omitted); *Apple Computer*, 2003 U.S. Dist. LEXIS 23843, at *15 (denying defendants motion to dismiss and choosing not to convert it to a motion for summary judgment as the "parties have not yet engaged in discovery, and, at this early stage, factual determinations are not appropriate."); *see Landry v. Specialty Diving of La.*, No. 02-1746, 2002 U.S. Dist. LEXIS 21483, at *6 (E.D. La. Nov. 4, 2002) ("the Court finds that converting Specialty Offshore's 12(b)(6) Motion to Dismiss into a Motion for Summary Judgment is inappropriate at this juncture because the parties have not had the opportunity to complete discovery."); *see also Carrasco v. City of Monterey Park*, 18 F. Supp. 2d 1072, 1074 (C.D. Cal. 1998) (allowing further discovery before rehearing a motion to dismiss as a motion for summary judgment). "[I]t is settled that the term 'reasonable opportunity' includes the opportunity 'to pursue reasonable discovery.'" *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1380 (D.C. Cir. 1988). Amazon certainly has not been afforded an opportunity to

pursue "reasonable discovery" since defendants' motion precedes the commencement of discovery and simultaneously requests a stay of discovery. *See* D.I. 47 Defs. Motion at 21.

In addition, since the issue defendants ask the Court to decide is infringement, the Court will need to consider evidence regarding Cendant's business operations, the technology that Cendant employs, and many other underlying factual inquiries for which Amazon cannot present proper evidence without considerable discovery. When converting a Rule 12(b)(6) motion to a summary judgment motion necessarily entails allowing parties further discovery, "the more appropriate course of action is to . . . deny [the] motion without prejudice on this ground." *N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*, 115 F. Supp. 2d 348, 351 (E.D.N.Y. 2000); *see First Chicago*, 836 F.2d at 1379 (holding "it was premature for the district court to grant summary judgment without first permitting discovery on the merits"). The Court should decline defendants' invitation to convert their Rule 12(b)(6) motion to dismiss all claims against Cendant.

## B.    Amazon Has Properly Stated Claims Against Cendant

Defendants fail to meet their burden to show that Amazon has not stated a cognizable claim against Cendant because they have "not demonstrated that plaintiffs cannot prove any set of facts in support of their patent infringement claims." *Asip*, 2004 U.S. Dist. LEXIS 2350, at *11. "The Rule 12(b)(6) inquiry is limited to an analysis of whether the plaintiff has stated a claim," *Takeda*, 329 F. Supp. 2d at 401, and does not extend to "assay[ing] the weight of the evidence which might be offered in support thereof." *Asip*, 2004 U.S. Dist. LEXIS 2350, at *5. Thus Cendant's representations regarding the nature of its business operations and its purported lack of involvement with the operation of the accused websites are not relevant to this motion. Amazon is not required to plead with particularity or to provide proof that its allegations are correct at the time of pleading. *Gammino*, 2005 U.S. Dist. LEXIS 21557, at *6. (the

determination of the corporate relationship between defendants is a matter to be determined after the completion of discovery). Cendant's contention that it lacks sufficient involvement with its subsidiaries to be held liable for their actions "is merely a statement of its belief that it has not engaged in any direct infringement which is more appropriately stated as a denial in the answer." *Asip*, 2004 U.S. Dist. LEXIS 2350, at *11-12.

The complaint claims that Cendant infringed, contributed to infringement of, or induced others to infringe the patents in suit, and *not* that Cendant should be liable for the actions of its subsidiaries. *See* D.I. 39 Compl. ¶¶ 4, 14, 15, 20, 21, 25, 26, 30, 31. The defendant in *Asip* made the same arguments Cendant does here, bringing a Rule 12(b)(6) motion to dismiss on the basis that it had not engaged in any infringing activities and that, as a mere holding company, it had insufficient control over its subsidiary to be held liable for the subsidiary's infringing acts. *See Asip*, 2004 U.S. Dist. LEXIS 2350, at *10; *Gammino*, 2005 U.S. Dist. LEXIS 21557, at *6 (denying a motion to dismiss despite defendant's argument that it was merely a holding company and not a partner of co-defendant). The *Asip* court denied the parent holding company's Rule 12(b)(6) motion because the plaintiff's complaint was sufficient to state a claim against the parent company, VNU, who had "not demonstrated that plaintiffs cannot prove any set of facts in support of their patent infringement claims." *Id.* at *11. The court in *Asip* further held, in declining to dismiss the claims against VNU, that "even if plaintiffs' infringement claims against VNU are premised solely on its status as 'a holding company' for subsidiary Nielsen, whether VNU is liable for Nielsen's actions turns on factual considerations (e.g., the degree of control that VNU exercised over Nielsen) that are beyond the scope of the pleadings." *Id.* at *12 (noting that VNU's motion was untimely). A similar conclusion is warranted here.

Although defendants do not question whether Amazon had an adequate basis to assert the patents in suit against Cendant, the facts available from the public documents that did form Amazon's basis for asserting claims against Cendant belie Cendant's representations that it is wholly dissociated from its subsidiaries and their operation of the infringing websites. Cendant is the registered administrator for two of the accused websites: www.avis.com and www.budget.com. *See* Hadden Decl. ¶ 6, Ex. E. Cendant has more recently acquired Orbitz and is still in the process of technology consolidation efforts. *See* Hadden Decl. ¶ 4, Ex. C at p. B76, and ¶ 5, Ex. D, at pp. B94-95. Additionally, despite Cendant's divestiture of the Marketing Services Division, and alleged sale of Trilegiant, Cendant continues to manage "the Travelers Advantage business, which is operated by Trilegiant…" Hadden Decl. ¶ 8, Ex. G. Moreover, Cendant's 2004 Form 10-K and 10-Q reports, filed with the SEC, are replete with representations regarding its provision of operating and marketing services for Avis and Budget, including integration of its subsidiaries' information technology systems with Cendant's own platform and providing Avis and Budget with access to Cendant's Wizard System for global reservations processing and rental agreement generation and administration. *See* Hadden Decl. ¶ 2, Ex. A at p. B25; *see also* Hadden Decl. ¶ 7, Ex. F.

If the Court chooses to consider facts beyond the pleadings even at this early stage, these public facts showing Cendant's administration of the very websites accused in the complaint as well as Cendant's further involvement in the operation of the accused businesses provide ample basis for claims for direct and indirect infringement of the patents in suit against Cendant, and further argue against dismissing Amazon's claims against Cendant at this stage. As discussed above, Amazon has alleged adequately in the complaint its claims of direct, contributory and inducement of infringement against Cendant.

IV.    **DISCOVERY SHOULD NOT BE STAYED
PENDING RESOLUTION OF DEFENDANTS' MOTIONS**

Defendants' motion to stay discovery is moot if the Court declines to convert defendants'

motion to dismiss all claims against Cendant into a summary judgment motion and/or denies

defendants' motions to dismiss altogether. *See Hart v. Gaioni*, 354 F. Supp. 2d 1127, 1132 (C.D.

Cal. 2005) (denying motion to stay discovery as moot in view of court's ruling on motions to

dismiss); *Russell v. Lazar*, 300 F. Supp. 2d 716, 725 (E.D. Wis. 2004). Even if defendants'

motion to stay discovery is not mooted by the Court's disposition of their motions to dismiss,

defendants have failed to show why plaintiffs should be denied discovery. *See Turner Broad.*

*Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) ("A party seeking a stay of

discovery carries the heavy burden of making a 'strong showing' why discovery should be

denied." (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). Rule

12(b)(6) motions to dismiss address the actual claims at issue, and thus are distinguishable from

motions involving purely preliminary issues, such as jurisdiction, venue or immunity. *Twin City*

*Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989) (denying motion

to stay discovery, and noting "a pending Motion to Dismiss is not ordinarily a situation that in

and of itself would warrant a stay of discovery"). Rule 26(c) requires the moving party to show

good cause in order for a court to justify an order to stay discovery. Fed. R. Civ. P. 26(c); *see*

*Twin City*, 124 F.R.D. at 653 ("Some extraordinary justification must be shown to satisfy the

good cause requirement of Fed. R. Civ. P. 26(c).").

Defendants rely on *Gopez v. Shin*, 736 F. Supp. 51 (D. Del. 1990), a securities fraud

action, in which the court understandably stayed discovery while it considered a motion to

dismiss the complaint based on the procedurally fatal grounds that the court lacked subject

matter jurisdiction and the statute of limitations had run. *Id.* at 53. Although the defendants in

*Gopez* also claimed that the plaintiff had failed to plead fraud with particularity and to state a claim, the Court denied the motion on these grounds, holding that plaintiff had failed to state a claim upon which relief can be granted, the court denied defendant's motion to dismiss and held that the plaintiff's notice pleading was sufficient and in "view of these undeveloped factual matters, the Court cannot hold at this time that 'it appears beyond doubt that the plaintiff can prove no set of facts in support of this claims which would entitle him to relief." *Id.* at 58 (quoting *Conley*, 355 U.S. at 45-46).[4]  Defendants do not challenge the Court's jurisdiction of Amazon's complaint, and therefore, a stay of discovery on this ground is unwarranted.

In fact, defendants' desire to submit to the Court an early summary judgment motion on Cendant's infringement argues *in favor* of discovery, as Amazon would need, and be entitled to, discovery in order to gather evidence pertinent to such a motion on the merits. *First Chicago*, 836 F.2d at 1380 ("[I]t is settled that the term 'reasonable opportunity' includes the opportunity 'to pursue reasonable discovery.'"). For this reason alone, a stay of discovery pending a decision on defendants' motions would not conserve resources or promote efficiency because discovery would be necessary for resolution of the summary judgment motion pressed by defendants.

---

[4]    Defendants also rely on *Allison v. General Motors*, 604 F. Supp. 1106 (D. Del. 1985) in support of the argument that discovery should be stayed.  Not only are the facts of this case distinguishable, but "highly unusual" and "case-specific." 604 F. Supp. at 1110.  The motion to dismiss was not a Rule 12(b)(6) motion, but rather was brought under Rule 23.1 as it was a shareholder derivative action alleging RICO and state law violations. *Id.* Defendants also cite *In Re Orthopedic Screw Prod. Liab. Litig.*, 264 F.3d 344 (3d Cir. 2001) in support of the proposition that the Court has broad discretion to stay discovery. This case, brought under the Federal Tort Claims Act, allowed for a stay of discovery pending the resolution of the motion to dismiss.  *Id.* at 365.  The stay was imposed, however, because the discovery the plaintiff sought was outside the Federal Tort Claims Act and the District Court did not have jurisdiction.

**CONCLUSION**

For the foregoing reasons, the Court should (1) deny defendants' motion to dismiss for failure to state a claim, (2) deny defendants' alternative motion for a more definite statement, (3) deny defendants' motion for summary judgment and dismissal of all claims against Cendant, and (4) deny as moot defendants' motion to stay discovery.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Monte T. Squire (No. 4764)
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

*Attorneys for Defendant/Plaintiffs*
*AMAZON.COM, INC. and A9.COM, INC.*

OF COUNSEL:
Lynn H. Pasahow
J. David Hadden
Darren E. Donnelly
Wendy L. Bjerknes
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Dated: March 1, 2006

## CERTIFICATE OF SERVICE

I, John W. Shaw, hereby certify that on March 1, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Steven J. Balick, Esquire
> ASHBY & GEDDES
> 222 Delaware Ave.
> P.O. Box 1150
> Wilmington, DE 19899
> sbalick@ashby-geddes.com

I further certify that on March 1, 2006, I caused a copy of the foregoing document to be served by hand delivery and electronic mail on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY E-MAIL & U.S. MAIL

> Douglas E. Olson, Esquire
> Stephen S. Korniczky, Esquire
> James V. Fazio, III, Esquire
> PAUL HASTINGS JANOFSKY & WALKER LLP
> 3579 Valley Centre Drive
> San Diego, CA 92130

> YOUNG CONAWAY STARGATT &
> TAYLOR, LLP

> John W. Shaw (ID# 3362)
> Karen E. Keller (ID# 4489)
> Monté T. Squire (ID# 4764)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> Telephone: (302) 571-6600
> jshaw@ycst.com
> Attorneys for Defendant